**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No. EDCV 09-1316-VAP (DTBx) Date: July 29, 2009

Title: JANE DOE I AND JANE DOE 2, individually, and on behalf of all others similarly situated *-v-* SPEARMINT RHINO COMPANIES WORLDWIDE, INC., et al.

===============================================================

PRESENT: HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard
Courtroom Deputy

None Present
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:

None

ATTORNEYS PRESENT FOR DEFENDANTS:

None

PROCEEDINGS: MINUTE ORDER DENYING MOTION TO PROCEED ANONYMOUSLY (IN CHAMBERS)

The Court has received and considered Plaintiffs' "Motion to Proceed Anonymously and Request to File Declarations Under Seal" ("Motion"), filed concurrently with Plaintiffs' Complaint on July 13, 2009. The matter is appropriate for resolution without hearing pursuant to Local Rule 7-15; the Court VACATES the hearing, currently set on August 10, 2009 at 10:00 a.m. For the following reasons, the Court DENIES the Motion.

EDCV 09-1316-VAP (DTBx)
JANE DOE I AND JANE DOE 2, individually, and on behalf of all others similarly situated v. SPEARMINT RHINO COMPANIES WORLDWIDE, INC., et al.
MINUTE ORDER of July 29, 2009

## I. BACKGROUND

On July 13, 2009, Plaintiffs Jane Doe 1 and Jane Doe 2 filed a putative class action against Defendants Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc., K-Kel, Inc., and Oxnard Hospitality Services, L.P. Plaintiffs allege the following claims: (1) violation of the Fair Labor Standards Act by failure to pay statutory minimum wages, against all Defendants; (2) violation of the California Labor Code by failure to pay statutory minimum wage and unlawful tip splitting, against Defendants Spearmint Rhino Worldwide, Spearmint Rhino Consulting, and Oxnard Hospitality Services; (3) violation of Nevada Wage and Hour Law by failure to pay statutory minimum wages, against Defendants Spearmint Rhino Worldwide, Spearmint Rhino Consulting and K-Kel, Inc.; and (4) violation of Business and Profession Code § 17200, against all Defendants.

Also on July 13, 2009, Plaintiffs filed a "Motion to Proceed Anonymously and Request to File Declarations Under Seal" ("Motion"). The Court has received no opposition to the Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires all pleadings to identify, inter alia, the parties to the action. Courts allow plaintiffs to proceed in an action anonymously only when special circumstances justify secrecy. See Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). The Ninth Circuit has recognized three circumstances when courts may allowing parties to proceed anonymously: (1) "when identification creates a risk of retaliatory physical or mental harm;" (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature;" and (3) "when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." Id. at 1068 (internal quotations and citations omitted). Where retaliation concerns constitute the basis for the request to proceed anonymously, the Court must consider: (1) the severity of the threatened harm; (2) the reasonableness of the fear; and (3) the party's vulnerability to retaliation. Id. The Court then considers the prejudice to the opposing party and "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id.

MINUTES FORM 11
CIVIL -- GEN
Initials of Deputy Clerk ___md____
Page 2

EDCV 09-1316-VAP (DTBx)
JANE DOE I AND JANE DOE 2, individually, and on behalf of all others similarly situated v. SPEARMINT RHINO COMPANIES WORLDWIDE, INC., et al.
MINUTE ORDER of July 29, 2009

## III. DISCUSSION

As an initial matter, Plaintiffs' Motion does not provide notice to Defendants. (See, e.g., L.R. 5-3 (proof of service must accompany motion papers); L.R. 7-3 (motion must include statement that opposing counsel conferred and were unable to reach resolution of the matter before filing the motion).) By filing the Motion concurrently with the Complaint, Plaintiffs have taken away Defendants' opportunity to oppose the Motion, as Defendants have not yet been served with the Complaint. Defendants' interests, however, are protected because "the use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." Doe v. City of Chicago, 360 F.3d 667, 669-70 (7th Cir. 2004) (internal quotations and citation omitted).

### A. Severity of Threatened Injury

Plaintiffs' proffered bases to proceed anonymously fall under the first (retaliation) and second (privacy) categories identified by the Ninth Circuit. (See Mot. at 3-4 .)

#### 1. Retaliation

As to the first category, Plaintiffs argue they will face two forms of retaliation: (1) "there is an inherent amount of physical danger associated with Plaintiffs' profession and they fear that disclosure of their legal names and addresses may subject them to risk of injury by current and former patrons;" and (2) "in addition to the fear of retaliation by the Defendants, they would be hesitant to maintain this action enforcing fundamental employment rights if her [sic] name were to be forever associated with the Defendants." (Id. at 5.) In her redacted declaration, Jane Doe 2 explains her fear of retaliation by patrons is based on personal experience of unwelcomed sexual advances by patrons while she was working, similar experiences of her acquaintances, and media reports of extreme violence against exotic dancers. (See Doe 2 Decl. at ¶¶ 26-31 (media reports), 32-34 and 37-45 (personal experience), 35-36 (violence against acquaintances).) Jane Doe 2 fears "unsolicited communications, stalking, physical assault, rape, and even murder" should her identity be revealed in this lawsuit. (Id. at ¶ 45.)

MINUTES FORM 11
CIVIL -- GEN
Page 3
Initials of Deputy Clerk ___md____

EDCV 09-1316-VAP (DTBx)
JANE DOE I AND JANE DOE 2, individually, and on behalf of all others similarly situated v. SPEARMINT RHINO COMPANIES WORLDWIDE, INC., et al.
MINUTE ORDER of July 29, 2009

First, although the Court does not doubt the reasonableness of Plaintiffs' fears or vulnerability to retaliation by Defendants, fear of economic retaliation by an employer is not an extraordinary concern sufficient to justify proceeding anonymously in this case. Advanced Textile, 214 F.3d at 1070-71 (listing threats of termination and blacklisting as "typical methods by which employers retaliate against employees who assert their legal rights.") Plaintiffs do not show they face "greater threat[s] of retaliation than the typical [FLSA] plaintiff." Id. (internal quotations omitted).

As to Plaintiffs' concerns about retaliation by patrons, this too is an insufficient basis to support Plaintiffs' Motion; the concern is somewhat unique to exotic dancers, but not extraordinary. For example, other professions carry similar risks of stalking or violence, i.e., celebrities, such as famous actors and athletes, prostitutes, and doctors with certain specialities, such as gynecologists who perform abortions. Furthermore, other cases where exotic dancers have sued their employers, as here, for violations of wage and hour laws, have identified themselves by name. See, e.g., Jackson v. S.A.W. Entertainment, Ltd., __ F. Supp. 2d __, 2009 WL 1457672 (N.D. Cal. 2009); Buel v. Chowder House, Inc., 2006 WL 1545860 (Cal. Ct. App. Jun. 7, 2006) (unpublished); see also 4 Exotic Dancers v. Spearmint Rhino, 2009 WL 250054 (C.D. Cal. Jan. 29, 2009) (unpublished). As other members of the profession have proceeded in similar litigation by name, Plaintiffs' arguments about the inherent risk of identifying themselves in this case are weakened.

In Advanced Textile, the plaintiffs, garment workers in Saipan suing their employer under the Fair Labor Standards Act, feared "if their identities [were] disclosed to defendants and other nonparties to [the] action, they [would] be fired from their jobs, deported from Saipan, and imprisoned by the People's Republic of China." 214 F.3d at 1062. The Ninth Circuit found to be "objectively reasonable fear of extraordinarily severe retaliation." Id. at 1063.

Here, Plaintiffs' fear is not of such a magnitude as in Advanced Textile, where the plaintiffs had a well-founded fear of "deportation, arrest, and imprisonment." Id. at 1071; see also L.H. v. Schwarzenegger, 2007 WL 662463, at *15-17 (E.D. Cal. Feb. 28, 2007) (unpublished) (finding fear of baseless parole revocation sufficient to

MINUTES FORM 11 Initials of Deputy Clerk ___md____
CIVIL -- GEN Page 4

EDCV 09-1316-VAP (DTBx)
JANE DOE I AND JANE DOE 2, individually, and on behalf of all others similarly situated v. SPEARMINT RHINO COMPANIES WORLDWIDE, INC., et al.
MINUTE ORDER of July 29, 2009

show severity of threatened harm justified the plaintiffs proceeding anonymously). Also, the Advanced Textile plaintiffs' fear was based on specific threats, whereas here, Plaintiffs identify no such specific threats. See id. ("What is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out."); see also Doe v. Texaco, Inc., 2006 WL 2850035, at * 5 (N.D. Cal. 2006) (unpublished) (finding threatened harm not specific enough) .

Although substantiated, Plaintiffs' fear is not based on specific threats by patrons related to their participation in this lawsuit, but rather arises out of the nature of their profession in general. See United States v. Stoterau, 524 F.3d 988, 1012-13 (9th Cir. 2008) (finding unpersuasive the defendant's argument to proceed anonymously on the basis of his sex offender status, which he argued exposed him to an elevated risk of violence in prison, because "this concern is equally present for all similarly situated sex offenders who face prison sentences, [so the court could not] say that [the defendant's] case is unusual."). This generalized fear is not an "objectively reasonable fear of extraordinarily severe retaliation" because of their participation, by name, in this lawsuit. Advanced Textile, 214 F.3d at 1063. Thus, Plaintiffs' fears do not rise to the requisite level to justify proceeding anonymously in this case.

Accordingly, the Court finds Plaintiffs, although their fears and vulnerability to retaliation by patrons may be reasonable, have not met their burden to show their concerns are extraordinary.

MINUTES FORM 11 Initials of Deputy Clerk ___md____
CIVIL -- GEN
Page 5

EDCV 09-1316-VAP (DTBx)
JANE DOE I AND JANE DOE 2, individually, and on behalf of all others similarly situated v. SPEARMINT RHINO COMPANIES WORLDWIDE, INC., et al.
MINUTE ORDER of July 29, 2009

**2. Privacy**

As to the second category, Plaintiffs argue: "(a) they wish to preserve their rights to privacy; [and] (b) there is a significant social stigma attached to the Plaintiffs' occupation as an [sic] exotic dancers" (Mot. at 4-5.)

The Court will allow Plaintiffs to proceed anonymously to protect their privacy if the case concerns a "matter of sensitivity and highly personal nature." Advanced Textiles, 214 F.3d at 1068. Courts have allowed plaintiffs to proceed anonymously because of privacy concerns only in narrow circumstances. See, e.g., Roe v. Wade, 410 U.S. 113 (1973) (abortion); Doe v. United Serv. Life Ins. Co., 123 F.R.D. 437 (S.D.N.Y. 1988) (sexual orientation); Doe 130 v. Archdiocese of Portland in Oregon, 2008 WL 656021, at *4-5 (D. Or. 2008) (survivor of clergy sexual abuse).

Here, Plaintiffs' privacy concerns are not "highly personal" nor do they concern a "matter of sensitivity." Rather, Plaintiffs' claims arise out of alleged wage and hour violations by their employer. As opposed to the plaintiff in Roe v. Wade, for example, Plaintiffs' status as exotic dancers is incidental to their legal claims against their employer. See also 4 Exotic Dancers, 2009 WL 250054, at *3 ("The privacy concerns involved in such cases [as ones concerning abortion and sexual orientation] are different in nature than Plaintiffs' interest in not being publicly identified as exotic dancers.")

Accordingly, the Court finds Plaintiffs' privacy concerns are not extraordinary and they do not support Plaintiff's Motion.

**B. Prejudice to Defendants**

The Court must evaluate "the precise prejudice at each stage of the proceedings to [Defendants], and whether proceedings may be structured so as to mitigate that prejudice." Advanced Textiles, 214 F.3d at 1068. If the Court allows Plaintiffs to proceed anonymously, this may prevent Defendants from mounting a defense. Id.

MINUTES FORM 11 Initials of Deputy Clerk ___md____
CIVIL -- GEN
Page 6

EDCV 09-1316-VAP (DTBx)
JANE DOE I AND JANE DOE 2, individually, and on behalf of all others similarly situated v. SPEARMINT RHINO COMPANIES WORLDWIDE, INC., et al.
MINUTE ORDER of July 29, 2009

Here, Plaintiffs have not established a need for anonymity because the Court has found their feared injuries are not extraordinary. Thus, Plaintiffs' feared injuries cannot outweigh the prejudice to Defendants. See Doe v. Texaco, Inc., 2006 WL 2850035, at *6; 4 Exotic Dancers, 2009 WL 250054, at *3 .

**C. Public Interest**

The public interest weighs in favor of open public proceedings. See Advanced Textiles, 214 F.3d at 1069; Stoterau, 524 F.3d at 1013. As discussed above, because Plaintiffs have not established the need to proceed anonymously, they cannot overcome this public interest. See Stoterau, 524 F.3d at 1013; Doe v. Texaco, Inc., 2006 WL 2850035, at *6; 4 Exotic Dancers, 2009 WL 250054, at *3.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Proceed Anonymously.

**IT IS SO ORDERED.**

MINUTES FORM 11
CIVIL -- GEN

Initials of Deputy Clerk ___md____

Page 7