1  Peter E. Garrell, Esq. (SBN: 155177)
       pgarrell@linerlaw.com
2  Kim Zeldin, Esq. (SBN: 135780)
       kzeldin@linerlaw.com
3  LINER GRODE STEIN YANKELEVITZ
   SUNSHINE REGENSTREIF & TAYLOR LLP
4  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
5  Telephone:  (310) 500-3500
   Facsimile:  (310) 500-3501
6
   Attorneys for Defendants,
7  SPEARMINT RHINO COMPANIES
   WORLDWIDE, INC., SPEARMINT RHINO
8  CONSULTING WORLDWIDE, INC., and
   OXNARD HOSPITALITY SERVICES, LP
9

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12

13 | TRACY DAWN TRAUTH, individually, ) | Case No. EDCV09-1316 VAP (DTBx)
14 | and on behalf of all others similarly situated, ) | Honorable Virginia A. Phillips
15 |            Plaintiffs,                       ) | **DECLARATION OF PETER E. GARRELL IN SUPPORT OF OPPOSITION TO *EX PARTE* APPLICATION FOR ORDER ON MOTION FOR CERTIFICATION AND REQUEST FOR FRCP 16 SCHEDULING CONFERENCE**
16 |   vs.                                        ) |
17 | SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT ) |
18 | RHINO CONSULTING WORLDWIDE, INC., AND OXNARD HOSPITALITY ) |
19 | SERVICES, LP,                                ) | Date Action Filed:  July 13, 2009
   |                                               ) | Trial Date:         TBD
20 |            Defendants.                       ) |

21
22
23
24
25
26
27
28

                                    Case No.  EDCV09-1316 VAP (DTBx)
   DECLARATION OF PETER E. GARRELL IN SUPPORT OF OPPOSITION TO *EX PARTE* APPLICATION

I, Peter E. Garrell, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and all United States District Courts in California. I am a partner with the law firm of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP (the "Liner Firm") counsel for Defendants Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc., and Oxnard Hospitality Services, LP in the above-captioned matter. The facts set forth herein are of my own personal knowledge, except for those matters set forth on information and belief, and as to those matters I am informed and believe them to be true. I submit this declaration in support of Defendants' Opposition to *Ex Parte* Application for Order on Motion for Certification and Request for FRCP 16 Scheduling Conference.

2. The original complaint was filed on July 13, 2009 on behalf of two individuals using the pseudonyms "Jane Doe 1" and "Jane Doe 2."

3. "Jane Doe 1" asserted she was a resident of Washoe County, Nevada, who performed as an exotic dancer at the Spearmint Rhino club located in Las Vegas, Nevada. "Jane Doe 2" asserted she was a resident of San Bernardino, California, who performed at the Oxnard Club.

4. That same day, Plaintiffs also filed a "Motion to Proceed Anonymously and Request to File Declarations Under Seal." Two weeks later, on July 27, 2009 Plaintiffs filed the declaration of Jane Doe 2. On July 29, 2009 this Court denied the motion to proceed anonymously.

5. On August 13, 2009, Plaintiffs filed a Motion for Reconsideration of the order denying the motion to proceed anonymously.

6. In early September 2009, Defendants filed and served an Opposition to the Motion For Reconsideration.

7. On September 15, 2009, Plaintiffs withdrew the Motion for Reconsideration and asked Defendants to stipulate to the filing of an amended complaint. Defendants agreed, subject to the express condition that Plaintiffs would

1  file the amended complaint under the correct legal names of the individual Plaintiffs
2  as was required subsequent to the denial of Plaintiffs' motion to proceed
3  anonymously.
4     8.   On September 24, 2009, the parties stipulated that "Plaintiffs shall file
5  their amended complaint identifying Plaintiffs by their legal names rather than as
6  Jane Doe 1 and Jane Doe 2."
7     9.   On October 7, 2009, the Court entered an order permitting the filing of
8  the "Amended Complaint" identifying Plaintiffs by their legal names rather than as
9  Jane Doe 1 and Jane Doe 2.
10    10.  On October 8, 2008, "D. Trauth" (aka "Jane Doe 2") filed an Amended
11 Complaint.  "Jane Doe 1," the Nevada Plaintiff, was no longer a party to the action.
12 That same day, counsel for Defendants immediately sent Plaintiff's counsel a "meet
13 and confer" letter advising that this pleading, with "D" as the first name, violated the
14 parties' express stipulation and Court Order.
15    11.  On October 16, 2009, the parties agreed that Plaintiff would:  (1) file
16 another amended complaint naming Plaintiff by her full legal name as "Tracy Dawn
17 Trauth;" and (2) set forth in the complaint the actual dates that she allegedly worked
18 at the Oxnard Club.
19    12.  On November 20, 2009 Plaintiff finally filed her Second Amended
20 Complaint that finally did what the Court originally required of her in August, 2009.
21    13.  On December 10, 2009, Defendants filed a motion to dismiss and
22 motion to strike, which was originally set for hearing on January 11, 2009.
23    14.  Plaintiff requested the hearing date be postponed so that she could have
24 additional time to prepare her opposition.  The date was postponed from January 11,
25 2009 to February 8, 2010 at Plaintiff's request, pursuant to stipulation and Court
26 order.
27
28

15. Defendants have asked Plaintiff for information verifying that she actually worked at Spearmint Rhino Club in Oxnard California (the "Oxnard Club") as she claims in her Complaint.

16. After Plaintiff supplied Defendants with her legal name, stage names, and the dates she allegedly worked at the Oxnard Club, I informed counsel for Plaintiff that their records establish that Plaintiff did not work at the Oxnard Club, as she alleges, and therefore does not have Article III standing and is not a real party in interest, in this putative wage and hour class action.

17. I asked Plaintiff to agree to permit Defendants to depose Ms. Trauth, pursuant to Federal Rules of Civil Procedure 30(a)(2)(A)(ii)&(iii), for no more than two hours on the question of when and whether she worked at the Oxnard Club, and the circumstances of her alleged work at the Oxnard Club. I also requested limited requests for production also focused on the standing question.

18. I told Plaintiff's counsel that I believed the question of standing was and is a preliminary issue that should be decided before Plaintiff should be allowed to proceed with her action. I agreed that Plaintiff could have reciprocal discovery on the standing question.

19. In these discussions, which took place in early to mid-December, 2009 there was no mention of Plaintiff's motion for class certification, Rule 23-3 or an extension of time to move for class certification. Plaintiff's counsel merely argued in those discussions that if Defendants wanted early discovery on the issue of standing, Plaintiff should receive, in exchange, discovery on all issues in the case that they deemed important (although not as pressing).

20. The first time that Plaintiff's counsel ever asked me to allow it to file a late motion for class certification was on or about December 31, 2009.

21. The first email Plaintiff's counsel sent me addressing the Rule 23-3 motion for class certification is dated January 6, 2010.

22. I asked to see Plaintiff's proposal in writing. A proposed written stipulation was not provided to me until January 22, 2010.

23. I was initially willing to sign a stipulation agreeing to allow the Court to extend the time for class certification because Plaintiff's counsel represented that there was authority in the Ninth Circuit holding that the time to file a motion for class certification was reset by the filing of an amended complaint. In addition, I understood the extension would be short -- not the over three months Plaintiff later requested.

24. Furthermore, Plaintiff never proposed and I never agreed to allow any class discovery (it was not even in the proposed stipulation Plaintiff sent to Defendants).

25. When I asked for Plaintiff's legal authorities, it turned out there was none and in fact, the authorities were to the contrary. At that point, I advised Plaintiff they would not sign the stipulation she proposed.

26. On February 1, 2010 I advised counsel for Plaintiff, Christopher P. Rideout that I believed the *ex parte* was inappropriate and requested his authority as follows: "As previously requested, please provide us with a citation to the statute, rule or order supporting the "procedure" you are referring to requiring a response in 24 hours. Also cite the statute, rule or order permitting you to seek the relief that you are requesting on an ex parte basis."

27. Mr. Ridout responded only: "Judge Phillip's Procedures. CPR." Attached hereto as Exhibit "A" is a true and correct copy of that email exchange.

28. My partner Kim Zeldin spent approximately 11 hours writing the objection and opposition to Plaintiff's *Ex Parte* Application. Her billing rate on this matter is $400 per hour. I spent approximately 2 hours revising the objection and opposition to Plaintiff's *Ex Parte* Application. My billing rate on this matter is also $400 per hour. The total approximate amount spent on the objection and opposition to the motion is $5,200.00.

1     I declare under penalty of perjury that the foregoing is true and correct.

2     Executed on February 2, 2010 at Los Angeles, California.

                                            /s/ Peter E. Garrell
                                            Peter E. Garrell