Peter E. Garrell, Esq. (SBN: 155177)
    pgarrell@linerlaw.com
Kim Zeldin, Esq. (SBN: 135780)
    kzeldin@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Defendants
SPEARMINT RHINO COMPANIES
WORLDWIDE, INC., SPEARMINT RHINO
CONSULTING WORLDWIDE, INC. and
OXNARD HOSPITALITY SERVICES, INC.
(erroneously sued herein as Oxnard Hospitality
Services, LP)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRACY DAWN TRAUTH, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT RHINO CONSULTING WORLDWIDE, INC., AND OXNARD HOSPITALITY SERVICES, LP,<br><br>        Defendants. | Case No. EDCV09-1316 VAP (DTBx)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT (CLASS ACTION)**<br><br>**JURY TRIAL DEMANDED** |

Defendants SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT RHINO CONSULTING WORLDWIDE, INC., AND OXNARD HOSPITALITY SERVICES, INC. (erroneously sued herein as Oxnard Hospitality Services, LP), hereby answer the Complaint filed by Plaintiff Tracy Dawn Trauth as follows:

0038613/051/ 46171v04

## I.   INTRODUCTION

1.      Defendants admit that Plaintiff has brought this case as a class action and that she seeks to represent a class composed of exotic dancers who work at various nightclubs in the state of California.  Defendants aver that the remainder of the allegations in paragraph 1 of the Complaint contain arguments or conclusions of law to which no response is necessary.  Except as so admitted and averred, Defendants deny the allegations of paragraph 1 of the Complaint.

## II.   JURISDICTION & VENUE

2.      Defendants admit that the Complaint alleges causes of action under the Fair Labor Standards Act and that as such, this Court has jurisdiction pursuant to 28 U.S.C. Section 1331.  Except as so admitted, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.      Defendants admit that Plaintiff has alleged causes of action pursuant to Section 1194 of the California Labor Code and Section 17204 of the California Business and Professions Code.  Except as so admitted, Defendants deny the allegations contained in paragraph 4.

5.      Defendants admit that venue is proper in this jurisdiction.  The remaining allegations in paragraph 5 of the Complaint are argument or conclusions of law to which no response is necessary.  Except as so admitted and averred, Defendants deny the allegations contained in paragraph 5.

## III.  PARTIES & STANDING

6.      Answering paragraph 6 of the Complaint, the first sentence, Defendants do not have information sufficient to admit or deny whether Plaintiff is a resident of San Bernadino County, California and on that basis deny the allegations in the first sentence.  Defendants aver that Plaintiff never worked as an exotic dancer at the nightclub located in Oxnard, California that uses the trade name "Spearmint Rhino"

2

1  during the putative class period.  Defendants aver that the last sentence of paragraph

2  6 of the Complaint contains arguments or conclusions or law to which no response is

3  necessary.  Defendants deny the remaining allegations contained in paragraph 6 of

4  the Complaint.

5     7.     Defendants admit and aver that there are nightclubs where exotic

6  dancers perform located in the City of Industry, Los Angeles, Oxnard, Rialto, Santa

7  Barbara, Santa Maria, Torrance and Van Nuys, California, which are or were

8  marketed under the name "Spearmint Rhino."  Except as admitted and averred,

9  Defendants deny the allegations contained in paragraph 7.

10     8.     Defendants admit and aver that Defendant Spearmint Rhino Companies

11  Worldwide, Inc. ("Companies") is a Nevada Corporation located at 1875 Tandem

12  Way, Norco, CA 92860.  Defendants admit the second, third and fourth sentences of

13  paragraph 8 of the Complaint.  Defendants admit and aver that Companies is owned

14  by SRC Holdings, Inc., which is owned by the John Leldon Gray Trust dated July 2,

15  2001.  Except as so admitted and averred, Defendants deny the remaining allegations

16  contained in paragraph 8 of the Complaint.

17     9.     Defendants admit and aver that Defendant Spearmint Rhino Consulting

18  Worldwide, Inc. ("Consulting") is a Delaware corporation located at 1875 Tandem

19  Way, Norco, CA 92860.  Defendants admit the second, third and fourth sentences of

20  paragraph 9 of the Complaint.  Except as so admitted and averred, Defendants deny

21  the remaining allegations contained in paragraph 9 of the Complaint.

22     10.     Defendants admit and aver that Oxnard Hospitality Services, Inc.

23  ("Oxnard") d/b/a/ "Spearmint Rhino Gentlemen's Club" is a California corporation

24  located at 630 Maulhardt Avenue, Oxnard, CA 93030.  Defendants further admit and

25  aver that Oxnard owns and operates a nightclub where exotic dancers perform.

26  Defendants admit the allegations contained in paragraph 10, third sentence.  Except

27  as admitted and averred, Defendants deny the allegations contained in paragraph 10

28  of the Complaint.

3

1       11.    Defendants aver that, at the request of Oxnard and non-defendant

2 Torrance, Consulting performs consulting services for Oxnard and non-defendant

3 Torrance and, on information and belief, Defendants aver that at the request of the

4 other non-defendant nightclubs doing business as Spearmint Rhino listed in

5 paragraph 11 of the Complaint (the "Spearmint Rhino Nightclubs"), Consulting

6 performs consulting services for those clubs. Defendants aver that Companies

7 licenses intellectual property to the Spearmint Rhino Nightclubs. Defendants further

8 aver that Companies owns non-defendant Midnight Sun Enterprises, Inc., which

9 owns the nightclub located at 19900 Normandie Avenue, Torrance, California

10 ("Torrance"). Except as so averred, Defendants deny the allegations contained in

11 paragraph 11 of the Complaint.

12       12.    Defendants admit that on January 31, 2008, Consulting issued a press

13 release, a copy of which can be found at http://www.free-press-

14 release.com/news/print-1201826665.html, and that Plaintiffs have quoted portions of

15 that press release in paragraph 12 of the Complaint. Except as so admitted,

16 Defendants deny the allegations contained in paragraph 12.

17       13.    Defendants aver that paragraph 13 of the Complaint contains arguments

18 or conclusions of law to which no response is necessary. To the extent a response is

19 necessary, Defendants deny the allegations contained in paragraph 13 of the

20 Complaint.

21       14.    Defendants aver that paragraph 14 of the Complaint contains arguments

22 or conclusions of law to which no response is necessary. To the extent a response is

23 necessary, Defendants deny the allegations contained in paragraph 14 of the

24 Complaint.

25       15.    Defendants admit and aver that there is a video on a website called

26 www.spearmintrhino.com, which is owned by Companies, and that the contents of

27 the video can be ascertained from a review of that website. Except as so admitted

28

4

1  and averred, Defendants deny the allegations contained in paragraph 15 of the

2  Complaint.

3      16.   Defendants aver that paragraph 16 of the Complaint contains arguments

4  or conclusions of law to which no response is necessary.  To the extent a response is

5  necessary, Defendants deny the allegations contained in paragraph 16 of the

6  Complaint.

7      17.   Defendants admit and aver that Defendant Oxnard and non-defendant

8  Torrance own each own and operate a nightclub, which sell goods that move in

9  interstate commerce.  Defendants further admit and aver, on information and belief,

10 that the remaining non-defendant Spearmint Rhino Nightclubs sell goods that are

11 moved in interstate commerce.  Defendants further admit and aver that the gross

12 annual revenues of each Defendant for the putative class period exceed $500,000 per

13 annum.  Defendants admit and aver that Companies owns non-defendant Midnight

14 Sun Enterprises, Inc., which owns and operates the club in Torrance, California.

15 Except as admitted and averred, Defendants deny the allegations contained in

16 paragraph 17 of the Complaint.

17     18.   Defendants aver that paragraph 18 of the Complaint contains arguments

18 or conclusions of law to which no response is necessary.  To the extent a response is

19 required, Defendants deny the allegations contained in paragraph 18 of the

20 Complaint.

21 **IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

22     19.   Defendants aver that paragraph 19 of the Complaint contains arguments

23 or conclusions of law to which no response is necessary.  To the extent a response is

24 required, Defendants deny the allegations contained in paragraph 19 of the

25 Complaint.

26     20.   Defendants aver that paragraph 20 of the Complaint contains arguments

27 or conclusions of law to which no response is necessary.  To the extent a response is

28

0038613/051/ 46171v04

1   required, Defendants deny the allegations contained in paragraph 20 of the

2   Complaint.

3        21.   Defendants aver that paragraph 21 of the Complaint contains arguments

4   or conclusions of law to which no response is necessary.  To the extent a response is

5   required, Defendants deny the allegations contained in paragraph 21 of the

6   Complaint.

7        22.   Defendants aver that Plaintiff never worked at Oxnard during the

8   putative class period.  Defendants aver that Plaintiff does not allege she worked at

9   any of the non-defendant Spearmint Rhino Nightclubs.  Defendants aver that the first

10  sentence of paragraph 22 of the Complaint contains arguments or conclusions of law

11  to which no response is necessary.  To the extent a response is required, Defendants

12  deny the allegations contained in the first sentence of paragraph 22 of the Complaint.

13  Answering the second sentence of paragraph 22 of the Complaint, Defendants admit

14  and aver that over the past four years, less than 500 women have worked as exotic

15  dancers at the Oxnard and that they were not paid minimum wages because they

16  were not employees.  Defendants further admit and aver that, on information and

17  belief, over 500 women have worked as exotic dancers at the Spearmint Rhino

18  Nightclubs not named as defendants in this action, during the putative class period.

19  Except as so admitted and averred, Defendants deny the allegations contained in

20  paragraph 22 of the Complaint.

21       23.   Defendants aver that Plaintiff never worked at Oxnard during the

22  putative class period.  Defendants aver that Plaintiff does not allege she worked at

23  any of the non-defendant Spearmint Rhino Nightclubs.  Defendants aver that the first

24  sentence of paragraph 23 of the Complaint contains arguments or conclusions of law

25  to which no response is necessary.  To the extent a response is required, Defendants

26  deny the allegations in paragraph 23, first sentence of the Complaint.  Answering

27  paragraph 23 of the Complaint, Defendants aver that the second sentence of that

28  paragraph makes no sense as written and therefore no response is required.  To the

6

1   extent a response is required as to that sentence, Defendants deny the allegations
2   contained in paragraph 23, second sentence.  Defendants deny the remaining
3   allegations contained in paragraph 23 of the Complaint.

4         24.   Defendants aver that paragraph 24 of the Complaint contains arguments
5   or conclusions of law to which no response is necessary.  To the extent a response is
6   required, Defendants deny the allegations contained in paragraph 24 of the
7   Complaint.

8         25.   Defendants aver that Plaintiff never worked at Oxnard during the
9   putative class period.  Defendants aver that Plaintiff does not allege she worked at
10   any of the non-defendant Spearmint Rhino Nightclubs.  Except as so averred,
11   Defendants deny the allegations contained in paragraph 25 of the Complaint.

12         26.   Defendants aver that Plaintiff never worked at Oxnard during the
13   putative class period.  Defendants aver that Plaintiff does not allege she worked at
14   any of the non-defendant Spearmint Rhino Nightclubs.  Except as so averred,
15   Defendants deny the allegations contained in paragraph 26 of the Complaint.

16         27.   Defendants aver that paragraph 27 of the Complaint contains arguments
17   or conclusions of law to which no response is necessary.  To the extent a response is
18   required, Defendants deny the allegations contained in paragraph 27 of the
19   Complaint.

20         28.   Defendants aver that paragraph 28 of the Complaint contains arguments
21   or conclusions of law to which no response is necessary.  To the extent a response is
22   required, Defendants deny the allegations contained in paragraph 28 of the
23   Complaint.

24         29.   Defendants admit and aver that dancers did not receive wages or other
25   compensation from Defendants.  Defendants aver that dancers received
26   compensation from patrons of Oxnard and non-defendant Torrance and tips from
27   patrons of Oxnard and non-defendant Torrance in connection with exotic table, chair,
28   couch, lap and/or VIP room dances.  Defendants are informed and therefore aver that

1    dancers received compensation from patrons at the other non-defendant Spearmint

2    Rhino Nightclubs and may have received tips from patrons at the non-defendant

3    Spearmint Rhino Nightclubs for exotic dances they performed.  Except as so

4    admitted and averred, Defendants deny the allegations contained in paragraph 29 of

5    the Complaint.

6         30.    Defendants aver that paragraph 30 of the Complaint contains arguments

7    or conclusions of law to which no response is necessary.  To the extent a response is

8    required, Defendants deny the allegations contained in paragraph 30 of the

9    Complaint.

10        31.    Defendants admit and aver that dancers in the putative class are paid a

11   dance fee and, in the patron's discretion, a tip, neither of which are included in

12   Oxnard's and non-defendant Torrance's gross receipts (and, on information and

13   belief, the other non-defendant Spearmint Rhino Nightclubs).  Defendants admit and

14   aver that they do not issue W-2 forms or 1099 forms to dancers.  Except as so

15   admitted and averred, Defendants deny the allegations contained in paragraph 31 of

16   the Complaint.

17        32.    Defendants aver that paragraph 32 of the Complaint contains arguments

18   or conclusions of law to which no response is necessary.  To the extent a response is

19   required, Defendants deny the allegations contained in paragraph 32 of the

20   Complaint.

21        33.    Defendants aver that paragraph 33 of the Complaint contains arguments

22   or conclusions of law to which no response is necessary.  To the extent a response is

23   required, Defendants deny the allegations contained in paragraph 33 of the

24   Complaint.

25        34.    Defendants aver that paragraph 34 of the Complaint contains arguments

26   or conclusions of law to which no response is necessary.  To the extent a response is

27   required, Defendants deny the allegations contained in paragraph 34 of the

28   Complaint.

0038613/051/ 46171v04

35.     Defendants aver that paragraph 35 of the Complaint contains arguments or conclusions of law to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants aver that paragraph 36 of the Complaint contains arguments or conclusions of law to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny that they coerce dancers in the putative Class to waive their FLSA and/or California Labor Code rights.  Defendants further deny that they threatened to penalize and discriminate against dancers in the putative Class if they assert their FLSA and/or California Labor Code rights such as through termination and the confiscation of all table dance tips.  Defendants aver that the remaining allegations in paragraph 37 of the Complaint contain arguments or conclusions of law to which no response is necessary.  To the extent a response is required, Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38.     Defendants aver that paragraph 38 of the Complaint contains arguments or conclusions of law to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants aver that paragraph 39 of the Complaint contains arguments or conclusions of law to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants aver that paragraph 40 of the Complaint contains arguments or conclusions of law to which no response is necessary.  To the extent a response is

1 | required, Defendants deny the allegations contained in paragraph 40 of the
2 | Complaint.

3 | 41.   Defendants aver that paragraph 41 of the Complaint contains arguments
4 | or conclusions of law to which no response is necessary.  To the extent a response is
5 | required, Defendants deny the allegations contained in paragraph 41 of the
6 | Complaint.

7 | 42.   Defendants aver that Plaintiff never worked at Oxnard during the
8 | putative class period.  Defendants aver that Plaintiff does not allege she worked at
9 | any of the non-defendant Spearmint Rhino Nightclubs.  Defendants aver that Oxnard
10 | and non-defendant Torrance set the hours of operation, length of shifts, and amounts
11 | patrons compensate dancers for particular types of dances (excluding tips).
12 | Defendants aver, on information and belief that the other non-defendant Spearmint
13 | Rhino Nightclubs set the hours of operation, length of shifts, and amounts patrons
14 | compensate dancers for particular types of dances (excluding tips).  Except as so
15 | averred, Defendants deny the allegations contained in paragraph 42 of the Complaint.

16 | 43.   Defendants aver that Plaintiff never worked at Oxnard during the
17 | putative class period.  Defendants aver that Plaintiff does not allege she worked at
18 | any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further admit and
19 | aver that dancers at Oxnard were required to check-in and check-out at the beginning
20 | and end of each shift.  Defendants further aver that dancers at Oxnard who are absent
21 | for a shift are subject to a lease assessment or make up shift.  Defendants further aver
22 | that dancers at Oxnard are permitted to leave their shifts early without penalty or
23 | reprimand.  Defendants aver that the dancers at non-defendant Torrance set their own
24 | shifts.  Defendants aver, on information and belief that dancers at the other non-
25 | defendant Spearmint Rhino Nightclubs were required to check-in and check-out at
26 | the beginning and end of each shift and if they were absent from a shift, were subject
27 | to a lease assessment or make-up shift.  Except as so admitted and averred,
28 | Defendants deny the allegations contained in paragraph 43 of the Complaint.

10

44.     Defendants aver that Plaintiff never worked at Oxnard during the putative class period.  Defendants aver that Plaintiff does not allege she worked at any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that patrons are charged a fee at Oxnard and non-defendant Torrance for dances, depending on the type of dance performed.  Defendants further aver that the amount of the fee per dance is determined by Oxnard and/or non-defendant Torrance.  Defendants further aver that dancers pay rent to Oxnard and non-defendant Torrance pursuant to the terms of a lease.  Defendants further aver that the patrons at Oxnard and non-defendant Torrance tip the dancers at their sole discretion and the amount of such tip, if any, is also in the complete discretion of the patron.  Defendants further aver, on information and belief, that patrons are charged a fee at each of the other non-defendant Spearmint Rhino Nightclubs for dances, depending on the type of dance performed.  Defendants admit and aver, on information and belief, that the amount of the fee per dance is determined by each Spearmint Rhino Nightclub.  Defendants further aver, on information and belief, that the dancers pay rent pursuant to the terms of their leases with each Spearmint Rhino Nightclub.  Defendants further aver, on information and belief, that the patrons at each of the non-defendant Spearmint Rhino Nightclubs tip the dancers at their sole discretion and the amount of such tip, if any, is also in the complete discretion of the patron.  Except as so averred, Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants admit and aver that, at Oxnard, when a dancer performs an exotic table dance for a patron, the type and nature of the dance is recorded by managers or other employees of Oxnard.  Defendants further admit and aver that the dancers at Oxnard pay rent pursuant to lease agreements.  Defendants admit and aver, on information and belief, that similar practices are employed as described in this paragraph at the non-defendant Spearmint Rhino Nightclubs, with the exception of non-defendant Torrance.  Defendants aver that, at non-defendant Torrance, when a dancer performs a table dance, the dancer keeps the entire dance fee and any tip paid

11

1 in the patron's discretion.  Except as so admitted and averred. Defendants deny the

2 allegations contained in paragraph 45 of the Complaint.

3     46.    Defendants admit that dancers at Oxnard receive fees for dances and

4 may receive tips for dances, which are not taken into Oxnard's gross receipts.

5 Defendants aver that the dancers pay Oxnard rent, which is calculated as a portion of

6 the dance fees (not any tips).  Defendants admit and aver that they do not issue 1099

7 forms or W-2 forms to exotic dancers.  Defendants further admit and aver that the

8 exotic dancers at Oxnard are not paid any wages.  Except as so admitted and averred,

9 Defendants deny the allegations contained in paragraph 46 of the Complaint.

10     47.    Defendants admit and aver that the lease agreements between the dancer

11 and Oxnard determine the amount of rent the dancers must pay to Oxnard.

12 Defendants further admit and aver that the dancers at Oxnard may be asked to assist

13 in the sale of drinks to patrons and that they may face penalties if they do not assist

14 in those sales.  Except as so admitted and averred, Defendants deny the allegations

15 contained in paragraph 47 of the Complaint.

16     48.    Defendants deny the allegations contained in paragraph 48 of the

17 Complaint.

18     49.    Defendants aver that Plaintiff never worked at Oxnard during the

19 putative class period.  Defendants aver that Plaintiff does not allege she ever worked

20 at any other Spearmint Rhino Nightclub.  Defendants admit and aver that prior dance

21 experience is not required to dance at Oxnard or non-defendant Torrance and no

22 training is given to the dancers.  Defendants admit and aver, on information and

23 belief, that no prior dance experience is required to dance at the other non-defendant

24 Spearmint Rhino Nightclubs and no training is given to the dancers.  Except as so

25 admitted and averred, Defendants deny the allegations contained in paragraph 49 of

26 the Complaint.

27     50.    Defendants aver that Plaintiff never worked at Oxnard during the

28 putative class period.  Defendants aver that Plaintiff does not allege she worked at

0038613/051/ 46171v04

any of the non-defendant Spearmint Rhino Nightclubs.  Defendants aver that dancers develop as part of their business, relationships with patrons who visit the nightclubs where that dancer happens to be working at any given time.  Except as so averred, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.   Defendants aver that Plaintiff never worked at Oxnard during the putative class period.  Defendants aver that Plaintiff does not allege she worked at any of the non-defendant Spearmint Rhino Nightclubs.  Except as so admitted and averred, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.   Defendants do not understand the allegations contained in paragraph 52, which are vague and ambiguous and on that basis deny the allegations contained in paragraph 52 of the Complaint.

53.   Defendants aver that Plaintiff never worked at Oxnard during the putative class period.  Defendants aver that Plaintiff does not allege she worked at any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further admit and aver that dancers at Oxnard and non-defendant Torrance invest in costumes and make-up and may also invest in dance lessons and gym memberships.  Defendants further admit and aver that exotic dancers at Oxnard and non-defendant Torrance make no capital investment in the facilities, advertising, maintenance, sound system, lights, food, and beverage.  Defendants admit and aver, on information and belief, that dancers at the other non-defendant Spearmint Rhino Nightclubs invest in costumes and make-up and may also invest in dance lessons and gym memberships.  Defendants further admit and aver, on information and belief, that exotic dancers at the other non-defendant Spearmint Rhino Nightclubs make no capital investment in the facilities, advertising, maintenance, sound system, lights, food, and beverage.  Defendants further aver that the allegations in the last sentence of paragraph 53 contain argument or legal conclusions, to which not response is necessary.  Except as so admitted and averred, Defendants deny the allegations contained in paragraph 53 of the Complaint.

13

54.   Defendants admit and aver that Oxnard, non-defendant Torrance, and on information and belief, the other non-defendant Spearmint Rhino Nightclubs, and not the exotic dancers, attract investors, establish the hours of operations at the nightclubs, hire and manage the staff (managers, waitresses, bartenders/doormen). Defendants admit that the transcript attached as Exhibit A to the Complaint appears to be a transcript of a video from the website www.spearmintrhino.com. Defendants aver that the remaining allegations in paragraph 54 of the Complaint contain argument or legal conclusions to which no response is necessary. Except as so admitted and averred, Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.   Defendants aver that Plaintiff never worked at Oxnard. Defendants aver that Plaintiff does not allege she worked at any of the non-defendant Spearmint Rhino Nightclubs. Defendants admit and aver that Oxnard and non-defendant Torrance (and, on information and belief, the other non-defendant Spearmint Rhino Nightclubs) are responsible for all financing, the acquisition and/or lease of the physical facilities and equipment, inventory, the payment of wages (for managers, bartenders, doormen and waitresses), obtaining all appropriate business' insurance and licenses at the nightclubs they own. Defendants further admit and aver that Oxnard and non-defendant Torrance (and on information and belief the other Spearmint Rhino Nightclubs) establish the charges patrons pay for dances, but does not establish the tips paid to the dancers. Defendants further admit and aver that the remaining allegations in paragraph 55 of the Complaint contains arguments or conclusions of law to which no response is necessary. To the extent a response is required, Defendants deny the remaining allegations contained in paragraph 55 of the Complaint.

56.   Defendants aver that Plaintiff never performed at the Oxnard. Defendants aver that paragraph 56 of the Complaint contains argument and legal conclusions to which no response is necessary. To the extent a response is

14

1  necessary, Defendants deny the allegations contained in paragraph 56 of the

2  Complaint.

3      57.    Defendants aver that Plaintiff never worked at Oxnard during the

4  putative class period.  Defendants aver that Plaintiff does not allege she worked at

5  any of the non-defendant Spearmint Rhino Nightclubs.  Defendants do not have

6  sufficient information with which to admit or deny the remaining allegations

7  contained in paragraph 57 of the Complaint because it is unclear what "significant

8  periods of time" means.  On that basis, Defendants deny the remaining allegations

9  contained in paragraph 57 of the Complaint.

10     58.    Defendants aver that Plaintiff never worked at Oxnard during the

11  putative class period.  Defendants aver that Plaintiff does not allege she worked at

12  any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

13  the transcript, Exhibit A, speaks for itself.  Defendants aver that paragraph 58 of the

14  Complaint contains argument and legal conclusions to which no response is

15  necessary.  To the extent a response is necessary, Defendants deny the allegations

16  contained in paragraph 58 of the Complaint.

17     59.    Defendants aver that Oxnard does not sell alcohol.  Defendants aver that

18  non-defendant Torrance does sell alcohol.  Defendants aver, on information and

19  belief, the other non-defendant Spearmint Rhino Nightclubs do not serve alcohol.

20  Defendants aver that paragraph 59 of the Complaint contains argument and legal

21  conclusions to which no response is necessary.  To the extent a response is

22  necessary, Defendants deny the allegations contained in paragraph 59 of the

23  Complaint.

24     60.    Defendants aver that Plaintiff never worked at Oxnard during the

25  putative class period.  Defendants aver that Plaintiff does not allege she worked at

26  any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

27  the remaining allegations in paragraph 60 of the Complaint contain argument and

28  legal conclusions to which no response is necessary.  To the extent a response is

15

0038613/051/ 46171v04

1  necessary, Defendants deny the allegations contained in paragraph 60 of the
2  Complaint.

3                          **V. DEFENDANTS' INTENT**

4       61.    Defendants aver that the allegations in paragraph 61 of the Complaint
5  contain argument and legal conclusions to which no response is necessary.  To the
6  extent a response is necessary, Defendants deny the allegations contained in
7  paragraph 61 of the Complaint.

8       62.    Defendants admit and aver that before and after Plaintiff filed the
9  above-captioned action, there have been other actions filed making similar
10 allegations.  Defendants aver that the remaining allegations in paragraph 62 of the
11 Complaint contain argument and legal conclusions to which no response is
12 necessary.  To the extent a response is necessary, Defendants deny the remaining
13 allegations contained in paragraph 62 of the Complaint.

14                         **VI. INJURY AND DAMAGE**

15      63.    Defendants aver that Plaintiff never worked at Oxnard during the
16 putative class period.  Defendants aver that Plaintiff does not allege she worked at
17 any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that
18 the remaining allegations in paragraph 63 of the Complaint contain argument and
19 legal conclusions to which no response is necessary.  To the extent a response is
20 necessary, Defendants deny the allegations contained in paragraph 63 of the
21 Complaint.

22                        **VII. CLASS ALLEGATIONS**

23      64.    Defendants admit and aver that Plaintiff purports to bring this action
24 individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil
25 Procedure as to Counts 2, 3, and 4.  Defendants further admit and aver that Plaintiff
26 purports to bring an action under Count 1 under 29 U.S.C. Section 216(b).  Except as
27 admitted and averred, Defendants deny the allegations contained in paragraph 64 of
28 the Complaint.

                                     16

0038613/051/ 46171v04

65.     Defendants aver that the allegations in paragraph 65 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants aver that the allegations in paragraph 66 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Plaintiffs admit, on information and belief, that the number of individuals who worked as exotic dancers during the alleged class period at all the non-defendant Spearmint Rhino Nightclubs exceeds 500 women.

68.     Defendants aver that the allegations in paragraph 68 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants aver that Plaintiff never worked at Oxnard during the putative class period.  Defendants aver that Plaintiff does not allege she worked at any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that the remaining allegations in paragraph 69 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants aver that Plaintiff never worked at Oxnard during the putative class period.  Defendants aver that Plaintiff does not allege she worked at any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that the remaining allegations in paragraph 70 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is

17

0038613/051/ 46171v04

1  necessary, Defendants deny the allegations contained in paragraph 70 of the

2  Complaint.

3      71.    Defendants aver that the allegations in paragraph 71 of the Complaint

4  contain argument and legal conclusions to which no response is necessary.  To the

5  extent a response is necessary, Defendants deny the allegations contained in

6  paragraph 71 of the Complaint.

7      72.    Defendants aver that the allegations in paragraph 72 of the Complaint

8  contain argument and legal conclusions to which no response is necessary.  To the

9  extent a response is necessary, Defendants deny the allegations contained in

10  paragraph 72 of the Complaint.

11

12

13  **FIRST CAUSE OF ACTION**

14  **VIOLATION OF THE FLSA**

15      73.    Defendants respond to paragraph 73 of the Complaint by incorporating

16  all of the preceding paragraphs by reference as if fully set forth herein.

17      74.    Defendants aver that the allegations in paragraph 74 of the Complaint

18  contain argument and legal conclusions to which no response is necessary.  To the

19  extent a response is necessary, Defendants deny the allegations contained in

20  paragraph 74 of the Complaint.

21      75.    Defendants aver that the allegations in paragraph 75 of the Complaint

22  contain argument and legal conclusions to which no response is necessary.  To the

23  extent a response is necessary, Defendants deny the allegations contained in

24  paragraph 75 of the Complaint.

25      76.    Defendants aver that the allegations in paragraph 76 of the Complaint

26  contain argument and legal conclusions to which no response is necessary.  To the

27  extent a response is necessary, Defendants deny the allegations contained in

28  paragraph 76 of the Complaint.

0038613/051/ 46171v04

77.     Defendants aver that the allegations in paragraph 77 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants aver that Plaintiff never worked at Oxnard during the putative class period.  Defendants aver that Plaintiff does not allege she worked at any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that the remaining allegations in paragraph 78 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 78  of the Complaint.

79.     Defendants aver that Plaintiff never worked at Oxnard during the putative class period.  Defendants aver that Plaintiff does not allege she worked at any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that the remaining allegations in paragraph 79 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants aver that Plaintiff never worked at Oxnard during the putative class period.  Defendants aver that the dancer fees collected by the dancers and any tips the dancers may have received are not included in Defendants' gross receipts.  Defendants further aver that the remaining allegations in paragraph 80 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants aver that Plaintiff never worked at Oxnard during the putative class period.  Defendants aver that Plaintiff does not allege she worked at any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

19

1   the remaining allegations in paragraph 81 of the Complaint contain argument and

2   legal conclusions to which no response is necessary.  To the extent a response is

3   necessary, Defendants deny the allegations contained in paragraph 81 of the

4   Complaint.

5        82.    Defendants aver that Plaintiff never worked at Oxnard during the

6   putative class period.  Defendants aver that Plaintiff does not allege she worked at

7   any of the non-defendant Spearmint Rhino Nightclubs.  Defendants aver that the

8   allegations in paragraph 82 of the Complaint contain argument and legal conclusions

9   to which no response is necessary.  To the extent a response is necessary, Defendants

10   deny the allegations contained in paragraph 82 of the Complaint.

11       83.    Defendants aver that Plaintiff never worked at Oxnard during the

12   putative class period.  Defendants aver that Plaintiff does not allege she worked at

13   any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

14   the remaining allegations in paragraph 83 of the Complaint contain argument and

15   legal conclusions to which no response is necessary.  To the extent a response is

16   necessary, Defendants deny the allegations contained in paragraph 83 of the

17   Complaint.

18       84.    Defendants aver that Plaintiff never worked at Oxnard during the

19   putative class period.  Defendants aver that Plaintiff does not allege she worked at

20   any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

21   the remaining allegations in paragraph 84 of the Complaint contain argument and

22   legal conclusions to which no response is necessary.  To the extent a response is

23   necessary, Defendants deny the allegations contained in paragraph 84 of the

24   Complaint.

25       85.    Defendants aver that Plaintiff never worked at Oxnard during the

26   putative class period.  Defendants aver that Plaintiff does not allege she worked at

27   any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

28   the remaining allegations in paragraph 85 of the Complaint contain argument and

20

1  legal conclusions to which no response is necessary.  To the extent a response is

2  necessary, Defendants deny the allegations contained in paragraph 85 of the

3  Complaint.

4        86.    Defendants aver that Plaintiff never worked at Oxnard during the

5  putative class period.  Defendants aver that Plaintiff does not allege she worked at

6  any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

7  the remaining allegations in paragraph 86 of the Complaint contain argument and

8  legal conclusions to which no response is necessary.  To the extent a response is

9  necessary, Defendants deny the allegations contained in paragraph 86 of the

10  Complaint.

11        87.    Defendants aver that the allegations in paragraph 87 of the Complaint

12  contain argument and legal conclusions to which no response is necessary.  To the

13  extent a response is necessary, Defendants deny the allegations contained in

14  paragraph 87 of the Complaint.

15        88.    Defendants aver that the allegations in paragraph 88 of the Complaint

16  contain argument and legal conclusions to which no response is necessary.  To the

17  extent a response is necessary, Defendants deny the allegations contained in

18  paragraph 88 of the Complaint.

19        89.    Defendants aver that the allegations in paragraph 89 of the Complaint

20  contain argument and legal conclusions to which no response is necessary.  To the

21  extent a response is necessary, Defendants deny the allegations contained in

22  paragraph 89 of the Complaint.

23        90.    Defendants aver that the allegations in paragraph 90 of the Complaint

24  contain argument and legal conclusions to which no response is necessary.  To the

25  extent a response is necessary, Defendants deny the allegations contained in

26  paragraph 90 of the Complaint.

27        91.    Defendants aver that the allegations in paragraph 91 of the Complaint

28  contain argument and legal conclusions to which no response is necessary.  To the

0038613/051/ 46171v04

1 extent a response is necessary, Defendants deny the allegations contained in

2 paragraph 91 of the Complaint.

3     92.    Defendants aver that the allegations in paragraph 92 of the Complaint

4 contain argument and legal conclusions to which no response is necessary.  To the

5 extent a response is necessary, Defendants deny the allegations contained in

6 paragraph 92 of the Complaint.

7     93.    Defendants aver that the allegations in paragraph 93 of the Complaint

8 contain argument and legal conclusions to which no response is necessary.  To the

9 extent a response is necessary, Defendants deny the allegations contained in

10 paragraph 93 of the Complaint.

11     94.    Defendants aver that the allegations in paragraph 94 of the Complaint

12 contain argument and legal conclusions to which no response is necessary.  To the

13 extent a response is necessary, Defendants deny the allegations contained in

14 paragraph 94 of the Complaint.

15 **SECOND CAUSE OF ACTION**

16 **VIOLATION OF CALIFORNIA LABOR CODE**

17     95.    Defendants respond to paragraph 95 of the Complaint by incorporating

18 all of the preceding paragraphs by reference as if fully set forth herein.

19     96.    Defendants aver that Plaintiff never worked at Oxnard during the

20 putative class period.  Defendants aver that Plaintiff does not allege she worked at

21 any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

22 the remaining allegations in paragraph 96 of the Complaint contain argument and

23 legal conclusions to which no response is necessary.  To the extent a response is

24 necessary, Defendants deny the allegations contained in paragraph 96 of the

25 Complaint.

26     97.    Defendants aver that Plaintiff never worked at Oxnard during the

27 putative class period.  Defendants aver that Plaintiff does not allege she worked at

28 any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

22

1   the remaining allegations in paragraph 97 of the Complaint contain argument and

2   legal conclusions to which no response is necessary.  To the extent a response is

3   necessary, Defendants deny the allegations contained in paragraph 97 of the

4   Complaint.

5        98.    Defendants aver that Plaintiff never worked at Oxnard during the

6   putative class period.  Defendants aver that Plaintiff does not allege she worked at

7   any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

8   the remaining allegations in paragraph 98 of the Complaint contain argument and

9   legal conclusions to which no response is necessary.  To the extent a response is

10  necessary, Defendants deny the allegations contained in paragraph 98 of the

11  Complaint.

12       99.    Defendants aver that Plaintiff never worked at Oxnard during the

13  putative class period.  Defendants aver that Plaintiff does not allege she worked at

14  any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that

15  the remaining allegations in paragraph 99 of the Complaint contain argument and

16  legal conclusions to which no response is necessary.  To the extent a response is

17  necessary, Defendants deny the allegations contained in paragraph 99 of the

18  Complaint.

19       100.   Defendants aver that the allegations in paragraph 100 of the Complaint

20  contain argument and legal conclusions to which no response is necessary.  To the

21  extent a response is necessary, Defendants deny the allegations contained in

22  paragraph 100 of the Complaint.

23       101.   Defendants aver that the allegations in paragraph 101 of the Complaint

24  contain argument and legal conclusions to which no response is necessary.  To the

25  extent a response is necessary, Defendants deny the allegations contained in

26  paragraph 101 of the Complaint.

27       102.   Defendants aver that the allegations in paragraph 102 of the Complaint

28  contain argument and legal conclusions to which no response is necessary.  To the

0038613/051/ 46171v04

1 extent a response is necessary, Defendants deny the allegations contained in

2 paragraph 102 of the Complaint.

3     103.   Defendants aver that the allegations in paragraph 103 of the Complaint

4 contain argument and legal conclusions to which no response is necessary. To the

5 extent a response is necessary, Defendants deny the allegations contained in

6 paragraph 103 of the Complaint.

7     104.   Defendants aver that the allegations in paragraph 104 of the Complaint

8 contain argument and legal conclusions to which no response is necessary. To the

9 extent a response is necessary, Defendants deny the allegations contained in

10 paragraph 104 of the Complaint.

11     105.   Defendants aver that the allegations in paragraph 105 of the Complaint

12 contain argument and legal conclusions to which no response is necessary. To the

13 extent a response is necessary, Defendants deny the allegations contained in

14 paragraph 105 of the Complaint.

15     106.   Defendants aver that the allegations in paragraph 106 of the Complaint

16 contain argument and legal conclusions to which no response is necessary. To the

17 extent a response is necessary, Defendants deny the allegations contained in

18 paragraph 106 of the Complaint.

19     107.   Defendants admit and aver that Consulting, Companies and/or Oxnard

20 did not pay Plaintiff or any other member of the putative class or subclass minimum

21 wage during the putative class period. Defendants admit and aver that dancers did

22 not receive wages or other compensation from Defendants. Defendants aver that

23 dancers received compensation from patrons of Oxnard and non-defendant Torrance

24 and tips from patrons of Oxnard and non-defendant Torrance in connection with

25 exotic table, chair, couch, lap and/or VIP room dances. Defendants are informed and

26 therefore aver that dancers received compensation from patrons at the other non-

27 defendant Spearmint Rhino Nightclubs and tips from patrons at the non-defendant

28 Spearmint Rhino Nightclubs for exotic dances they performed. Defendants aver that

1 the remaining allegations in paragraph 107 of the Complaint contain argument and

2 legal conclusions to which no response is necessary.  To the extent a response is

3 necessary, Defendants deny the remaining allegations contained in paragraph 107 of

4 the Complaint.

5      108.   Defendants aver that the allegations in paragraph 108 of the Complaint

6 contain argument and legal conclusions to which no response is necessary.  To the

7 extent a response is necessary, Defendants deny the allegations contained in

8 paragraph 108 of the Complaint.

9      109.   Defendants aver that the allegations in paragraph 109 of the Complaint

10 contain argument and legal conclusions to which no response is necessary.  To the

11 extent a response is necessary, Defendants deny the allegations contained in

12 paragraph 109 of the Complaint.

13      110.   Defendants aver that the allegations in paragraph 110 of the Complaint

14 contain argument and legal conclusions to which no response is necessary.  To the

15 extent a response is necessary, Defendants deny the allegations contained in

16 paragraph 110 of the Complaint.

17      111.   Defendants aver that the allegations in paragraph 111 of the Complaint

18 contain argument and legal conclusions to which no response is necessary.  To the

19 extent a response is necessary, Defendants deny the allegations contained in

20 paragraph 111 of the Complaint.

21      112.   Defendants aver that the allegations in paragraph 112 of the Complaint

22 contain argument and legal conclusions to which no response is necessary.  To the

23 extent a response is necessary, Defendants deny the allegations contained in

24 paragraph 112 of the Complaint.

25      113.   Defendants aver that the allegations in paragraph 113 of the Complaint

26 contain argument and legal conclusions to which no response is necessary.  To the

27 extent a response is necessary, Defendants deny the allegations contained in

28 paragraph 113 of the Complaint.

0038613/051/ 46171v04

1   114.   Defendants aver that the allegations in paragraph 114 of the Complaint
2   contain argument and legal conclusions to which no response is necessary.  To the
3   extent a response is necessary, Defendants deny the allegations contained in
4   paragraph 114 of the Complaint.

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR LAW**

7   115.   Defendants respond to paragraph 115 of the Complaint by incorporating
8   all of the preceding paragraphs by reference as if fully set forth herein.

9   116.   Defendants aver that Plaintiff never worked at Oxnard during the
10  putative class period.  Defendants aver that Plaintiff does not allege she worked at
11  any of the non-defendant Spearmint Rhino Nightclubs.  Defendants further aver that
12  the remaining allegations in paragraph 116 of the Complaint contain argument and
13  legal conclusions to which no response is necessary.  To the extent a response is
14  necessary, Defendants deny the allegations contained in paragraph 116 of the
15  Complaint.

16  117.   Defendants aver that the allegations in paragraph 117 of the Complaint
17  contain argument and legal conclusions to which no response is necessary.  To the
18  extent a response is necessary, Defendants deny the allegations contained in
19  paragraph 117 of the Complaint.

20  118.   Defendants aver that the allegations in paragraph 118 of the Complaint
21  contain argument and legal conclusions to which no response is necessary.  To the
22  extent a response is necessary, Defendants deny the allegations contained in
23  paragraph 118 of the Complaint.

24  119.   Defendants aver that the allegations in paragraph 119 of the Complaint
25  contain argument and legal conclusions to which no response is necessary.  To the
26  extent a response is necessary, Defendants deny the allegations contained in
27  paragraph 119 of the Complaint.

28

0038613/051/ 46171v04

120.   Defendants aver that the allegations in paragraph 120 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.   Defendants aver that the allegations in paragraph 121 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.   Defendants aver that the allegations in paragraph 122 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.   Defendants aver that the allegations in paragraph 123 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.   Defendants aver that the allegations in paragraph 124 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.   Defendants aver that the allegations in paragraph 125 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.   Defendants aver that the allegations in paragraph 126 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 126 of the Complaint.

0038613/051/ 46171 v04

1    127.   Defendants aver that the allegations in paragraph 127 of the Complaint

2  contain argument and legal conclusions to which no response is necessary.  To the

3  extent a response is necessary, Defendants deny the allegations contained in

4  paragraph 127 of the Complaint.

5    128.   Defendants aver that the allegations in paragraph 128 of the Complaint

6  contain argument and legal conclusions to which no response is necessary.  To the

7  extent a response is necessary, Defendants deny the allegations contained in

8  paragraph 128 of the Complaint.

9    129.   Defendants aver that the allegations in paragraph 129 of the Complaint

10  contain argument and legal conclusions to which no response is necessary.  To the

11  extent a response is necessary, Defendants deny the allegations contained in

12  paragraph 129 of the Complaint.

13    130.   Defendants aver that the allegations in paragraph 130 of the Complaint

14  contain argument and legal conclusions to which no response is necessary.  To the

15  extent a response is necessary, Defendants deny the allegations contained in

16  paragraph 130 of the Complaint.

17    131.   Defendants aver that the allegations in paragraph 131 of the Complaint

18  contain argument and legal conclusions to which no response is necessary.  To the

19  extent a response is necessary, Defendants deny the allegations contained in

20  paragraph 131 of the Complaint.

21    132.   Defendants aver that the allegations in paragraph 132 of the Complaint

22  contain argument and legal conclusions to which no response is necessary.  To the

23  extent a response is necessary, Defendants deny the allegations contained in

24  paragraph 132 of the Complaint.

25  **FOURTH CAUSE OF ACTION**

26  **VIOLATION OF BUS. & PROF. CODE SECTION 17200 et seq.**

27    133.   Defendants respond to paragraph 133 of the Complaint by incorporating

28  all of the preceding paragraphs by reference as if fully set forth herein.

28

0038613/051/ 46171v04

1   134.   Defendants aver that the allegations in paragraph 134 of the Complaint

2   contain argument and legal conclusions to which no response is necessary.  To the

3   extent a response is necessary, Defendants deny the allegations contained in

4   paragraph 134 of the Complaint.

5   135.   Defendants aver that the allegations in paragraph 135 of the Complaint

6   contain argument and legal conclusions to which no response is necessary.  To the

7   extent a response is necessary, Defendants deny the allegations contained in

8   paragraph 135 of the Complaint.

9   136.   Defendants aver that the allegations in paragraph 136 of the Complaint

10   contain argument and legal conclusions to which no response is necessary.  To the

11   extent a response is necessary, Defendants deny the allegations contained in

12   paragraph 136 of the Complaint.

13   137.   Defendants aver that the allegations in paragraph 137 of the Complaint

14   contain argument and legal conclusions to which no response is necessary.  To the

15   extent a response is necessary, Defendants deny the allegations contained in

16   paragraph 137 of the Complaint.

17   138.   Defendants aver that the allegations in paragraph 138 of the Complaint

18   contain argument and legal conclusions to which no response is necessary.  To the

19   extent a response is necessary, Defendants deny the allegations contained in

20   paragraph 138 of the Complaint.

21   139.   Defendants aver that the allegations in paragraph 139 of the Complaint

22   contain argument and legal conclusions to which no response is necessary.  To the

23   extent a response is necessary, Defendants deny the allegations contained in

24   paragraph 139 of the Complaint.

25   140.   Defendants aver that the allegations in paragraph 140 of the Complaint

26   contain argument and legal conclusions to which no response is necessary.  To the

27   extent a response is necessary, Defendants deny the allegations contained in

28   paragraph 140 of the Complaint.

0038613/051/ 46171v04

141.   Defendants aver that the allegations in paragraph 141 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.   Defendants aver that the allegations in paragraph 142 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.   Defendants aver that the allegations in paragraph 143 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 143 of the Complaint.

144.   Defendants aver that the allegations in paragraph 144 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 144 of the Complaint.

145.   Defendants aver that the allegations in paragraph 145 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.   Defendants aver that the allegations in paragraph 146 of the Complaint contain argument and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations contained in paragraph 146 of the Complaint.

## XII.  JURY DEMAND

Defendants aver that Plaintiff's request for a trial by jury does not require a response.

## IX.  PRAYER FOR RELIEF

1  Defendants aver that the allegations in paragraphs 1-11 of the prayer for relief

2  contain argument and legal conclusions to which no response is necessary.  To the

3  extent a response is required, Defendants deny the allegations contained in the prayer

4  for relief.

### AFFIRMATIVE DEFENSES

6  Defendants Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino

7  Consulting Worldwide, Inc., and Oxnard Hospitality Services, Inc., through counsel,

8  hereby submit the following affirmative defenses.  By alleging the matters set forth

9  below under the heading "Affirmative Defenses," Defendants do not hereby aver or

10  admit that they have the burden of proof with respect to such matters.

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

13  1.  Plaintiff's[1] complaint, and each and every cause of action set forth

14  therein, fails to state a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (PLAINTIFF LACKS ARTICLE III STANDING)

17  2.  Plaintiff's claims are barred by the lack of standing under Article III of

18  the United States Constitution and the corresponding lack of a case in controversy.

### THIRD AFFIRMATIVE DEFENSE

### (ADMINISTRATIVE REMEDIES)

21  3.  Plaintiff's complaint, and each purported cause of action therein, is

22  barred to the extent that Plaintiff failed to exhaust any mandatory contractual

23  remedies, including but not limited to any arbitration procedures.

---

[1] Although these affirmative defenses refer to Plaintiff, Defendants maintain that Plaintiff never worked at Oxnard during the putative class period.  Defendants further maintain that Plaintiff has not alleged that she worked at any of the non-defendant Spearmint Rhino Nightclubs.  These affirmative defenses are not intended to and do not waive the argument that Plaintiff lacks standing to sue and that she is not an appropriate class representative.

31

**FOURTH AFFIRMATIVE DEFENSE**

(PLAINTIFF NOT AN "EMPLOYEE")

4.     At no time was Plaintiff or any putative class member an "employee" of Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

(NO EMPLOYMENT RELATIONSHIP)

5.     Plaintiff and any putative class member are barred from recovery or limited from obtaining relief due to the absence of an employment relationship between Plaintiff and any Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

(DEFENDANTS ARE NOT JOINT EMPLOYERS)

6.     Plaintiff and any putative class member are barred from recovery or limited from obtaining relief because Defendants were not employers, joint employers, or part of an "enterprise" of employers.

**SEVENTH AFFIRMATIVE DEFENSE**

(EXISTENCE OF VALID AND ENFORCEABLE CONTRACT)

7.     Plaintiff and any putative class member are barred from recovery or limited from obtaining relief because of the existence of a valid and enforceable contract.

**EIGHTH AFFIRMATIVE DEFENSE**

(BREACH OF CONTRACT)

8.     The putative class members are barred from recovery or limited from obtaining relief due to their breaches of contract.  Plaintiff has no contract with Oxnard (or the other Defendants) and for that reason alone this affirmative defense applies only to the putative class.

0038613/051/ 46171v04

1
**NINTH AFFIRMATIVE DEFENSE**

2
(BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

3        9.    Plaintiff and any putative class member are barred from recovery or

4 limited from obtaining relief due to violations of the implied covenants of good faith

5 and fair dealing by Plaintiff and/or any putative class member.

6
**TENTH AFFIRMATIVE DEFENSE**

7
(FAILURE TO MITIGATE)

8        10.    Plaintiff and any putative class member are barred from recovery or

9 limited from obtaining relief due to failure to mitigate damages or use reasonable

10 care to prevent any damages by Plaintiff and/or any putative class member.  To the

11 extend that such damages, if any there were, were incurred, Plaintiff's recovery, if

12 any, should be reduced accordingly.

13
**ELEVENTH AFFIRMATIVE DEFENSE**

14
(FRAUD IN THE INDUCEMENT)

15        11.    Plaintiff and any putative class member are barred from recovery or

16 limited from obtaining relief due to fraud in the inducement.

17
**TWELFTH AFFIRMATIVE DEFENSE**

18
(INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION)

19        12.    Plaintiff and any putative class member are barred from recovery or

20 limited from obtaining relief due to intentional and/or negligent misrepresentation.

21
**THIRTEENTH AFFIRMATIVE DEFENSE**

22
(JUDICIAL ESTOPPEL)

23        13.    Plaintiff is estopped from asserting the allegations contained in the

24 complaint or otherwise asserting any right to relief against Defendant by reason of

25 her own acts, omissions and representations, and courses of conduct upon which

26 Defendants were led to rely to their detriment.

27

28

33

**FOURTEENTH AFFIRMATIVE DEFENSE**

(EQUITABLE ESTOPPEL)

14.     Plaintiff is estopped from asserting the allegations contained in the complaint or otherwise asserting any right to relief against Defendant by reason of her own acts, omissions and representations, and courses of conduct upon which Defendants were led to rely to their detriment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(UNCLEAN HANDS)

15.     Plaintiff and any putative class member are barred from recovery or limited from obtaining relief due to unclean hands by Plaintiff and/or any putative class member.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(UNJUST ENRICHMENT)

16.     Plaintiff and any putative class member are barred from recovery or limited from obtaining relief due to unjust enrichment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(OFFSETS)

17.     Plaintiff and any putative class member are barred from recovery or limited from obtaining relief to the extent that Defendants are entitled to off sets.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(ACCORD AND SATISFACTION)

18.     Plaintiff and any putative class member are barred from recovery or limited from obtaining relief due to accord and satisfaction.

**NINETEENTH AFFIRMATIVE DEFENSE**

(RELEASE)

19.     Plaintiff and any putative class member are barred from recovery or limited from obtaining relief due to release.

0038613/051/ 46171v04

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (RES JUDICATA)

3       20.     Plaintiff and any putative class member are barred from recovery or

4   limited from obtaining relief due to res judicata.

5

## TWENTY-FIRST AFFIRMATIVE DEFENSE

6

### (COLLATERAL ESTOPPEL)

7       21.     Plaintiff and any putative class member are barred from recovery or

8   limited from obtaining relief to collateral estoppel.

9

## TWENTY-SECOND AFFIRMATIVE DEFENSE

10

### (PAYMENTS WERE NOT "TIPS")

11      22.     Plaintiff and any putative class member are barred from recovery or

12  limited from obtaining relief because monies collected from the sale of dances was

13  not a "tip" or "gratuity."

14

## TWENTY-THIRD AFFIRMATIVE DEFENSE

15

### (PAYMENTS FOR STATED PRICE ONLY)

16      23.     Plaintiff and any putative class member are barred from recovery or

17  limited from obtaining relief due because only those monies over and above the

18  stated price of the dance constitutes a "tip" or "gratuity."

19

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

20

### (STATUTE OF LIMITATIONS)

21      24.     Plaintiff and any putative class member are barred from recovery or

22  limited from obtaining relief due to the applicable statutes of limitations.

23

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

24

### (LACHES)

25      25.     Plaintiff and any putative class member are barred from recovery or

26  limited from obtaining relief due to the doctrine of laches.

27

28

0038613/051/ 46171v04

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (WAIVER)

26.  Plaintiff and any putative class member are barred from recovery or limited from obtaining relief due to the doctrine of waiver.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (ACCEPTANCE OF BENEFITS/CONSENT)

27.  Plaintiff and any putative class member are barred from recovery or limited from obtaining relief to the extent that Plaintiff and putative class members consented to or requested the treatment as tenants and accepted the benefit of the non-employee status without complaint during the time that she or they allegedly performed services for Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (EARNED MORE THAN MINIMUM WAGE)

28.  Plaintiff and any putative class member are barred from recovery or limited from obtaining relief because Plaintiff and all members of the putative class earned more than minimum wage.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (FAIR LABOR STANDARDS ACT NOT APPLY)

29.  The FLSA does not apply to dancers who work for their own advantage on the premises of another, were not denied the minimum standard of living, and did not perform under an arrangement which threatened fair competition.

## THIRTIETH AFFIRMATIVE DEFENSE

### (FAILURE TO SATISFY CONDITIONS OF EMPLOYMENT)

30.  Plaintiff and any putative class member are barred from recovery or limited from obtaining relief due to the failure of Plaintiff, and members of the putative class, to conform to the obligations of employees.

36

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (LACK OF ASCERTAINABLE AND IDENTIFIABLE CLASS)

31.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint due to the lack of an ascertainable, identifiable class.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (ABSENCE OF COMMONALITY OF INTEREST)

32.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint due to the absence of a commonality of interest.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (ABSENCE OF NUMEROSITY)

33.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint due to the absence of numerosity.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (CLASS ACTION NOT SUPERIOR METHOD TO ADJUDICATE)

34.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint because a class action is not the superior method of adjudicating the dispute.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (INADEQUACY OF PLAINTIFF AS CLASS REPRESENTATIVE)

35.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of the inadequacy of Plaintiff as a representative of the putative class.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (PLAINTIFF'S CLAIMS NOT TYPICAL)

36.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint because the claims of Plaintiff are not typical of the putative class.

37

0038613/051/ 46171v04

1    **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

2    (CLASS ACTION PRESENTS INSURMOUNTABLE MANAGEMENT

3    PROBLEMS)

4      37.    Plaintiff is barred from obtaining certification of a class or collective

5 action under her complaint because of insurmountable management problems.

6    **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

7    (LACK OF COMMON QUESTIONS OF LAW/FACT)

8      38.    Plaintiff is barred from obtaining certification of a class or collective

9 action under her complaint because of the absence of common questions of law or

10 fact and/or the absence of similarly situated putative class members.

11    **THIRTY-NINTH AFFIRMATIVE DEFENSE**

12    (CLASS MEMBERS ANTAGONISTIC TO CLASS ACTION)

13      39.    Plaintiff is barred from obtaining certification of a class or collective

14 action under her complaint because there are substantial numbers of class members

15 antagonistic to the class.

16    **FORTIETH AFFIRMATIVE DEFENSE**

17    (CLASS TREATMENT NOT BENEFIT COURT OR PARTIES)

18      40.    Plaintiff is barred from obtaining certification of a class or collective

19 action under her complaint because class treatment does not benefit the Court or the

20 parties.

21    **FORTY-FIRST AFFIRMATIVE DEFENSE**

22    (COMMON QUESTIONS OF FACT DO NOT PREDOMINATE)

23      41.    Plaintiff is barred from obtaining certification of a class or collective

24 action under her complaint because common questions of fact do not predominate.

25

26

27

28

0038613/051/ 46171v04

1  **FORTY-SECOND AFFIRMATIVE DEFENSE**

2  (PLAINTIFF'S DAMAGES ARE UNIQUE AND INDIVIDUALIZED)

3      42.    Plaintiff is barred from obtaining certification of a class or collective

4  action under her complaint because any damages are unique and individualized and

5  require individualized proof at trial

6  **FORTY-THIRD AFFIRMATIVE DEFENSE**

7  (LACK OF CAFA SUBJECT MATTER JURISDICTION)

8      43.    The claims of Plaintiff and any putative class members are barred by the

9  lack of subject-matter jurisdiction, including jurisdiction pursuant to the Class Action

10 Fairness Act ("CAFA"), 28 U.S.C. §1332(d), and supplemental jurisdiction, 28

11 U.S.C. §1367.

12

13     In the event that Plaintiff seeks certification of a class or collective action,

14 Defendants reserve the right to supplement these affirmative defenses.  Defendants

15 further reserve the right to supplement these affirmative defenses as they become

16 known during the course of discovery.

17

18 Dated: March 9, 2010         LINER GRODE STEIN YANKELEVITZ
                              SUNSHINE REGENSTREIF & TAYLOR LLP

19

20

21                 By:   /s/ Peter E. Garrell
                    Peter E. Garrell

22                     Kim Zeldin
                    Attorneys for Defendants

23                     SPEARMINT RHINO
                    COMPANIES WORLDWIDE,

24                     INC., SPEARMINT RHINO
                    CONSULTING WORLDWIDE,

25                     INC. and OXNARD
                    HOSPITALITY SERVICES, INC.

26                     (erroneously sued herein as Oxnard
                    Hospitality Services, LP)

27

28

0038613/051/ 46171v04

## JURY DEMAND

Defendants reserve their right to and hereby request a trial by jury on all matters so triable.

Dated: March 9, 2010

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP


By:   /s/ Peter E. Garrell
Peter E. Garrell
Kim Zeldin
Attorneys for Defendants
SPEARMINT RHINO
COMPANIES WORLDWIDE,
INC., SPEARMINT RHINO
CONSULTING WORLDWIDE,
INC. and OXNARD
HOSPITALITY SERVICES, INC.
(erroneously sued herein as Oxnard
Hospitality Services, LP)

40