Peter E. Garrell, Esq. (SBN: 155177)
  pgarrell@linerlaw.com
Kim Zeldin, Esq. (SBN: 135780)
  kzeldin@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Defendants,
SPEARMINT RHINO COMPANIES
WORLDWIDE, INC., SPEARMINT RHINO
CONSULTING WORLDWIDE, INC., and
OXNARD HOSPITALITY SERVICES, INC.
(erroneously sued herein as Oxnard Hospitality
Services, LP)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DAWN TRAUTH, individually, and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      vs.<br><br>SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT RHINO CONSULTING WORLDWIDE, INC., AND OXNARD HOSPITALITY SERVICES, LP,<br><br>            Defendants. | Case No. EDCV09-1316 VAP (DTBx)<br><br>Honorable Virginia A. Phillips<br><br>**SUPPLEMENTAL DECLARATION OF PETER E. GARRELL IN SUPPORT OF DEFENDANTS' REPLY RE MOTION TO STAY THE ACTION**<br><br>Date Action Filed:  July 13, 2009 |

I, Peter E. Garrell, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and the United States District Court for the Central District of California. I am a partner with the law firm of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP (the "Liner Firm") counsel for defendants Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc., and Oxnard Hospitality Services, Inc. (erroneously sued herein as Oxnard Hospitality Services, LP) in the above-captioned matter. The facts set forth herein are of my own personal knowledge, except for those matters set forth on information and belief, and as to those matters I am informed and believe them to be true.

2. On March 23 and 24, 2010, I appeared before Los Angeles Superior Court Judge Fruin in the *Omlor v. City of Industry* matter (Case No. BC 418020) on Ms. Trauth's ex parte application for leave to intervene in that action. I informed the state court that Defendants intended to oppose the motion to intervene on the basis that Ms. Truath did not have standing because she never performed at any Spearmint Rhino clubs. Judge Fruin ordered the parties to conduct discovery on the issue of Ms. Trauth's standing and set a briefing schedule on the motion to intervene.

3. Pursuant to the state court's order, Defendants produced 1427 documents and offered to produce witnesses to support their contention that Plaintiff does not have standing. These witnesses' depositions were set for April 1, 2010, but were continued by mutual agreement of the parties when the case was transferred. The witnesses remain available for deposition.

4. In the fall of 2009, I had a conversation with Plaintiff's counsel, Hart Robinovitch, about the parallel Los Angeles Superior Court action, entitled *Victoria Omlor v. City of Industry., et al.*, Case No. BC418020. During that conversation, Mr. Robinovitch referred to the *Omlor* Action as a "copy-cat" lawsuit of the present case. I replied that counsel for Plaintiffs in *Omlor*, Stephen Harris, would likely say the same thing about this action.

5. With respect to the settlement agreement executed in *Omlor*, until just days prior to obtaining the final signature, that settlement was never certain. It was the product of months of negotiation and compromise.

6. The final signature to the *Omlor* settlement was obtained on Friday, March 12, 2010. The following Monday, March 15, 2010, I telephoned Christopher Ridout, counsel for Plaintiff in this action, to inform him that we had executed a settlement in the *Omlor* class action, and that it would likely have preclusive effect upon this case. I provided this telephonic notice before serving any discovery responses. I also told Mr. Ridout that the written discovery responses we were serving contained only objections because the *Omlor* action would likely moot the need to provide any substantive responses.

7. It was only because of the settlement, finally executed on March 12, that Defendants decided under the circumstances not to respond to the written discovery and instead seek a motion to stay and an ex parte motion to stay pending a decision on the stay motion.

8. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's requests for production of documents directed to Spearmint Rhino Companies Worldwide, Inc. Plaintiff included requests that clearly do not relate to standing or class certification. For example, request number 35 asks for all documents "evidencing any capital expenditures, capital improvement for any Spearmint Rhino Nightclub." Request number 4 asks for all documents relevant to the underlying alleged liability relating to "the decision to not pay dancers working at any of the Spearmint Rhino Nightclubs wages."

9. In response to Defendants' requests for production, Plaintiff only produced a few (approximately 2) pages of responsive documents in addition to pleadings previously exchanged. The majority of the 2000 pages produced were completely non-responsive and/or printouts from the internet having no bearing on standing or class certification as this Court asked to be addressed. For example,

1 hundreds of pages of pleadings from Defendants' counsel's offices were produced
2 relating to shareholders' disputes at a Spearmint Rhino nightclub and the bankruptcy
3 pleadings of a former shareholder in a film company in which none of the
4 Defendants in this case are even shareholders.
5      I declare under penalty of perjury that the foregoing is true and correct.
6      Executed on April 5, 2010 at Los Angeles, California.

*/s/ Peter E. Garrell*
Peter E. Garrell