Peter E. Garrell, Esq. (SBN: 155177)
  pgarrell@linerlaw.com
Kim Zeldin, Esq. (SBN: 135780)
  kzeldin@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Defendants
SPEARMINT RHINO COMPANIES
WORLDWIDE, INC., SPEARMINT RHINO
CONSULTING WORLDWIDE, INC. and
OXNARD HOSPITALITY SERVICES, INC.,
(erroneously sued and served as OXNARD
HOSPITALITY SERVICES, LP)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DAWN TRAUTH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT RHINO CONSULTING WORLDWIDE, INC., AND OXNARD HOSPITALITY SERVICES, LP,<br><br>Defendants. | Case No. EDCV09-1316 VAP (DTBx)<br><br>[Assigned for all purposes to the Hon. Virginia A. Phillips, Department 2]<br><br>**DECLARATION OF PETER E. GARRELL IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION OF OBJECTORS AND PUTATIVE CLASS CLASS MEMBERS FOR ORDER CONTINUING PLAINITFFS' AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

# DECLARATION OF PETER E. GARRELL

I, Peter E. Garrell, declare as follows:

1. I am a member, in good standing, of the Bar of the State of California, duly licensed to practice before all the courts of the State of California including the United States District Court for the Central District of California. I am a partner with the law firm of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, attorneys for defendants SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT RHINO CONSULTING WORLDWIDE, INC. and OXNARD HOSPITALITY SERVICES, LP in this case. I have personal knowledge of the matters stated herein, and if called upon to do so, I could and would competently testify thereto.

2. I provide this declaration in Support of Plaintiffs' Opposition to the Ex Parte Application of "Objectors" and Putative Class Members Stacey Salazar, Erica Sullivan and Cynthia Gonzalez ("*Salazar* Plaintiffs") for an Order Continuing Plaintiffs' Amended Motion for Preliminary Approval of The Class Action Settlement.

3. Preliminarily, Cynthia Gonzalez never performed at any of the clubs at issue in the *Trauth* Settlement. She therefore is not a putative class member and thus has no standing to object or seek to continue the hearing.

4. Counsel for the *Salazar* Plaintiffs have been aware of the *Trauth* action for months. On April 5, 2010, counsel for the *Salazar* Plaintiffs filed a Notice of Related Cases, which identified not only the *Trauth* action, but also an arbitration and three other state court actions pending in Los Angeles Superior Court. A true and correct copy of the Notice of Related Case is attached as Exhibit "1." It would have been extraordinarily easy for counsel to monitor the exotic dancer litigation in California and ascertain that a global settlement had been reached in this case. For example, counsel could have signed up for electronic notice through PACER.

Plaintiffs herein filed a motion for preliminary approval of the settlement agreement on May 17, 2010 -- almost two months ago.

5. Contrary to the representations in the ex parte application, counsel for the *Salazar* Plaintiffs have known since at least April 12, 2010 that Defendants have been seeking to settle a number of California lawsuits involving wage and hour claims by exotic dancers.

6. On April 12, 2010, I telephoned Mr. Robert Manuwal, counsel for the *Salazar* Plaintiffs. I called Mr. Manuwal first because he was listed at the top of the *Salazar* complaint caption page. The purpose of my call was to introduce myself as defense counsel and inform him that we had executed a global settlement of the exotic dancer wage and hour litigation involving my firm's clients who operate nightclubs under the "Spearmint Rhino," "Rouge," and "Blue Zebra" logos in the State of California. That settlement was reached in a Los Angeles Superior Court action entitled *Omlor v. City of Industry Hospitality Venture, Inc.*, BC418020 (the "*Omlor* action"). I left a message for Mr. Manuwal and to this day, he has never returned my call.

7. Because I never heard back from Mr. Manuwal, later on April 12, 2010, I telephoned the next attorney on the *Salazar* complaint, Mr. Murray Sinclair, with whom I spoke that day. After introducing myself as defense counsel, I informed Mr. Sinclair of the global settlement in the *Omlor* action. I have never heard back from Mr. Sinclair and (other then being listed as a "cc" on recent e-mails between counsel in the *Salazar* case and this *Trauth* case) the only other communication between our offices was a request by my office for an extension to respond to the complaint. On May 1, 2010, counsel of the *Omlor* plaintiffs rescinded the settlement agreement.

8. The *Salazar* complaint names incorrect legal entities, mixes unrelated clubs, and fails to propose any class definition. The only reason defendants answered the *Salazar* complaint, rather than filing a demurrer was to conserve judicial resources and save our clients' money because the global settlement in this

case will resolve and be res judicata of any claims or causes of action pled in *Salazar*. I learned that at least one other defendant was going to file a demurrer and I intend on joining that demurrer. As represented to me, that demurrer was filed on behalf of other defendants in *Salazar*, a true and correct copy of which demurrer is attached as Exhibit "2."

9. As counsel for the *Salazar* Plaintiffs acknowledges, my partner, Kim Zeldin, telephoned them on June 30, 2010 to inquire whether they would be willing to stay the *Salazar* action based upon the *Trauth* settlement agreement. Pursuant to Ms. Zeldin's inquiries, based upon the settlement and the pending preliminary approval motion in this case, plaintiffs' counsel in four other exotic dancer cases have agreed to stay those actions based upon the global and nationwide *Trauth* settlement, including: (1) *Omlor/Wright v. The Spearmint Rhino Companies Worldwide, Inc.*, LASC Case No. BC418020; (2) *Omlor/Vintimilla v. The Spearmint Rhino Companies Worldwide, Inc.*, LASC Case No. BC420882; (3) *Hoisington v. Rouge Gentlemen's Club, Inc.*, BC419646; and (4) *Hoisington v. Inland Restaurant Venture 1, Inc.*, LASC BC 419669. Stipulations to stay these related cases will be filed within the next two court days. In addition, separate counsel in Nevada obtained a stay in *Pelaez v. Spearmint Rhino Worldwide Companies, Inc.*, District Court, Clark County Nevada, A-10-613508-C on June 28, 2010 based upon *Trauth*. Of the several lawsuits pending in State or Federal Court in both California and Nevada against parties to the *Trauth* settlement, the *Salazar* plaintiffs are the only parties to not agree to a stay based upon the settlement and pending preliminary approval motion.

I declare, under penalty of perjury that the foregoing is true and correct. Executed this 9th day of July, 2010, at Los Angeles, California.

Peter E. Garrell