1  Peter E. Garrell, Esq. (SBN: 155177)
       pgarrell@linerlaw.com
2  Kim Zeldin, Esq. (SBN: 135780)
       kzeldin@linerlaw.com
3  LINER GRODE STEIN YANKELEVITZ
   SUNSHINE REGENSTREIF & TAYLOR LLP
4  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
5  Telephone:  (310) 500-3500
   Facsimile:  (310) 500-3501
6
   Attorneys for Defendants
7

8               UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA
10

11 TRACY DAWN TRAUTH, JENNIFER     )  Case No. EDCV09-1316 VAP (DTBx)
   BLAIR, CHRISTEEN RIVERA,        )
12 VICTORIA OMLOR, JASMINE         )  **NOTICE OF LODGING OF CAFA
   WRIGHT, ANICIA VINTIMILLA,      )  LETTER IN CONNECTION WITH
13 MARSHAL ELLINGTON, SELENA       )  MOTION FOR PRELIMINARY
   DENISE PELAEZ, NICOLE GARCIA,   )  APPROVAL OF SETTLEMENT**
14 REAH NAVARRO, and TAMI          )
   SANCHEZ, individually, and on behalf of ) [Hon. Virginia A. Phillips]
15 a Class of similarly situated individuals, )
                                   )  Date Action Filed:  July 13, 2009
16         Plaintiffs,              )  Trial Date:         TBD
                                   )
17    vs.                          )
                                   )
18                                 )
   SPEARMINT RHINO COMPANIES       )
19 WORLDWIDE, INC., SPEARMINT      )
   RHINO CONSULTING WORLDWIDE,     )
20 INC., THE OXNARD HOSPITALITY    )
   SERVICES, LP, CITY OF INDUSTRY  )
21 HOSPITALITY VENTURE, INC.,      )
   DOWNTOWN LA CLUB VENTURE,       )
22 INC., FARMDALE HOSPITALITY      )
   SERVICES, INC., HIGH            )
23 EXPECTATIONS HOSPITALITY, LLC,  )
   INLAND RESTAURANT VENTURE I,    )
24 INC., K-KEL, INC., KENTUCKY     )
   HOSPITALITY VENTURE, LLC, LCM,  )
25 LLC, MIDNIGHT SUN ENTERPRISES,  )
   INC., OLYMPIC AVENUE VENTURE,   )
26 INC., SANTA BARBARA             )
   HOSPITALITY SERVICES, INC.,     )
27 SANTA MARIA RESTAURANT          )
   ENTERPRISES, INC., WPB          )
28 HOSPITALITY, LLC, RIALTO        )
   POCKETS, INC., and ROUGE        )

                                              Case No. EDCV09-1316 VAP (DTBx)
                    NOTICE OF LODGING OF CAFA LETTER
0038613/028/ 51926v01

1 | GENTLEMEN'S CLUB, INC.,
2 |         Defendants.
3
4     The parties have satisfied their obligations under 28 U.S.C. § 1715 to provide
5 notice to governmental regulators.  Within ten days of the filing with the Court of the
6 proposed Settlement Agreement, Defendants duly served upon the Attorney General
7 of the United States, the Attorneys General for the States of California, Florida,
8 Idaho, Kentucky, Nevada, and Texas the materials required to satisfy the disclosure
9 requirements of 28 U.S.C. § 1715.  Attached hereto as Exhibit A to the Declaration
10 of Peter E. Garrell filed herewith is a true and correct copy of the Class Action
11 Fairness Act Letter sent by Counsel of Record for Defendants, Peter E. Garrell on
12 July 13, 2010 to the United States Attorney General and all State Attorneys General
13 in California, Florida, Idaho, Kentucky, Nevada, and Texas.
14     Defendants intend to further supplement the earlier letter by sending the
15 revised Stipulation and Settlement Agreement executed in September, 2010 and the
16 Amendment once it is fully executed to the United States Attorney General and all
17 State Attorneys General in California, Florida, Idaho, Kentucky, Nevada, and Texas.
18 Defendants will file a further notice of lodging and declaration attaching the
19 supplemental letter with the Court once that is completed.
20
21 Dated: December 29, 2010         LINER GRODE STEIN YANKELEVITZ
                                                  SUNSHINE REGENSTREIF & TAYLOR LLP
22
23
                                          By: /s/_____
24                                                Peter E. Garrell
                                               Kim Zeldin
25                                                Attorneys for Defendant
26
27
28

# EXHIBIT "A"

38613.028



LINER GRODE STEIN
YANKELEVITZ SUNSHINE
REGENSTREIF - TAYLOR LLP

1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
t. 310.500.3500 | f. 310.500.3501

PETER E. GARRELL
pgarrell@linerlaw.com
Direct Dial: (310) 500-3576

July 13, 2010

**BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

The United States Attorney General
And All State Attorneys General On
the Attached Service List

Re:   *Trauth et al. v. The Oxnard Hospitality Services, et al*, U.S. Dist. Ct. C.D. CA.
      Case No. EDCV09-1316 VAP (DTBx)

Pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the following letter is intended to provide you notice of a proposed class action settlement by City of Industry Hospitality Venture, Inc., Downtown LA Club Venture, Inc., Farmdale Hospitality Services, Inc., High Expectations Hospitality, LLC, Inland Restaurant Venture I, Inc., K-Kel Inc, Kentucky Hospitality Venture, LLC, LCM, LLC, Midnight Sun Enterprises, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Inc., Rouge Gentlemen's Club, Inc., Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc., Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc., The Oxnard Hospitality Services, Inc., and WPB Hospitality, LLC. As required by the governing statute, 28 U.S.C. § 1715(b), enclosed please find a copy of the proposed settlement agreement.

A summary of the terms of this settlement is set forth below and the Settlement Agreement is enclosed. The Settlement Agreement includes as exhibits the proposed notice of the proposed settlement of this action, which notices and explains the procedures for participating in, requesting exclusion from or objecting to the settlement, the claim form, and also the proposed orders to be submitted to the court for both preliminary approval of the settlement and for entry of final judgment. The operative Complaint in this action and other case related documents are available on-line through the PACER document retrieval system by referencing the above case name and number. However, consistent with 28 U.S.C. § 1715, various documents are attached to this letter and itemized under the listing of Enclosures set forth on the final page of this letter. We also remain available to provide any additional information requested.

I.   Summary of Settlement Terms

    A.   Claims and Class Descriptions

The class action settlement will settle wage and hour claims on behalf of exotic dancers who performed at nightclubs in California, Florida, Idaho, Kentucky, Nevada, and Texas, which nightclubs are or were doing business under the names "Spearmint Rhino," "Rouge" and/or "Blue Zebra." Specifically, the settlement will resolve claims involving the Labor Codes of the above-referenced states for conduct including, but not limited to, the following: (1) classifying class members as independent contracts or as opposed to employees; (2) failing to pay applicable minimum wages; (3) failing to pay overtime wages; (4)

The United States Attorney General
July 13, 2010
Page 2

taking deductions from class members wages; (5) taking tips and other payouts; (6) requiring class members to purchase uniforms without reimbursement; (7) failing to provide meal breaks; (8) requiring class members to either sell or buy beverages; (9) requiring class members to pay fees to exchange chips for cash; and (10) requiring class members to pay money to club employees. In addition, those individuals who opt to be included in the settlement and submit a claim form will also release claims for purported violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

Plaintiffs have requested that the court certify a Settlement Class for Settlement purposes only that consists of all individuals, who performed as an exotic dancer at any of the Clubs and falls within at least one of the following subclasses:

1. "Oxnard Settlement Class": the individuals who worked as exotic dancers and who have provided nude, semi-nude and/or bikini entertainment for customers at one or more of the Clubs owned by the following entities at some point during the period of time from July 13, 2005 up to and including the entry of the Preliminarily Approval Order: City of Industry Hospitality Venture, Inc., Downtown LA Club Venture, Inc., Inland Restaurant Venture I, Inc., Midnight Sun Enterprises, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Inc., Rouge Gentlemen's Club, Inc., Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc. and The Oxnard Hospitality Services, Inc.

2. "Farmdale Settlement Class": the individuals who worked as exotic dancers and who have provided nude, semi-nude and/or bikini entertainment for customers of Farmdale Hospitality Services, Inc. from July 13, 2006 to the entry of the Preliminary Approval Order.

3. "Florida Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned WPB Hospitality, LLC from May 3, 2006 to the entry of the Preliminary Approval Order.

4. "Idaho Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by LCM, LLC from May 3, 2006 to the entry of the Preliminary Approval Order.

5. "Kentucky Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by Kentucky Hospitality Venture, LLC from May 3, 2005 to the entry of the Preliminary Approval Order.

6. "Texas Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by High Expectations Hospitality Venture, LLC. from May 3, 2007 to the entry of the Preliminary Approval Order.

The United States Attorney General
July 13, 2010
Page 3

7. "Nevada Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by K-Kel Inc. from July 13, 2006 to the date of entry of the Preliminary Approval Order.

8. "FLSA Settlement Class": those individuals who are members of the Oxnard, Farmdale, Kentucky, Idaho, Texas, Nevada and Florida Settlement Classes who elect to participate in the Settlement and timely submit a Valid Claim Form.

B. Monetary Payment

1. The Gross Settlement Amount

The Settlement provides that there is a Gross Settlement Amount of up to $10,000,000. The Gross Settlement Amount shall be used first to pay the following, as directed by the Court:

a) The attorneys' fees of Class Counsel, not to exceed 25% percent of the Gross Settlement Amount or $2,500,000;

b) The Administrative Costs of Settlement, including Class Notice, internet notice, claims administration, and any fees and costs incurred or charged by the Settlement Administrator, in connection with the execution of its duties under the Agreement, in an amount not to exceed $55,000.

2. Incentive fees to the Class Representatives

A total of not more than $77,500 of the Gross Settlement Amount shall be allocated for payment of incentive fees in the aggregate. Defendants agree not to oppose an application by Tracy Dawn Trauth for an incentive award up to $15,000. Defendants further agree they shall not oppose an application by Jennifer Blair, Christeen Rivera, Victoria Omlor, Jasmine Wright and Anicia Vintimilla for incentive fee awards of up to $7,500 each and shall not oppose an application for Marsha Ellington, Selena Denise Palaez, Nicole Garcia, Reah Navarro, and Tami Sanchez for incentive fee awards of up to 5,000 each. If the Class Members' claims amount to less than $2,100,000 the incentive fee awards will be distributed from the difference between the $2,100,000 and the total claims, before that amount is distributed to Class Members on a *pro rata* basis or any amount is distributed to the special fund (see below). If the difference between the $2,100,000 and the total claims is not sufficient to pay the total incentive fee award, then the incentive fee awards shall be paid in the first instance from the difference between the $2,100,000 and the total claims and any additional amounts due for incentive fee awards shall be paid from the Gross Settlement Amount. If the Class Members' claims amount to $2,100,000 or more, the incentive fee awards will be paid from the Gross Settlement Amount.

The United States Attorney General
July 13, 2010
Page 4

### 3. California Labor Code § 2699 Claim

A total of $20,000 shall be allocated to the California Labor Code Section 2699 claim and paid within 30 days of the Effective Date. Seventy-five percent of that amount or $15,000 shall be paid by the following entities to the LWDA for penalties under the Private Attorneys General Act: City of Industry Hospitality Venture, Inc., Farmdale Hospitality Services, Inc., Inland Restaurant Venture I, Inc., Midnight Sun Enterprises, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Inc., Rouge Gentlemen's Club, Inc., Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc. and The Oxnard Hospitality Services, Inc. The $15,000 shall be deducted from the portion of the Net Settlement Fund or the pool allocated for payment to the Oxnard and Farmdale Settlement Classes. The $5,000 remaining of the amount allocated to the Labor Code Section 2699 claim shall remain a part of the pool allocated to the payment of claims for the Oxnard and Farmdale Settlement Classes.

### 4. Net Settlement Amount

The amount remaining after payment of the amounts referred to above is the Net Settlement Amount from which the individual Members of the Settlement Classes will be paid. The Net Settlement Fund shall be allocated in four pools as follows:

Pool 1: 70% of the Net Settlement Fund shall be allocated to the Oxnard and Farmdale Settlement Classes. The Oxnard and Farmdale Settlement Class Members shall be paid from this pool by dividing the amount in the pool by the total number of Dance Shifts performed by all Oxnard and Farmdale Settlement Class Members and then multiplying that number by the number of Dance Shifts performed by the individual Oxnard or Farmdale Class Member who submits a Valid Claim, as determined by the Settlement Administrator. Of this sum to be paid, 30% of the payment shall be earmarked as compensation for any claimed tip sharing practices.

Pool 2: 20% of the Net Settlement Amount shall be allocated to the Nevada Settlement Class. The Nevada Settlement Class Members shall be paid from this pool by dividing the amount in the pool by the total number of Dance Shifts performed by all Nevada Settlement Class Members and then multiplying that number by the number of Dance Shifts performed by the individual Nevada Settlement Class Member who submits a Valid Claim, as determined by the Settlement Administrator.

Pool 3: 10% of the Net Settlement Amount shall be allocated to the Texas Settlement Class, the Florida Settlement Class, the Idaho Settlement Class, and the Kentucky Settlement Class collectively. These classes shall be paid from this pool by dividing the amount in the pool by the total number of Dance Shifts performed by all Texas Settlement Class Members, Florida Settlement Class Members, Idaho Settlement Class Members, and Kentucky Settlement Class Members and then multiplying that number by the number of Dance Shifts performed by the individual class member who submits a Valid Claim, as determined by the Settlement Administrator.

The United States Attorney General
July 13, 2010
Page 5

### 5. Minimum Payment

If the amount of the Class Members' claims who are valid and timely would result in a total settlement payments of less than $2,100,000, Defendants shall distribute the difference between $2,100,000 and the total claims as follows: (1) ten percent (10%) to Class Members who file claims on a *pro rata* basis; and (2) ninety percent (90%) will be paid over a 5 year period of time and earmarked for a special fund to be used for the benefit of dancers created and managed by Defendants. The purpose of the special fund shall be to assist dancers with medical, education, childcare, or similar needs Any unclaimed Net Settlement Amount in excess of $2,100,000 will be kept by Defendants.

## C. Injunctive Relief

### 1. Conversion of Dancers

The Existing Clubs agree to reclassify all dancers at the Existing Clubs as employees within eighteen months after the Effective Date. However, any Existing Club may, following thirty (30) days written notification to Class Counsel, not reclassify the dancers or if reclassified, make a new reclassification to independent contractor or partner if any of the following occur: (a) there is a development in the Federal Law or the laws in the states of California, Nevada, Texas, Kentucky, Florida, or Idaho that clarifies, establishes or otherwise supports Defendants' position that exotic dancers are independent contractors or partners; or (b) if, after one year of the reclassification of dancers as employees, Consulting and the Existing Clubs make a determination that, because a majority of the other adult nightclubs in the relevant market have not converted their dancers to employees, the quality and/or number of prospective dancers they are able to attract is such that they are unable to remain competitive in the adult nightclub industry by continuing to treat the dancers as employees; or (c) if, prior to the reclassification or after it, there is (i) a vote by 75% of the dancers at any Existing Club requesting that they be treated as independent contractors or partners; and (ii) a modification of procedures pertaining to dancers working in an Existing Club, that Existing Club will not have to reclassify the dancers as employees or if already reclassified as employees, the Existing Club may reclassify the dancers as independent contractors or partners following such a vote.

### 2. Elimination of Stage Fees

The Existing Clubs in the State of California agree to stop charging dancers Stage Fees within 30 days following the Effective Date.

## D. Class Notice

Notice of the Settlement will be provided by mail to the last known addresses contained in Defendants' and the Clubs' records. In addition, the claims administrator, Gilardi & Co. LLC, will place the Notice on its website. Also, the notice has been placed in the dressing rooms of all existing Clubs and will remain in those locations until two weeks following the mailing of the Notice.

The United States Attorney General
July 13, 2010
Page 6

II. Schedule

The motion for preliminary approval of these settlement terms and for setting the Fairness Hearing has been submitted to the Court and is currently set for hearing on July 19, 2010. If the settlement is preliminarily approved, the Court will set a final approval hearing date for a date approximately 120 days after the mailing date of this letter. These deadlines will be made available on PACER.

III. Class Member Estimates

Also enclosed is a spreadsheet detailing by State Defendants' reasonable estimate of the number of Class members in each State and the percentage that represents the estimated proportionate share of the claims of such members to the entire Settlement.

Very truly yours,

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP

By
Peter E. Garrell

cc: Hart L. Robinoitch, Esq. (w/out enclosures)
Christopher P. Ridout, Esq. (w/out enclosures)
Caleb LH Marker, Esq. (w/out enclosures)
Timothy J. Becker, Esq. Becker (w/out enclosures)
Stephen M. Harris, Esq. (w/out enclosures)
Robert L. Starr, Esq. (w/out enclosures)
Kim Zeldin, Esq. (w/out enclosures)

Enclosures:

- Fully Executed Stipulation and Settlement Agreement
- Notice of Amended Motion and Motion for Preliminary Approval of Class Action Settlement
- Supplemental and Second Supplemental Declaration of Christopher P. Ridout in Support of Motion (without Stipulation and Settlement Agreement attached as it is separately submitted)
- Declaration of Stephen M. Harris in Support of Preliminary Approval Motion
- Minute Order (1) Vacating July 12, 2010 Hearing on Plaintiffs' Amended Motion for Approval of Class Action Settlement; and (2) Rescheduling Hearing for July 19, 2010

0038613/028/ 463810v05

The United States Attorney General
July 13, 2010
Page 7

EXHIBIT 1

| States in Which Class Members Reside | Estimated Number of Class Members in the State | Estimated Percentage of the Total Settlement Proceeds to Be Distributed to Class Members in the State |
|---|---|---|
| California | 8,000 | 70% |
| Florida | 1,000 | 2.5% |
| Idaho | 350 | 2.5% |
| Kentucky | 1,000 | 2.5% |
| Nevada | 3,000 | 20% |
| Texas | 1,100 | 2.5% |

## Attorney Generals

United States Attorney General
Eric H. Holder, Jr.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

California Attorney General
Edmund G. Brown, Jr.
Office of the Attorney General
1300 "I" Street
Sacramento, CA 95814-2919

Florida Attorney General
Bill McCollum
Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

Idaho Attorney General
Lawrence Wasden
Office of Attorney General
700 W. Jefferson Street
P.O. Box 83720
Boise, ID 83720-0010

Kentucky Attorney General
Jack Conway
Office of the Attorney General
700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601

Nevada Attorney General
Catherine Cortez Masto
Carson City Office:
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717

Texas Attorney General
Greg Abbott
Office of the Attorney General
PO Box 12548
Austin, TX 78711-2548

0038613/028/ 464647v01

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   United States Attorney General
   Eric H. Holder, Jr.
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

   JUL 28 2010

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7005 1160 0001 9675 9692

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

WASHINGTON DC 20530-0001
PS Form 3800, June 2002   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   California Attorney General
   Edmund G. Brown, Jr.
   Office of the Attorney General
   1300 "I" Street
   Sacramento, CA 95814-2919

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7002 2030 0000 4127 0761

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Florida Attorney General
   Bill McCollum
   Office of Attorney General
   State of Florida
   The Capitol PL-01
   Tallahassee, FL 32399-1050

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7006 0810 0000 5613 5284

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nevada Attorney General
Catherine Cortez Masto
Carson City Office:
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _RECEIVED_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

OFFICE OF THE ATTORNEY GENERAL
CARSON CITY, NEVADA
JUL 15 2010

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☒ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7006 0810 0000 5613 5260

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

Carson City, NV 89701-4717
PS Form 3800, June 2002   See Reverse for Instructions

---

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Texas Attorney General
Greg Abbott
Office of the Attorney General
PO Box 12548
Austin, TX 78711-2548

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

RECEIVED MAIL CENTER JUL 2010 OFFICE OF THE ATTORNEY GENERAL

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☒ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7006 0810 0000 5613 5253

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Idaho Attorney General
   Lawrence Wasden
   Office of Attorney General
   700 W. Jefferson Street
   P.O. Box 83720
   Boise, ID 83720-0010

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X                                        ☐ Agent
                                            ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

   JUL 19 2010

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number (Transfer from service label)
   7006 0810 0000 5613 5239

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Kentucky Attorney General
   Jack Conway
   Office of the Attorney General
   700 Capitol Avenue, Suite 118
   Frankfort, Kentucky 40601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X                                        ☐ Agent
                                            ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   KYLE WILSON          JUL 16 2010

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number (Transfer from service label)
   7006 0810 0000 5613 5277

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024-3503. On December 29, 2010, I served the within document(s) described as:

NOTICE OF LODGING OF CAFA LETTER IN CONNECTION WITH MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

on the interested parties in this action as stated below:

Jason J. Thompson, Esq.
Sommers Schwartz, P.C.
2000 Town Center
Suite 900
Southfield, MI 48075

[X]  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2010, at Los Angeles, California.

| Charmaine L. Clark | /s/ |
|---|---|
| (Type or print name) | (Signature) |

1

//0v0