Peter E. Garrell, Esq. (SBN: 155177)
  pgarrell@linerlaw.com
Kim Zeldin, Esq. (SBN: 135780)
  kzeldin@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DAWN TRAUTH, CHRISTEEN RIVERA, JENNIFER BLAIR, VICTORIA OMLOR, JASMINE WRIGHT, ANICIA VINTIMILLA, MARSHA ELLINGTON, SELENA DENISE PELAEZ, NICOLE GARCIA, REAH NAVARRO, TAMI SANCHEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT RHINO CONSULTING WORLDWIDE, INC., THE OXNARD HOSPITALITY SERVICES, LP, CITY OF INDUSTRY HOSPITALITY VENTURE, INC., DOWNTOWN LA CLUB VENTURE, INC., FARMDALE HOSPITALITY SERVICES, INC., HIGH EXPECTATIONS HOSPITALITY, LLC, INLAND RESTAURANT VENTURE I, INC., K-KEL, INC., KENTUCKY HOSPITALITY VENTURE, LLC, LCM, LLC, MIDNIGHT SUN ENTERPRISES, INC., OLYMPIC AVENUE VENTURE, INC., SANTA BARBARA HOSPITALITY SERVICES, INC., SANTA MARIA RESTAURANT ENTERPRISES, INC., WPB HOSPITALITY, LLC, RIALTO POCKETS, INC., and ROUGE | Case No. EDCV09-1316 VAP (DTBx)<br><br>Honorable Virginia A. Phillips, Courtroom 2<br><br>**DECLARATION OF PETER E. GARRELL IN SUPPORT OF NOTICE OF LODGING OF SUPPLEMENTAL CAFA LETTER IN CONNECTION WITH MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Plaintiffs' (renewed) Motion for Preliminary Approval of Class Action Settlement<br><br>Date:      March 7, 2011<br>Time:      2:00 p.m.<br>Courtroom: "2"<br><br>Date Action Filed: July 13, 2009<br>Trial Date:        TBD |

Case No. EDCV09-1316 VAP (DTBx)
DECLARATION OF PETER E. GARRELL IN SUPPORT OF NOTICE OF LODGING OF SUPPLEMENTAL
CAFA LETTER IN CONNECTION WITH MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
0038613/051/ 488496v01

1 | GENTLEMEN'S CLUB, INC., )
2 |     Defendants. )

5     I, Peter E. Garrell, declare as follows:

6     1.    I am an attorney at law duly licensed to practice before this Court. I am a partner of the law firm of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, counsel of record for Defendants in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

11     2.    Attached hereto as Exhibit "A" is a true and correct copy of the supplemental Class Action Fairness Act letter I sent on February 28, 2011 to the United States Attorney General and all State Attorneys General in California, Florida, Idaho, Kentucky, Nevada and Texas (without attachments.)

15     I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of March, 2011, at Los Angeles, California.

/s/
Peter E. Garrell

# EXHIBIT "A"



LINER GRODE STEIN
YANKELEVITZ SUNSHINE
REGENSTREIF + TAYLOR

1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
t. 310.500.3500 | f. 310.500.3501

PETER E. GARRELL
pgarrell@linerlaw.com
Direct Dial: (310) 500-3576

February 28, 2011

**BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

The United States Attorney General
And All State Attorneys General On
the Attached Service List

Re: *Trauth et al. v. The Oxnard Hospitality Services, et al*, U.S. Dist. Ct. C.D. CA. Case No. EDCV09-1316 VAP (DTBx)

Pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the following letter supplements my previous letter sent on July 13, 2010 providing notice of a proposed class action settlement by City of Industry Hospitality Venture, Inc., Downtown LA Club Venture, Inc., Farmdale Hospitality Services, Inc., High Expectations Hospitality, LLC, Inland Restaurant Venture I, Inc., K-Kel Inc, Kentucky Hospitality Venture, LLC, LCM, LLC, Midnight Sun Enterprises, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Inc., Rouge Gentlemen's Club, Inc., Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc., Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc., The Oxnard Hospitality Services, Inc. and WPB Hospitality, LLC. (For your convenience, we have enclosed with this letter a copy of the earlier July 13, 2010 letter (without enclosures).) Since the submission of the July 13th letter there have been two hearings before Judge Virginia Phillips, United States District Court Judge for the Central District of Los Angeles. In addition, and in accordance with those hearings, the parties revised the settlement agreement in September 2010 and amended it in December 2010. Enclosed please find a copy of the amended proposed settlement agreement entered into as of May 17, 2010, and executed in September 2010 and the Amendment to the Stipulation and Settlement entered into in December 2010, and fully executed in February 2011 and filed with the United States District Court on February 10, 2011.

A summary of the terms of the current and amended settlement is set forth below and the current form of the Settlement Agreement as amended is enclosed. The Settlement Agreement includes as exhibits the proposed notice of the proposed settlement of this action, which notices and explains the procedures for participating in, requesting exclusion from or objecting to the settlement, the claim form, and also the proposed orders to be submitted to the court for both preliminary approval of the settlement and for entry of final judgment. For your convenience, we have provided copies of the further briefing and evidence submitted to the court since the submission of the July 13th letter. Those materials are listed at the end of this letter. The operative Complaint in this action (the Fifth Amended Complaint) and other case related documents are available on-line through the PACER document retrieval system by referencing the above case name and number. We remain available to provide any additional information requested.

The United States Attorney General
February 28, 2011
Page 2

I.  Summary of Amended Settlement Terms

   A.  Claims and Class Descriptions

   The class action settlement will settle wage and hour claims on behalf of exotic dancers who performed at nightclubs in California, Florida, Idaho, Kentucky, Nevada, and Texas, which nightclubs are or were doing business under the names "Spearmint Rhino," "Rouge" and/or "Blue Zebra." Specifically, the settlement will resolve claims involving the Labor Codes of the above-referenced states for conduct including, but not limited to, the following: (1) classifying class members as independent contracts or as opposed to employees; (2) failing to pay applicable minimum wages; (3) failing to pay overtime wages; (4) taking deductions from class members wages; (5) taking tips and other payouts; (6) requiring class members to purchase uniforms without reimbursement; (7) failing to provide meal breaks; (8) requiring class members to either sell or buy beverages; (9) requiring class members to pay fees to exchange chips for cash; and (10) requiring class members to pay money to club employees. In addition, those individuals who opt to be included in the settlement and submit a claim form will also release claims for purported violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

   Plaintiffs have requested that the court certify a Settlement Class[1] for Settlement purposes only that consists of all individuals, who performed as an exotic dancer at any of the Clubs and falls within at least one of the following subclasses:

   1. "Oxnard Settlement Class": the individuals who worked as exotic dancers and who have provided nude, semi-nude and/or bikini entertainment for customers at one or more of the Clubs owned by the following entities at some point during the period of time from July 13, 2005 up to and including the entry of the Preliminarily Approval Order: City of Industry Hospitality Venture, Inc., Downtown LA Club Venture, Inc., Inland Restaurant Venture I, Inc., Midnight Sun Enterprises, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Inc., Rouge Gentlemen's Club, Inc., Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc. and The Oxnard Hospitality Services, Inc.

   2. "Farmdale Settlement Class": the individuals who worked as exotic dancers and who have provided nude, semi-nude and/or bikini entertainment for customers of Farmdale Hospitality Services, Inc. from July 13, 2006 to the entry of the Preliminary Approval Order.

   3. "Florida Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned WPB Hospitality, LLC from May 3, 2006 to the entry of the Preliminary Approval Order.

---

[1] All defined terms in this correspondence shall have the same meaning as set forth in the Settlement Agreement.

0038613/028/ 483881v01

The United States Attorney General
February 28, 2011
Page 3

    4. "Idaho Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by LCM, LLC from May 3, 2006 to the entry of the Preliminary Approval Order.

    5. "Kentucky Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by Kentucky Hospitality Venture, LLC from May 3, 2005 to the entry of the Preliminary Approval Order.

    6. "Texas Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by High Expectations Hospitality Venture, LLC. from May 3, 2007 to the entry of the Preliminary Approval Order.

    7. "Nevada Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by K-Kel Inc. from July 13, 2006 to the date of entry of the Preliminary Approval Order.

    8. "FLSA Settlement Class": those individuals who are members of the Oxnard, Farmdale, Kentucky, Idaho, Texas, Nevada and Florida Settlement Classes who elect to participate in the Settlement and timely submit a Valid Claim Form.

B.  Monetary Payments

    1.  The Gross Settlement Amount

The Settlement provides that there is a Gross Settlement Amount of up to $10,000,000. The Gross Settlement Amount shall be used first to pay the following, as directed by the Court:

    a) The attorneys' fees of Class Counsel, not to exceed 25% percent of the Gross Settlement Amount or $2,500,000; and

    b) The Administrative Costs of Settlement, including Class Notice, internet notice, claims administration, and any fees and costs incurred or charged by the Settlement Administrator, in connection with the execution of its duties under the Agreement, in an amount not to exceed $55,000.

    2.  Net Settlement Amount

The amount remaining after payment of the amounts referred to above is the Net Settlement Amount from which the individual Members of the Settlement Classes will be paid. The Net Settlement Fund shall be allocated in four pools as follows:

The United States Attorney General
February 28, 2011
Page 4

Pool 1: 70% of the Net Settlement Fund shall be allocated to the Oxnard and Farmdale Settlement Classes. The Oxnard and Farmdale Settlement Class Members shall be paid from this pool by dividing the amount in the pool by the total number of Dance Shifts performed by all Oxnard and Farmdale Settlement Class Members and then multiplying that number by the number of Dance Shifts performed by the individual Oxnard or Farmdale Class Member who submits a Valid Claim, as determined by the Settlement Administrator. Of this sum to be paid, 30% of the payment shall be earmarked as compensation for any claimed tip sharing practices.

Pool 2: 20% of the Net Settlement Amount shall be allocated to the Nevada Settlement Class. The Nevada Settlement Class Members shall be paid from this pool by dividing the amount in the pool by the total number of Dance Shifts performed by all Nevada Settlement Class Members and then multiplying that number by the number of Dance Shifts performed by the individual Nevada Settlement Class Member who submits a Valid Claim, as determined by the Settlement Administrator.

Pool 3: 10% of the Net Settlement Amount shall be allocated to the Texas Settlement Class, the Florida Settlement Class, the Idaho Settlement Class, and the Kentucky Settlement Class collectively. These classes shall be paid from this pool by dividing the amount in the pool by the total number of Dance Shifts performed by all Texas Settlement Class Members, Florida Settlement Class Members, Idaho Settlement Class Members, and Kentucky Settlement Class Members and then multiplying that number by the number of Dance Shifts performed by the individual class member who submits a Valid Claim, as determined by the Settlement Administrator.

3. Estimate of Per Shift Amount Payments to Dancers

Assuming that the full amount of the attorney fees ($2,500,000) and administrative costs ($55,000) are ordered as set forth in the Settlement Agreement, the total Net Settlement Amount would be $7,445,000. The amount of the Net Settlement Fund allocated to Pool 1 would be $ 5,211,500 ($15,000 of that is to be used to pay PAGA claims before it is distributed to the class members -- see below -- which is equal to $5,196,500), to Pool 2 would be $1,489,000 and to Pool 3 would be $744,500.

The number of shifts for Pool 1 for the applicable class period through November 24, is 478,766. The number of shifts for Pool 2 for the applicable class period through November 24 is 168,323. The number of shifts for Pool 3 for the applicable class periods through November 24 is 173,941.

As of November 24, 2010 Pool 1 class members are projected to receive $10.85 per shift, Pool 2 class members are projected to receive $8.84 per shift and Pool 3 class members are projected to receive $4.28 per shift.

4. Minimum Payment By Defendants

If the amount of the Class Members' claims who are valid and timely would result in total settlement payments of less than $2,100,000, Defendants shall distribute the difference between $2,100,000 and the total claims as follows: (1) ten percent (10%) to Class Members who file Valid claims on a *pro rata* basis;

The United States Attorney General
February 28, 2011
Page 5

and (2) ninety percent (90%) will be paid over a 5 year period of time to one or more charity, non-profit organization(s) existing pursuant to Internal Revenue Code Sections 501(c)(3) and/or 501(c)(4). Any unclaimed Net Settlement Amount in excess of $2,100,000 will be kept by Defendants.

### 5. Incentive Fees to the Class Representatives

A total of not more than $77,500 of the Gross Settlement Amount shall be allocated for payment of incentive fees in the aggregate. Defendants agree not to oppose an application by Tracy Dawn Trauth for an incentive award up to $15,000. Defendants further agree they shall not oppose an application by Jennifer Blair, Christeen Rivera, Victoria Omlor, Jasmine Wright and Anicia Vintimilla, Marsha Ellington, Selena Denise Palaez, Nicole Garcia, Reah Navarro, and Tami Sanchez for incentive fee awards of up to $6,250 each. If the Class Members' claims amount to less than $2,100,000 the incentive fee awards will be distributed from the difference between the $2,100,000 and the total claims, before that amount is distributed to Class Members on a *pro rata* basis or any amount is distributed to a 501(c)(3) and/or 501(c)(4) charity or charities. If the difference between the $2,100,000 and the total claims is not sufficient to pay the total incentive fee award, then the incentive fee awards shall be paid in the first instance from the difference between the $2,100,000 and the total claims and any additional amounts due for incentive fee awards shall be paid from the Gross Settlement Amount. If the Class Members' claims amount to $2,100,000 or more, the incentive fee awards will be paid from the Gross Settlement Amount.

### 6. California Labor Code § 2699 Claim

A total of $20,000 shall be allocated to the California Labor Code Section 2699 claim. Seventy-five percent of that amount or $15,000 shall be paid within 30 days of the Effective Date by the following entities to the LWDA for penalties under the Private Attorneys General Act: City of Industry Hospitality Venture, Inc., Farmdale Hospitality Services, Inc., Inland Restaurant Venture I, Inc., Midnight Sun Enterprises, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Inc., Rouge Gentlemen's Club, Inc., Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc. and The Oxnard Hospitality Services, Inc. The $15,000 shall be deducted from the portion of the Net Settlement Fund or the pool allocated for payment to the Oxnard and Farmdale Settlement Classes. The $5,000 remaining of the amount allocated to the Labor Code Section 2699 claim shall remain a part of the pool allocated to the payment of claims for the Oxnard and Farmdale Settlement Classes.

## C. Injunctive Relief

### 1. Conversion of Dancers

The Existing Clubs will discontinue the practice of treating dancers as independent contractors or lessees and shall also discontinue using any Dancer Performance Lease with class members within six (6) months after the Effective Date. Within six (6) months after the Effective Date, the Existing Clubs shall commence treating dancers as either employees or owners (e.g., shareholder, limited partner, partner, member or other type of ownership stake) of any of the Existing Clubs. To the extent that the laws change

The United States Attorney General
February 28, 2011
Page 6

in any particular jurisdiction where an Existing Club is operating which supports dancers being treated in a manner other than employee or owner, the Existing Club in that jurisdiction may change its practices consistent with the change in the law.

    2. Elimination of Stage Fees

The Existing Clubs in the State of California agree to stop charging dancers Stage Fees within 30 days following the Effective Date.

  D. Class Notice

Notice of the Settlement will be provided by mail to the last known addresses contained in Defendants' and the Clubs' records. In addition, the claims administrator, Gilardi & Co. LLC, will place the Notice on its website. Also, the notice has been placed in the dressing rooms of all existing Clubs and will remain in those locations until two weeks following the mailing of the Notice. Finally, the notice will be made available via a clickable tab on the web site www.spearmintrhino.com.

II. Schedule

The motion for preliminary approval of these settlement terms and for setting the Fairness Hearing has been submitted to the Court. On February 28, 2011, the United States District Court served notice dated February 25, 2011 of a hearing on Plaintiff's (renewed) Motion for Preliminary Approval of Class Action Settlement to be heard on March 7, 2011 at 2:00 p.m. Once the settlement is preliminarily approved, the Court should set a final approval hearing date for a date 120 days after that order. The deadlines will be made available on PACER.

The United States Attorney General
February 28, 2011
Page 7

III. Class Member Estimates

    Also enclosed is a spreadsheet detailing by state Defendants' reasonable estimate of the number of Class members in each State and the percentage that represents the estimated proportionate share of the claims of such members to the entire Settlement.

Very truly yours,

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP

By _____
Peter E. Garrell

PEG:clc
Enclosures

cc:     Hart L. Robinoitch, Esq. (w/out enclosures)
       Christopher P. Ridout, Esq. (w/out enclosures)
       Caleb LH Marker, Esq. (w/out enclosures)
       Timothy J. Becker, Esq. (w/out enclosures)
       Stephen M. Harris, Esq. (w/out enclosures)
       Robert L. Starr, Esq. (w/out enclosures)
       Kim Zeldin, Esq. (w/out enclosures)

Enclosures:

- Fully Executed Stipulation and Settlement Agreement signed in September 2010
- Notice of Motion and Second Amended Motion for Preliminary Approval of Class Action Settlement
- Second Declaration of Christopher P. Ridout in Support of Notice of Motion and Motion for Preliminary Approval of Class Action Settlement (without Stipulation and Settlement Agreement attached as it is separately submitted)
- Declaration of Hart L. Robinovitch in Support of Second Amended Motion for Preliminary Approval of Class Action Settlement
- Declaration of Caleb LH Marker in Support of Notice of Motion and Motion for Preliminary Approval of Class Action Settlement

The United States Attorney General
February 28, 2011
Page 8

- Declaration of Timothy J. Becker in Support of Motion for Preliminary Approval of Class Action Settlement
- Declarations of Tracy Dawn Trauth, Christeen Rivera, Jennifer Blair, Nicole Garcia, Marsha Ellington, Victoria Omlor, Selena Pelaez, Tami Sanchez, Rhea Navarro, Anicia Vintimilla and Jasmine Wright in Support of Motion for Preliminary Approval
- Declaration of Robert L. Starr Supporting Preliminary Approval Motion
- Declaration of Stephen M. Harris Supporting Preliminary Approval Order
- Amendment to Stipulation and Settlement Agreement Fully Executed in February 2011
- Plaintiffs' Supplemental Brief in Support of Second Amended Motion for Preliminary Approval of Class Action Settlement
- Declaration of Kathy Vercher in Support of Second Amended Motion for Preliminary Approval of Class Action Settlement
- Declaration of Robert L. Starr in Support of Second Amended Motion for Preliminary Approval of Class Action Settlement
- Declaration of Christopher P. Ridout in Support of Supplement to Second Motion for Approval of Preliminary Approval of Class Action Settlement (without Amendment to Stipulation and Settlement Agreement fully executed in February 2011 attached as it is separately submitted)

The United States Attorney General
February 28, 2011
Page 9

- EXHIBIT 1

| States in Which Class Members Reside | Estimated Number of Class Members in the State | Estimated Percentage of the Total Settlement Proceeds to Be Distributed to Class Members in the State |
|---|---|---|
| California | 8,260 | 70% |
| Florida | 1,030 | 2.5% |
| Idaho | 385 | 2.5% |
| Kentucky | 1,035 | 2.5% |
| Nevada | 3,785 | 20% |
| Texas | 1,265 | 2.5% |

## Attorney Generals

United States Attorney General
Eric H. Holder, Jr.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

California Attorney General
Kamala Harris
Office of the Attorney General
1300 "I" Street
Sacramento, CA 95814-2919

Florida Attorney General
Pam Bondi
Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

Idaho Attorney General
Lawrence Wasden
Office of Attorney General
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720-0010

Kentucky Attorney General
Jack Conway
Office of the Attorney General
700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601

Nevada Attorney General
Catherine Cortez Masto
Carson City Office:
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717

Texas Attorney General
Greg Abbott
Office of the Attorney General
300 W. 15th Street
Austin, TX 78701

0038613/028/ 464647v02

**U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7006 3450 0003 8063 3909

Sent To: Florida Attorney General
Street, Apt. No.; or PO Box No.: The Capitol PL-01
City, State, ZIP+4: Tallahassee, FL 32399-1050

---

**U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7006 3450 0003 8063 3886

Sent To: Texas Attorney General
Street, Apt. No.; or PO Box No.: P.O. Box 12548
City, State, ZIP+4: Austin, TX 78711-2548

---

**U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7006 3450 0003 8063 3879

Sent To: Idaho Attorney General
Street, Apt. No.; or PO Box No.: 700 W. Jefferson St.
City, State, ZIP+4: Boise, ID 83720-0010

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7006 3450 0003 8063 3855

Sent To: Kentucky Attorney General
Street, Apt. No.; or PO Box No. 700 Capital Ave. #118
City, State, ZIP+4 Frankfort, KY 40601

PS Form 3800, August 2006 — See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7006 3450 0003 8063 3848

Sent To: Nevada Attorney General
Street, Apt. No.; or PO Box No. 100 N. Carson Street
City, State, ZIP+4 Carson City, NV 89701-4717

PS Form 3800, August 2006 — See Reverse for Instructions

**U.S. Postal Service CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage: $
Certified Fee:
Return Receipt Fee (Endorsement Required):
Restricted Delivery Fee (Endorsement Required):
Total Postage & Fees: $

Postmark Here

Sent To: U.S. Attorney General
Street, Apt. No.; or PO Box No.: 950 Pennsylvania Ave, NW
City, State, ZIP+4: Washington, DC 20530-0001

PS Form 3800, August 2006   See Reverse for Instructions

Tracking: 7006 3450 0003 8043 3862

---

**U.S. Postal Service CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage: $
Certified Fee:
Return Receipt Fee (Endorsement Required):
Restricted Delivery Fee (Endorsement Required):
Total Postage & Fees: $

Postmark Here

Sent To: California Attorney General
Street, Apt. No.; or PO Box No.: 1300 "I" Street
City, State, ZIP+4: Sacramento, CA 95814-2919

PS Form 3800, August 2006   See Reverse for Instructions