Peter E. Garrell, Esq. (SBN: 155177)
    pgarrell@linerlaw.com
Kim Zeldin, Esq. (SBN: 135780)
    kzeldin@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DAWN TRAUTH, CHRISTEN RIVERA, JENNIFER BLAIR, VICTORIA OMLOR, JASMINE WRIGHT, ANICIA VINTIMILLA, MARSHA ELLINGTON, SELENA DENISE PELAEZ, NICOLE GARCIA, REAH NAVARRO, TAMI SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPEARMINT RHINO COMPANIES WORLDWIDE, INC.; SPEARMINT RHINO CONSULTING WORLDWIDE, INC.; THE OXNARD HOSPITALITY SERVICES, LP; CITY OF INDUSTRY HOSPITALITY VENTURE, INC.; DOWNTOWN LA CLUB VENTURE, INC.; FARMDALE HOSPITALITY SERVICES, INC.; HIGH EXPECTATIONS HOSPITALITY, LLC; INLAND RESTAURANT VENTURE 1, INC.; K-KEL, INC.; KENTUCKY HOSPITALITY VENTURE, LLC, LCM, LLC; MIDNIGHT SUN ENTERPRISES, INC.; OLYMPIC AVENUE VENTURE, INC.; SANTA BARBARA HOSPITALITY SERVICES, INC.; SANTA MARIA RESTAURANT ENTERPRISES, INC.; WPB HOSPITALITY LLC; RIALTO POCKETS, INC.; ROUGE GENTLEMEN'S CLUB, INC.,<br><br>Defendant. | Case No. EDVC09-1316 VAP (DTBx)<br><br>Assigned for All Purposes to The Hon. Virginia A. Phillips, Courtroom 2<br><br>**DECLARATION OF PETER E. GARRELL RE: SERVICE OF CAFA NOTICES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:      September 12, 2011<br>Time:      2:00 p.m.<br>Courtroom: 2 |

I, Peter E. Garrell, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner of the law firm of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, counsel of record for Defendants in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On July 13, 2010, I sent letters to the Attorney General of the United States and the attorney generals in California, Florida, Idaho, Kentucky, Nevada and Texas, pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA letter(s)") because these were the states where the nightclubs at issue in the above-captioned litigation were located.

3. On February 28, 2011 I sent a supplemental CAFA letter to the United States Attorney General and all attorney generals in California, Florida, Idaho, Kentucky, Nevada and Texas. These supplemental letters included copies of the September 2010 revision to the settlement agreement and the December 2010 amendment.

4. On April 29, 2011, I sent a letter to the remaining attorneys general in all of the other 44 states in the United States, enclosing a copy of the CAFA letter previously sent to the attorney general for the states in which Defendants conduct business. In working with the Settlement Administrator preparing the class notices and performing the National Change of Address Updates, I determined there may be class member(s) that reside in states other than California, Florida, Idaho, Kentucky, Nevada and/or Texas. Therefore, out of an abundance of caution, I forwarded the CAFA letters to these other states.

5. On May 9, 2011, I sent letters to the attorney generals in all 50 states, plus Puerto Rico and the District of Columbia enclosing additional documents from PACER and an estimate of the number of class members from each of those states.

6. All of the above were sent via certified mail, return receipt requested. We received return receipts or letter acknowledgements back from all of the 50 states plus Puerto Rico and the District of Columbia.

7. My office and I did not receive any response from the U.S. Attorney General. The only response received from any of the attorney generals from any of the states or from Puerto Rico or the District of Columbia was from the attorney general in the state of Washington acknowledging receipt of the CAFA letter and from the attorney general in the state of New York seeking documents from PACER that were previously not provided in hard copy (these documents were subsequently provided). No objections were received from any Attorney General.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of August, 2011, at Los Angeles, California.

/s/ Peter E. Garrell
Peter E. Garrell