**EXHIBIT A**

### THIRD AMENDMENT TO THE STIPULATION AND SETTLEMENT AGREEMENT DATED SEPTEMBER 17, 2010 (DOCKET 160-1)

Whereas, on July 13, 2009, a class action entitled *Tracy Dawn Trauth and Jennifer Blair v. The Spearmint Rhino Companies Worldwide, Inc., et al.*, Case No. EDCV09-1316 VAP (DTBx) was filed in the United States District Court for the Central District of California on behalf of a class of dancers working at nightclubs in California and Nevada.

Whereas, Defendants[1] and lead counsel for Plaintiffs commenced settlement negotiations in March 2010 and in the course of those negotiations certain business data regarding the number of class members and their dance shifts was provided to Class Counsel by Defendants, subject to confirmatory discovery;

Whereas, prior to entering into the Settlement Agreement, Class Counsel took confirmatory discovery regarding the number of class members and their dance shifts;

Whereas, on September 17, 2010, the Parties filed a Stipulation and Settlement Agreement, dated September 17, 2010 (Docket 160-1), agreeing to settle the Action under the terms and conditions memorialized in the Agreement, believing such Settlement to be fair, reasonable, adequate, and in the best interests of Plaintiffs, the general public, and the Members of the Settlement Classes;

Whereas, the Parties amended certain provisions of the Stipulation and Settlement Agreement, dated September 17, 2010 (Docket 160-1), in their Amendment to the Stipulation and Settlement Agreement (Docket 195-1, filed on February 10, 2011);

Whereas, the Gross Settlement Amount of the Stipulation and Settlement Agreement was $10 million (Settlement Agreement ¶ 7.2), twenty-percent (20%) of the Gross Settlement

---

[1] The words beginning with an initial capital letter shall have the definitions set forth in the Stipulation and Settlement Agreement or those contained in this Third Amendment, Paragraph B.

::ODMA\PCDOCS\DOCS2\58134\1

Amount was allocated to the Nevada Settlement Class (Settlement Agreement ¶ 7.2.2); and the Amendment to the Stipulation and Settlement Agreement (Settlement Agreement ¶ 4.4, as amended) provides that $2,100,000 (21%) of the Gross Settlement Amount is non-reversionary and any difference between that amount and the amount paid to Class Members shall be distributed 10% on a pro rata basis to the Class Members who submit valid claims and any remaining amount shall be distributed over a five year period to qualified charitable organizations pursuant to the procedures outlined in the Amendment to the Stipulation and Settlement Agreement;

Whereas, pursuant to the Agreement, the Net Settlement Amount was approximately $7.5 million (assuming that most of the amounts requested to be deducted from the Gross Settlement Amount were awarded including the attorneys' fees and costs);

Whereas, pursuant to the Agreement (and subject to some changes depending on the amount of attorneys' fees, costs and incentive fees awarded by the Court at or following the Fairness Hearing), the amount that would be paid to the Oxnard and Farmdale Subclass Members would be $10.70 per shift, the amount payable to Florida, Texas, Kentucky and Idaho Settlement Class Members would be $4.04 per shift and the amount paid to Nevada Settlement Class Members would be $7.09 per shift;

Whereas, in April 2011, Defendants provided the Settlement Administrator with a spreadsheet that listed the individuals in the Nevada Settlement Class and the number of shifts worked by those individuals during the Nevada Class Period. That list reflected a total of 4,884 Nevada Settlement Class Members and 211,557 total shifts worked by the Nevada Settlement Class members during the Nevada Class Period at the nightclub doing business as Spearmint Rhino. This information was provided to Class Counsel;

2

Whereas, the Existing Objectors timely filed objections;

Whereas, in the course of preparing for the Fairness Hearing, Defendants discovered that an error had been made in the reporting of the number of shifts that should have been included in the Nevada Settlement Class and disclosed this information to Class Counsel on August 28, 2011;

Whereas, Defendants and Class Counsel immediately negotiated an increase in the Gross Settlement Amount of the Stipulation and Settlement Agreement and the non-reversionary portion of the Settlement in an amount proportional to the increase in the number of shifts attributable to the Nevada Subclass Members, and agreed upon a course of supplemental investigation and discovery to be conducted concerning: (a) the number of Class Members in each subclass and the manner that this information was ascertained; (b) the number of shifts each Class Member worked and the manner that that this information was ascertained; and (c) the process used by the Settlement Administrator to best attempt to identify mailing addresses for the Class Members.

Whereas, following numerous communications and meetings between Defendants and Class Counsel, Plaintiffs and Defendants entered into the Second Amendment;

Whereas, over the course of several months and at the expenditure of significant resources by Defendants, Defendants prepared the spreadsheets specified and required in paragraph 2.A and 2.B of the Second Amendment and the Settlement Administrator prepared the spreadsheets specified in paragraph 2.C and Class Counsel and some Existing Objectors' Counsel came to Defense Counsel's offices on more than one occasion to review the spreadsheets and they were made readily available to them even on short notice;

3

Whereas, pursuant to the Second Amendment, upon receipt of information from Defendants including, but not limited to, the spreadsheets specified and required in paragraph 2.A and 2.B, and the spreadsheet prepared by the Settlement Administrator pursuant to paragraph 2.C, Class Counsel immediately coordinated and conducted six depositions regarding (a) the number of Class Members in each subclass and the manner that this information was ascertained; (b) the number of shifts each Class Member worked and the manner that this information was ascertained; and (c) the information used by the Settlement Administrator and processes used by the Settlement Administrator to identify mailing addresses for the Class Members; Existing Objectors' Counsel[2] was also offered the opportunity to review the information provided to Class Counsel and was offered the opportunity to participate in the six depositions conducted by Class Counsel;

Whereas, following the investigation and further discovery, Defendants' Counsel and Class Counsel are satisfied that there were potentially 8,503 members in the Nevada Settlement Class who had worked a total of 630,448 shift (which following the elimination of duplicates entries in the data by the Settlement Administrator it was determined that there are in fact 8,292 Nevada Settlement Class Members) and that in total, during the Class Period, the total of number of shifts in the Nevada Settlement Class is 630,448;

Whereas, following the investigation and further discovery, Defendants' Counsel and Class Counsel are satisfied that the error was limited to the Nevada Settlement Class and that the total number of class members and shifts relating to the Oxnard and Farmdale Settlement Classes and the Florida, Texas, Kentucky and Idaho Settlement Classes remain the same as previously

---

[2] Although all Existing Objectors' Counsel did not participate in the depositions, they were all included on correspondence with the details of the deponent, location and times for the depositions and were invited to attend.

::ODMA\PCDOCS\DOCS2\58134\1

reported and all the Class Members in these Settlement Classes had been sent notice and had an opportunity to make claims, file objections or to opt out of the Settlement Class;

Whereas, Defendants performed additional searches for social security numbers and addresses for the RUM Individuals and the Nevada Settlement Class Members pursuant to the Second Amendment and provided that information to the Settlement Administrator who in turn performed NCOA and Accurint searches to provide the best possible addresses for these individuals;

Wherefore, the Parties agree as follows:

A.    *Motion for Approval of Third Amendment to Agreement.*   Promptly after execution of this Third Amendment, Class Counsel shall file in the Court a motion requesting approval of the terms of this Third Amendment and requesting an order to that effect.

B.    Definitions.  The definition section of the Agreement, paragraph 1, is amended to include the following supplemental definitions

i.    "Amended Claims Period" means the time period between the date that the Settlement Administrator distributes the Second Class Notice and the date by which all Additional Claims must be submitted to the Settlement Administrator for consideration, of which the duration shall be sixty (60) days.

ii.    "Existing Objectors" means Stacy Salazar, Erica Sullivan, Judith Mendez, Rebecca Bonyadi, Corrisa Garberich, Walnetta Jones (Ms. Jones filed an opt-put and therefore the Parties take the position that her objection is

5

invalid) and Mikayla Hernandez (Ms. Hernandez neither filed a claim nor
an opt-out).

iii.  "Existing Objectors' Counsel" means:  Jeffrey Cohon, Murray Sinclair
and Robert Manuwal (representing Stacy Salazar, Erica Sullivan, Rebecca
Bonyadi, Judith Mendez and Corissa Garberich) and Gary M. Tetalman
and Lauren John Udden (representing Mikayla Hernandez and Walnetta
Jones).

iv.  "First Amendment" means the Amendment to the Stipulation and
Settlement Agreement filed with the Court on February 10, 2011 (Docket
# 195-1).

v.  "Initial Mailing" means the mailing of the Class Notice Documents that
took place pursuant to the Agreement, on May 4, 2011

vi.  "RUM Individuals" means those Class Members in the Kentucky, Idaho,
Farmdale, Florida, Oxnard, Florida, and Texas Settlement Classes who
were sent a copy of the Initial Class Notice with the Initial Mailing, but
the Class Notice Documents sent to them were undeliverable.

vii.  "Second Amendment" means the Stipulation and Settlement Agreement
filed with the Court on November 4, 2011 (Docket 262-1).

viii.  "Second Class Notice" means the proposed notice submitted in connection
with the Third Amendment, which is Exhibit F hereto as specified in
paragraph G of this Third Amendment.

ix.  "Second Class Notice Documents" means the Second Class Notice, the
Claim Form, a blank W-9 Form and a Request for Exclusion Form.

6

x.      "Second Class Notice Recipients" means the individuals who are mailed Second Class Notices pursuant to the terms of this Third Amendment and specifically paragraph F hereto.

C.      *Gross Settlement Amount.* Paragraphs 1.40 and 4.1 of the Agreement are amended as follows: The amount of $10,000,000 referenced in Paragraphs 1.40 and 4.1 of the Agreement shall be replaced with the amount of $12,970,000.

D.      *Fairness Hearing.* Paragraph 2.7 of the of the Agreement is amended to add the following language at the end of that paragraph: "Class Counsel will request, in the motion for approval of the Third Amendment, that the Court hold a Fairness Hearing no later than ninety (90) days after the entry of the order approving the Third Amendment. At the Fairness Hearing, the Parties will jointly request that the Court enter the Judgment, in substantially the form attached to the Agreement as Exhibit C."

E.      *Payment By Defendants.* Paragraph 4.2 of the Agreement shall be amended to delete the last sentence of that paragraph. Paragraph 4.3 of the Agreement is amended as follows: "Consulting shall be responsible for payment of a maximum amount of up to 2.5 million dollars ($2,500,000) of the Gross Settlement Amount. K-Kel, Inc. will be responsible for payment of a maximum up to four million, four hundred and seventy thousand dollars ($4,470,000), which represents the initial $1,500,000 pursuant to Paragraph 4.2 plus $2,970,000 more).

F.      *Non-Reversionary Amount.* Paragraph 4.4 (as amended by the First Amendment) of the Agreement is amended as follows: Each reference in this paragraph to the sum of $2.1 million shall be replaced with the sum of $2,618,712.

7

G.   *Second Class Notice Documents.*   Paragraph 5.1.2 of the Agreement shall be amended to add the following supplemental language at the end of the paragraph: "*Additional Class Notice to Nevada Settlement Class.*   Within 15 days of the order approving this Third Amendment to the Agreement, the Settlement Administrator will mail the Second Class Notice Documents to the RUM Individuals and the Nevada Settlement Class Members in the form attached hereto as Exhibit F.  Paragraph 5.1.3 and 5.1.4 shall not have any application to the mailing to the Nevada Settlement Class Members or the RUM Individuals because the additional searches for addresses were conducted by the Settlement Administrator before this Third Amendment was executed and therefore it would be unnecessary to repeat these additional searches post-mailing.

H.   *Additional Mailings.*   Paragraph 5.1.2 of the Agreement is amended to include the following additional supplemental language at the end of the paragraph (following the language specified in the previous paragraph hereto).  "Within 15 days of entry of the order approving this Third Amendment, additional notices, in the form attached as Exhibit G hereto, will be sent to all Nevada Settlement Class Members who made claims but were improperly and mistakenly sent a Class Notice in the Initial Mailing.  Within 15 days of entry of the order approving this Third Amendment, additional notices  in the form attached as Exhibit H hereto, will be sent to all Class Members who have made claims advising them of the status of the Settlement and the new Fairness Hearing date."

I.   *Internet Notice.*   Paragraph 5.2 of the Agreement (as amended by the First Amendment) is amended to add the following supplemental language to the end

8

of the paragraph: "The Second Amendment, Third Amendment (including the Exhibits) and the Court's order approving the Third Amendment shall be placed by the Settlement Administrator on its website within five (5) days of entry of the order approving the Third Amendment and shall remain on the Settlement Administrator's website through the Effective Date."

J.  *Confirmation of Notice Served.*  Paragraph 5.5 of the Agreement is amended to add the following supplemental language to the end of the paragraph: "No later than thirty (30) days before the new Fairness Hearing, Class Counsel shall file with the Court a declaration from a competent representative of the Settlement Administrator attesting that the Class Notices and additional mailings described in this Third Amendment have been made to the appropriate and specified Settlement Class Members."

K.  *Objections.*  Paragraph 5.7 of the Agreement will be amended to add the following supplemental language to the end of the paragraph:

i.  "Second Class Notice Recipients shall have from the date of the mailing of the Second Class Notice Documents through the end of the Amended Claims Period to file and serve any objections to the Settlement. The form of the objection and the manner of filing and service of it must be as specified in this Paragraph 5.7. The Class Representatives and Defendants shall file a response to the objections no later than ten (10) days prior to the Fairness Hearing. Objections by those other than Second Class Notice Recipients or Existing Objectors will not be considered by the Court.

9

    ii.    By no later than thirty days before the Fairness Hearing, Existing Objectors shall file with the Court (and serve on Class Counsel and Defense Counsel) a pleading stating whether they wish to withdraw their objections in light of the Third Amendment and shall explain in detail why that is the case and/or they shall indicate that they continue to object to the Settlement. The Existing Objectors will not be permitted to add new bases for objecting to the Settlement, but may address why the Third Amendment does not satisfy the concerns they raised in their originally filed objections. Defendants and Class Counsel shall file responses to any objections within 15 days of the Fairness Hearing. Any replies will be filed 5 days prior to the Fairness Hearing."

L.    *Opt-Out.* Paragraph 5.8.1 of the Agreement is amended to include the following supplemental language at the end of the paragraph: "Second Class Notice Recipients shall have until the end of the Amended Claims Period to file an opt-out in the form attached to the Agreement as Exhibit E and in the manner set forth in Paragraphs 5.8.1, 5.8.2 and 5.8.3 of the Agreement. Only Second Class Notice Recipients shall be permitted to opt-out."

M.    *Notice of Opt-Outs.* Paragraph 5.8.4 is amended to add the following supplemental language at the end of the paragraph: "Within ten (10) days following the last day of the Amended Claims Period, the Settlement Administrator will provide Class Counsel and Counsel for Defendants with information setting forth the final total number of Opt-Outs."

::ODMA\PCDOCS\DOCS2\58134\1

N.   *Additional Claims.*   Paragraph 6.2 of the Agreement is amended to add the following supplemental language to the end of the paragraph: "In order to be paid any Settlement benefits, Second Class Notice Recipients must complete and sign the Claim Form and a W-9 Form and return those forms along with any and all supporting documentation to the Settlement Administrator before the expiration of the Amended Claims Period. Second Class Notice Recipients who do not timely submit the Claim Form and W-9 Form to the Settlement Administrator will not be entitled to receive any monetary benefits from the Settlement. Paragraph 6.3 through 6.5 shall apply to the Second Class Notice Recipients who submit Claim Forms and W-9 Forms. Further, the Second Class Notice Recipients will be entitled to follow the dispute resolution procedures set forth in paragraph 6.7.1 and 6.7.2 of the Agreement. Paragraphs 6.6 and 6.73 of the Agreement are not applicable during and in connection with the Amended Claims Period. Only those individuals who have previously filed claims and Second Class Notice Recipients are eligible to receive the payment of any money under the Settlement."

O.   *Costs of Additional Class Notices And Settlement Administrator.*   Paragraphs 6.7.4 and 9.5 shall be amended to add the following supplemental language: "The costs of the additional class notices specified in the Third Amendment shall be borne by Defendants and paid from the Gross Settlement Amount. Those amounts are estimated to be approximately an additional $90,000."

P.   *Allocation of Net Settlement Fund.*   Paragraph 7.2 of the Agreement shall be amended to provide that 50.14% of the Net Settlement Fund shall be allocated to

11

Pool 1; 42.69% of the Net Settlement Fund shall be allocated to Pool 2; and 7.16% of the Net Settlement Fund shall be allocated to Pool 3. Other than this change all portions of Paragraph 7.2 of the Agreement shall remain the same.

Q.   *Attorneys' Fees and Costs.*   Paragraph 9.1 of the Agreement pertaining to the application for attorneys' fees and costs is amended in its entirety as follows: "Class Counsel may apply to the Court for an award of attorneys' fees and costs up to $2.5 million. The petition for attorneys' fees and costs was previously filed on June 23, 2011 (Docket # 212). Class Counsel shall have until sixty days prior to the Fairness Hearing to file any supplement to the previously filed application. Defendants shall not oppose such application, if Class Counsel's application requests an aggregate award of attorneys' fees and costs that does not exceed $2.5 million. Any fees and costs awarded by the Court to any Existing Objectors or their Counsel, if any, shall not be paid out of the $2.5 million pool made available to pay Class Counsel's fees and the Court shall separately enumerate the fees and costs to be paid to Class Counsel up to $2.5 million and separately enumerate the fees to be paid to the Existing Objectors or their Counsel, if any. Any amount remaining in the $2.5 million pool after payment of Court awarded fees and costs to Class Counsel shall be reallocated to the Gross Settlement Amount. The parties have not agreed that any Existing Objectors or any other objectors or their counsel should be paid any amount as fees or costs or satisfy the requirements to be awarded any fees or costs. All parties continue to reserve all rights to oppose or otherwise comment on any petition for fees and costs filed by Existing Objectors or any other objectors or their counsel."

12

R.   *Incentive Fee Awards.*   Paragraph 10.1 of the Agreement (the portion referring to the non-reversionary payment), as amended by the First Amendment, shall be further amended to substitute each reference to the sum of two million, one hundred thousand dollars ($2,100,000) with the sum of two million, six hundred and eighteen thousand and seven hundred and twelve dollars ($2,618,712).

S.   *Termination of Settlement.*   Paragraph 11.2 shall be amended as follows: "In addition, if a combined number of Dance Shifts for the individuals opting out of the Settlement exceeds two and a half (2.5) percent of the number of Dance Shifts performed by the Settlement Classes as a whole as reflected in Defendants' and the Existing Clubs' business records, then Defendants may, in their sole discretion, unilaterally withdraw from and terminate the Agreement no later than ten (10) business days after the Settlement Administrator furnishes information setting forth the Final Total Number of Opt-Outs."

T.   *Signatures on this Third Amendment to the Settlement Agreement.*   To ensure that this agreement is implemented promptly and to avoid further delay, Counsel are signing on behalf of their clients and represent by so signing that they have spoken with their clients who have agreed to its terms.

Dated: January 30, 2012

Peter B. Garrell
Kim Zeldin
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
(310) 500-3500 Telephone
(310) 500-3501 Facsimile

**Attorneys for Defendants**

13

Dated:  January 30, 2012

Christopher P. Ridout, CA Bar No. 143931
Caleb LH Marker, CA Bar No. 269721
RIDOUT & LYON, LLP
555 E. Ocean Boulevard, Suite 500
Long Beach, CA  90802
(562) 216-7380 Telephone
(562) 216-7385 Facsimile

Hart L. Robinovitch, AZ Bar No. 020910
ZIMMERMAN REED, P.L.L.P.
14646 N. Kierland Blvd., Suite 145
Scottsdale, Arizona 85254
(480) 348-6400 Telephone
(480) 348-6415 Facsimile
(Admitted Pro Hac Vice)

Attorneys for Plaintiffs and the Class

Dated:  January 30, 2012

Stephen M. Harris, CA Bar No. 110626
KNAPP, PETERSEN & CLARKE
550 North Brand Blvd., Suite 1500
Glendale, CA  91203-1922
(818) 547-5000 Telephone
(818) 547-5329 Facsimile

Robert L. Starr, CA Bar No. 183052
LAW OFFICES OF ROBERT L. STARR
23277 Ventura Blvd.
Woodland Hills, CA 91364-1002
(818) 225-9040 Telephone
(818) 225-9042 Facsimile

Attorneys for Plaintiffs and the Class

14

# EXHIBIT F

0030097/001/48461v01

## AMENDED NOTICE OF PROPOSED WAGE/HOUR CLASS AND COLLECTIVE ACTION SETTLEMENT, FAIRNESS HEARING, AND CLAIMS PROCEDURE

*Tracy Dawn Trauth, et al. v. Oxnard Hospitality Services, LP et al*
United States District Court for the Central District of California
Case No. EDCV09-1316 VAP (DTBx)

**ATTENTION:** You must timely complete, sign and return the enclosed Claim and W-9 Form (the "Class Notice Documents") to Gilardi & Co. LLC, the Settlement Administrator so that it is post-marked on or before _____, 2012 if you are to receive Settlement proceeds. If you fail to file a valid and timely claim, you will receive nothing under the Settlement. If you fail to file a valid and timely claim, and you also fail to exclude yourself from the Settlement, you will be bound by the release of all claims set forth herein. If you file a valid and timely claim you will also be bound by the release of all claims set forth herein.

This notice amends a previous notice sent on May 11, 2012, a copy of which you may or may not have previously received. You are being sent this notice because you fall within one of two categories (1) Defendants' business records reflect that you worked at the nightclub doing business as Spearmint Rhino located in Las Vegas, Nevada; or (2) you worked at another nightclub located elsewhere in the United States doing business as Spearmint Rhino, Blue Zebra or Rouge and the previous mailing sent on May 11, 2012 was returned to the Settlement Administrator as undeliverable, but this notice is being re-sent following an additional address database search to obtain a more current address for you.

<u>Please note that if you previously submitted a claim based upon dances you performed at the club doing business as Spearmint Rhino located in Las Vegas Nevada, that claim is no longer valid and you must submit a new claim in order to be paid pursuant to the terms of the Settlement.</u>

## I.    DESCRIPTION OF THE ACTION

The Plaintiffs contend that exotic dancers performing for customers at the adult clubs doing business as Spearmint Rhino, Rouge or Blue Zebra, in the states of California, Nevada, Kentucky, Idaho, Texas and Florida owned by City of Industry Hospitality Venture, Inc., Downtown LA Club Venture, Inc., Farmdale Hospitality Services, Inc., High Expectations Hospitality, LLC, Inland Restaurant Venture I, Inc., K-Kel Inc., LCM, LLC, Kentucky Hospitality Venture, Midnight Sun Enterprises, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Inc., Rouge Gentlemen's Club, Inc., Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc., The Oxnard Hospitality Services, Inc., and WPB Hospitality, LLC (the "Clubs") should have been treated as employees rather than independent contractors, and as a result were entitled to but did not receive adequate compensation and benefits in exchange for the services they provided to the Club(s). Plaintiffs further contend that Defendants were engaged in unlawful tip-sharing arrangements with the dancers. Defendants in

-1-

0038613/028/ 58051v01

the Action dispute and deny any and all claims asserted in the Action. Defendants deny that they engaged in any wrongdoing, and deny that they are liable to the Class Members in any way.

The United States District Court for the Central District of California has *not* ruled on the merits of Plaintiffs' claims.

## II.   PRELIMINARY APPROVAL AND CERTIFICATION OF SUBCLASSES

On April 4, 2011, the United States District Court for the Central District of California granted preliminary approval of the proposed Settlement of this Action. The following Settlement Class has been certified: all individuals, who performed as an exotic dancer at any of the Clubs and falls within at least one of the following subclasses:

(1)   "Oxnard Settlement Class": the individuals who worked as exotic dancers and who have provided nude, semi-nude and/or bikini entertainment for customers at one or more of the Clubs owned by the following entities at some point during the period of time from July 13, 2005 up to and including the entry of the Preliminarily Approval Order: City of Industry Hospitality Venture, Inc., Downtown LA Club Venture, Inc., Inland Restaurant Venture I, Inc., Midnight Sun Enterprises, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Inc., Rouge Gentlemen's Club, Inc., Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc. and The Oxnard Hospitality Services, Inc.

(2)   "Farmdale Settlement Class": the individuals who worked as exotic dancers and who have provided nude, semi-nude and/or bikini entertainment for customers of Farmdale Hospitality Services, Inc. from July 13, 2006 to the entry of the Preliminary Approval Order.

(3)   "Florida Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned WPB Hospitality, LLC from May 3, 2006 to the entry of the Preliminary Approval Order.

(4)   "Idaho Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by LCM, LLC from May 3, 2006 to the entry of the Preliminary Approval Order.

(5)   "Kentucky Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by Kentucky Hospitality Venture, LLC from May 3, 2005 to the entry of the Preliminary Approval Order.

(6)   "Texas Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club owned by High Expectations Hospitality Venture, LLC. from May 3, 2007 to the entry of the Preliminary Approval Order.

(7)   "Nevada Settlement Class": the individuals who performed as exotic dancers and who have provided nude, semi-nude, and/or bikini entertainment for customers at the Club

-2-

owned by K-Kel Inc. from July 13, 2006 to the date of entry of the Preliminary Approval
Order.

(8)     "FLSA Settlement Class": those individuals who are members of the Oxnard, Farmdale,
Kentucky, Idaho, Texas, Nevada and Florida Settlement Classes who elect to participate
in the Settlement and timely submit a Valid Claim Form.

According to the Clubs' records, you fall within one or more of the subclasses.

## III.     SUMMARY OF THE SETTLEMENT AGREEMENT

A.     The Settlement provides for a Gross Settlement Amount of up to
$12,970,000.

B.     The Gross Settlement Amount shall be used first to pay the following, as
directed by the Court:

1.     The attorneys' fees and costs of Class Counsel, not to exceed $2,500,000;
and

2.     The Administrative Costs of Settlement, including Class Notice, internet
notice, claims administration, and any fees and costs incurred or charged by the Settlement
Administrator, in connection with the execution of its duties under the Agreement, in an amount
not to exceed $55,000, plus additional costs currently estimated at $90,000.

C.     The amount remaining after payment of the amounts referred to above in
paragraph B is the Net Settlement Amount from which the individual Members of the Settlement
Classes will be paid.  This amount will result in an estimated payment to eligible class members
of between $4.04 and $10.70 per shift.  This amount is an estimate only, and various factors may
lead to this number being different at the time of final approval of the settlement, e.g., which
pool the Class Member is a member of, the number of shifts being used to calculate the amount
per shift which class members are eligible to receive, and the amount of the attorney fee award,
and the amount of the incentive fee awards.  The Net Settlement Fund shall be allocated in three
pools as follows:

Pool 1:  50.14% of the Net Settlement Amount shall be allocated to the Oxnard and
Farmdale Settlement Classes.  (There is $15,000 in California Private Attorneys General Act
penalties that will be paid first from this pool).  Thirty percent of the payments to this pool are
allocated to claims regarding tip-sharing.

Pool 2:  42.69% of the Net Settlement Amount shall be allocated to the Nevada
Settlement Class.

Pool 3:  7.16% of the Net Settlement Amount shall be allocated to the Texas Settlement
Class, the Florida Settlement Class, the Idaho Settlement Class, and the Kentucky Settlement
Class collectively.

-3-

Within each pool, the Class Members will receive Settlement payments on a pro rata basis, based upon the number of Dance Shifts performed.

D.     If the number of Settlement Class Members who make valid and timely claims would result in total settlement payments that amount to less than $2,618,712, Defendants shall distribute the difference between $2,618,712 and the total claims as follows: (1) incentive fees of up to $77,500 in the aggregate (see paragraph immediately below this one); (2) 10% to Class Members who file claims on a pro rata basis; and (3) 90% to be paid over a five year period of time to an I.R.C. 501(c)(3) or (4) charitable organization(s) to be chosen by Defendants and approved by Plaintiffs. Defendants' Counsel will provide quarterly reports to Plaintiffs' Counsel and the Court regarding disbursements from the special fund. Any unclaimed Net Settlement Amount in excess of $2,618,712 will be kept by Defendants.

E.     Incentive fees to the Class Representatives – Tracy Dawn Trauth, Jennifer Blair, Christina Rivera, Victoria Omlor, Jasmine Wright, Anicia Vintimilla, Marsha Ellington, Selena Denise Pelaez, Nicole Garcia, Reah Navarro, and Tami Sanchez. Class Counsel may apply to the Court for an award of incentive fees up to seventy-seven thousand five hundred dollars ($77,500) to the Class Representatives no later than ten (10) days prior to the Fairness Hearing. Ms. Trauth may apply, without objection by Defendants' Counsel, for an incentive award of up to $15,000. The remaining Class Representatives may apply for incentive awards of up to $6,250 each, without objection by Defendants' Counsel. If the number of Settlement Class Members who make valid and timely claims would result in total settlement payments that amount to less than $2,618,712, then the incentive fees shall be paid from this amount. If the total value of submitted Valid Claims is more than $2,618,712, then the incentive fees shall be paid from the Gross Settlement Amount. This paragraph is subject to Section 10.1 of the Settlement Agreement.

F.     The Existing Clubs in California will stop charging dancers Stage Fees within 30 days after the Effective Date. In addition, the Existing Clubs agree to reclassify all dancers at the Existing Clubs as employees or owners within six months after the Effective Date.

G.     The Settlement Administrator shall cause the Settlement payment(s) to the Class Members who have made Valid Claims to be mailed fifteen (15) days following Effective Date or the date on which the Court's decision regarding the last dispute by the Members of the Settlement Classes becomes Final, whichever is later.

H.     In addition to the effect of any final Judgment that the Court will enter if the Settlement is approved by the Court, the Settlement Agreement provides a full and complete release by each Class Member and her heirs, successors, and assigns, to City of Industry Hospitality Venture, Inc., Downtown LA Club Venture, Inc., Farmdale Hospitality Services, Inc., High Expectations Hospitality, LLC, Inland Restaurant Venture I, Inc., K-Kel Inc., Kentucky Hospitality Venture, LLC, LCM, LLC, Midnight Sun Enterprises, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Inc., Rouge Gentlemen's Club, Inc., Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc., Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc., The Oxnard Hospitality Services, Inc., and WPB Hospitality, LLC and their current or former officers, directors, employees, agents, insurers, attorneys, auditors, accountants, experts, parent companies,

-4-

subsidiaries, affiliates, divisions, stockholders, members, heirs, executors, representatives, predecessors, successors, and/or assigns from any and all actions and/or causes of action, suits, obligations, etc. whether asserted in the Action, with respect to the allegations in the Fourth Amended Complaint. All Class Members who submit Valid Claims shall also be deemed to have opted in to the FLSA Settlement Class and shall be deemed to have released all claims relating to the FLSA.

The summary of the terms of the release should be read in conjunction with, and is entirely qualified by, the complete text of the release set forth in the Settlement Agreement, which can be found at www.gilardi.com/performersettlement.

I.    If the Court approves the Settlement, lawsuits by Class Members who made claims or did not exclude themselves from the Settlement, related to any Released Claims (including Unknown Claims) which arose or may have arisen, in connection with work performed at any of the Clubs by Class Members, and which could have been asserted in the action, and up to preliminary approval of the settlement in the action, but only with respect to claims related to misclassification of dancers as independent contractors, stage fees, and allocation of dance fees, will be prohibited.

J.    Defendants have denied that they have any liability as a result of the claims brought in the Action.

## IV.    AMENDMENTS TO SETTLEMENT AGREEMENT

A.    The Settlement Agreement was originally filed with the Court on September 17, 2010 (with minor amendments submitted to the Court on February 10, 2010). The Agreement originally provided for a Gross Settlement Amount of $10 million and that $2,100,000 (21%) of the Gross Settlement Amount was non-reversionary. The Net Settlement Amount was approximately $7.5 million (assuming that all amounts requested to be deducted from the Gross Settlement Amount were awarded including the attorneys' fees and costs).

B.    Prior to the Fairness Hearing scheduled to occur on September 12, 2011, the Plaintiffs and Defendants discovered an error had been made in the mailing of the Class Notice Documents. Some individuals were mistakenly included in the mailing list for the Nevada Settlement Class and others were mistakenly not included. Further investigation and discovery was conducted by Class Counsel and an agreement was reached by the Parties that the Settlement amounts would be increased proportionately due to the overall increase in the number of class members and shifts in the Nevada Settlement Class.

C.    The Parties accordingly amended the Settlement Agreement by way of a Second and Third Amendment to the Settlement Agreement, the latter of which was approved by the Court on _____, 2012. The Gross Settlement Amount, the Net Settlement Amount and the non-reversionary amount have been increased by 29.70%. The new Gross Settlement Amount is $12,970,000, the new Net Settlement Amount estimate is $10,470,000 and the new non-reversionary amount is $2,723,700. In addition, the attorneys' fees and costs that may be requested by Class Counsel, without objection by Defendants is capped at $2.5 million and is no longer based on a percentage of the Gross Settlement Amount. Further, pursuant to the

-5-

amendments to the Settlement Agreement, the Defendants conducted further investigation and work, along with the Settlement Administrator to locate current and accurate addresses for all of the Nevada Settlement Class Members, and those individuals who are members of the Oxnard, Farmdale, Kentucky, Idaho, Florida, or Texas Settlement Classes and whose Class Notice Documents were returned as undeliverable by the United States Postal Service after the initial mailing on May 4, 2011.

## V.   TO RECEIVE MONEY AND CLAIM YOUR SHARE OF THE SETTLEMENT

If you want to claim your share of the Settlement, you must complete and mail the Claim Form (which is enclosed with this Class Notice) to the Settlement Administrator at the address listed below.

**Trauth, et al. v. Oxnard, et al. Settlement Administrator**
**Gilardi & Co. LLC**
P.O. Box 8060
San Rafael CA 94912
Phone:  (866) 243-1452.

YOUR CLAIM MUST BE POSTMARKED IN THE PRE-ADDRESSED STAMPED ENVELOPE ON OR BEFORE _____, 2012, which is 90 days after the entry of the Court's order approving the Third Amendment to the Settlement Agreement.  The Claim Form must be sent by United States postal service first class mail or the equivalent.  If a Claim Form is not received by _____, 2012 it will be accepted as long as it bears a postmark bearing that date.

If you submit the Claim Form and W-9 Form, or if you do not exclude yourself from the Settlement, you will be bound by all the terms of the Settlement, including a full release of claims that will prevent you from suing Defendants, their employees, officers, directors, parent companies, or any other related persons or entities for the matters being settled in this Action.

If you submit the Claim Form and W-9 form, you will be opting into the Federal Labor Standards Act claims and the release of those claims.

If your submitted Claim Form contains a number of Dance Shifts that does not exceed 10% of the number of Dance Shifts reflected in the Clubs' records, the amount requested on your Claim Form shall be paid.  The Settlement Administrator will mail each Class Member whose Claim Form contains a number of Dance Shifts that exceeds 10% of the number of Dance Shifts reflected in the Clubs' records, within 10 days of receipt of the completed Class Action Documents, a statement informing her of this fact and that she has the option of:  (i) accepting the number of Dance Shifts for that Class Member contained in the Clubs' records as the basis for her claim; or (ii) submitting supporting documentation and evidence supporting the number of Dance Shifts in the Claim Form pursuant to the procedures set forth below.  If the Class Member does nothing further or fails to timely submit additional documentation supporting the number of Dance Shifts stated on her Claim Form, her claim shall be calculated based on the number of Dance Shifts for that Class Member contained in the Clubs' records.

-6-

If a the Claim Form you send in lists Dance Shifts that are greater than 10% of those Dance Shifts contained in the Clubs' records, you shall have the right to challenge payment based upon the number of Dance Shifts contained in the Clubs' records. The challenge shall be made as follows:

>       (1)     You must submit, within 10 days of the notification described above additional documentation supporting the number of Dance Shifts stated on your Claim Form to the Settlement Administrator who will provide the information to Class Counsel and Defendants' Counsel;

>       (2)     Class Counsel and Defendants' Counsel will then meet and confer in an attempt to resolve the dispute. Such a decision must be made within seven 7 days of the receipt of your submission of the additional documentation.

>       (3)     If the dispute cannot be resolved informally between the Parties, Class Counsel will notify the Settlement Administrator and the dispute shall be submitted to the Settlement Administrator for a non-binding ruling, which shall be made within 14 days of the notification by Class Counsel.

>       (4)     Within 14 days after mailing of the Settlement Administrator's non-binding ruling, either you or the Clubs may request a hearing with the Court for a ruling, subject only to applicable appeals of orders of the Court.

If the Club(s) listed on your submitted Claim Form matches the information contained in the Clubs' records reflecting the Clubs at which you performed, your payment will be calculated using the names of the Clubs on the Claim Form. The Settlement Administrator will mail each Class Member whose Claim Form contains a statement that she danced a any Club(s) not reflected in the Clubs' records, within ten (10) days of receipt of the completed Claim Form, a statement informing her of this fact and that she has the option of: (i) accepting the identity of the Club(s) at which the dancer worked that are contained in the Clubs' records as the basis for her claim; or (ii) submitting supporting documentation and evidence supporting her claim that she danced at additional or different Club(s) pursuant to the procedures set forth below. If the Class Member does nothing further or fails to timely submit additional documentation supporting her claim that she worked at additional or different Clubs, her claim shall be calculated based on the Clubs' records regarding the identity of the Clubs at which the Class Member performed.

If your submitted Claim Form states that you performed at any Club(s) that are not contained in the Clubs' records, you will have the right to challenge the information contained in the Clubs' records. The challenge shall be made as follows:

>       (1)     You must submit, within ten days of the notification described above additional documentation supporting your claim that you performed at Club(s), different from or in addition to those contained in the clubs' records, to the Settlement Administrator who will provide the information to Class Counsel and Defendants' Counsel;

-7-

(2)     Class Counsel and Defendants' Counsel will meet and confer in an attempt to reach a joint decision regarding whether your Settlement payment should be based upon Dance Shifts at Clubs at which the Clubs' records reflect you did not work. Such a decision must be made within seven (7) days of receipt of your submission of the additional documentation.

(3)     If the determination of whether your Settlement payment should be based on the information in the your submitted Claim Form or not cannot be resolved informally between the Parties, Class Counsel will notify the Settlement Administrator and the dispute shall be submitted to the Settlement Administrator for a non-binding ruling, which shall be made within fourteen (14) days of the notification by Class Counsel.

(4)     Within fourteen (14) days after mailing of the Settlement Administrator's non-binding ruling, you or the Club(s) may request a hearing with the Court for a ruling, subject only to applicable appeals of orders of the Court, subject only to applicable appeals of orders of the Court.

The Settlement Administrator shall cause the Settlement payment(s) to the Class Members who have made Valid Claims to be mailed 15 days following the date on which the Court's decision regarding the last dispute by the Members of the Settlement Classes becomes Final.

## VI.    TAXES

The Settlement Administrator will issue 1099 Forms to each recipient of any monies paid from the Gross or Net Settlement Amount pursuant to this Settlement. You will be obligated to obtain you own tax advice concerning the proper reporting and tax consequences of any payments received under this Settlement Agreement, and you shall assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authority, any amounts required by law for any monies paid under this Agreement without any further contribution from any of the Defendants or Clubs.

## VII.    EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not wish to participate in the Settlement, you may exclude yourself by submitting a request for exclusion. Your request for exclusion must be signed, dated, completed and returned by first class U.S. Mail, or the equivalent to the Settlement Administrator at the address set forth above. A form of request for exclusion is included with this notice.

The request for exclusion must set forth:  (1) the person's full legal name; (2) her stage name(s); (3) the club(s) where she performed; (4) the specific dates, if known, or the approximate range of dates she performed at the club(s); (5) her mailing address and telephone number at the time she performed at the club(s); and (6) her current mailing address and telephone number if different that the previous. Within 10 days following the last day of the claims period, the Settlement Administrator will provide class counsel and defendants' counsel with the total number of class members who opted out.

The request for exclusion must be received by the Settlement Administrator no later than _____, 2012, which is 90 days after the date of entry of the order approving the Third Amendment to the Stipulation and Settlement Agreement. The request for exclusion must be sent by United States Postal Service first class mail or the equivalent. If the request for exclusion is received after _____, 2012, it will be accepted as long as it bears a postmark that bears that date.

If you submit a complete and timely request for exclusion, you shall, upon receipt, no longer be a Member of the Settlement Classes, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement. You will retain whatever rights or claims you may have, if any, against Defendants or related persons or entities, and you will be free to pursue them on an individual basis, if you choose to do so.

Do not submit both a Claim Form and W-9 and a request for exclusion. If you submit both a Claim Form and W-9 and also a request for exclusion, the request for exclusion will be disregarded and you will be included in the Settlement Classes, you will be paid your portion of the Settlement, and you will be bound by the terms of the Settlement, including the release of all claims.

If you do not request to be excluded from the Action, and you do not object to the proposed Settlement in the manner provided above, you will be deemed to have approved the proposed Settlement and to have waived any objections, and you will be forever foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and costs, the claims process, the payments to the Class Representatives, or any other aspect of the Settlement. If the Settlement is not approved, the Action will continue to be prepared for trial or other judicial resolution.

## VIII.   OBJECTING TO THE SETTLEMENT AND ENTRY OF APPEARANCE

If you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement by filing a written objection with the United States District Court for the Central District of California and mailing a copy of your objection to Class Counsel, counsel for Defendants, at the addresses listed below, and to the Settlement Administrator at the address listed above.

0038613/028/ 58051v01

| CLASS COUNSEL | DEFENSE COUNSEL | COURT |
|---|---|---|
| Hart L. Robinovitch, Esq.<br>Zimmerman Reed PLLP<br>14646 North Kierland Boulevard<br>Suite 145<br>Scottsdale , AZ 85254 | Peter E. Garrell, Esq.<br>Kim Zeldin, Esq.<br>Liner Grode Stein Yankelevitz<br>Sunshine Regenstreif & Taylor<br>LLP<br>1100 Glendon Avenue, 14th<br>Floor<br>Los Angeles, California<br>90024-3503 | United States District<br>Court, Central District<br>of California<br>3470 Twelfth Street,<br>Riverside, CA 92501-<br>3000 |
| Christopher P. Ridout, Esq.<br>Devon M. Lyon, Esq.<br>Ridout & Lyon<br>555 E. Ocean Blvd., Ste 500<br>Long Beach, CA 90802 | | |
| Caleb LH Marker, Esq.<br>Consumer Law Center, PLLC<br>601 Abbott Road, Suite 100<br>East Lansing MI 48823 | | |
| Stephen M. Harris, Esq.<br>Knapp, Petersen & Clarke<br>550 North Brand Boulevard,<br>Fifteenth Floor<br>Glendale, California 91203-<br>1904 | | |
| Robert L. Starr, Esq.<br>Law Offices of Robert L. Starr<br>23277 Ventura Boulevard<br>Woodland Hills, CA 91364 | | |

All objections must be filed with the Court no later than _____, 2012. Copies of your objections mailed to Class Counsel, counsel for Defendants, and the Class Administrator must be postmarked no later than _____, 2012. All objections must state with particularity the factual and legal bases for each objection raised, furnish copies of any documents you wish to submit in support of your position. All objections must be signed and set forth your name and the name of the case and case number *Tracy Dawn Trauth, et al. v. Oxnard Hospitality Services, LP, et al.,* United States District Court for the Central District of California, Case No. EDCV09-1316 VAP (DTBx). In addition, the following information must be sent to the Settlement Administrator along with a copy of your objection (but not filed with the Court): your current address, telephone number, California (or other applicable jurisdiction), any Stage Name(s), the Club(s) you performed at; the approximate date ranges (month(s)/year(s)) you performed as a dancer at each Club, and your mailing address and telephone number at the time you performed as a dancer at each Club.

-10-

Further, if you object and intend to appear at the Fairness Hearing, either in person or through counsel, you must include with the objection a written statement of the purpose for your appearance. The notice of intention to appear must: (i) state how much time you and/or counsel anticipates needing to present the objection; (ii) identify, by name, address, and telephone number any witnesses you and/or your attorney intends to present; (iii) identify all exhibits you and/or your attorney intends to offer in support of the objection; and (iv) attach complete copies of all such exhibits. If you do not provide an objection and/or notice of intention to appear in complete accordance with the deadlines and other requirements set forth herein you will be deemed to have waived any objections to the Settlement and shall be barred from speaking or otherwise presenting any views at the Fairness Hearing or from pursuing any appeals.

If you intend to file an objection, but you also wish to preserve your right to receive benefits under the Settlement in the event your objection is overruled, you must file a Claim Form and W-9 Form in the manner described above. If the Court approves the Settlement despite any objections, and you do not have a Claim Form and W-9 Form on file, you will not receive any Settlement proceeds and you will be barred from filing a lawsuit in the future relating to the allegations of the Action.

If you object to this Settlement and if any proponent of the Settlement chooses to take a deposition or requests that you respond to written discovery, you must make yourself available upon reasonable notice for a deposition taken by the proponents of the Settlement and/or to respond to written discovery.

## IX.   FINAL HEARING ON PROPOSED SETTLEMENT

The Final Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, the enhancement awards to the named class representatives, and Class Counsel's request for attorneys' fees and costs will be held on _____, 2012 at _____ a.m., in Courtroom 2 of the United States District Court, Central District of California, located at 3470 Twelfth Street, Riverside, CA 92501-3000. This Hearing may be continued to a later date without further notice.

You have the right to appear at the Final Hearing, or to otherwise intervene in the Action through an attorney of your own choosing, at your own expense.

## X.   OTHER LAWSUITS

The Parties are aware of similar putative class actions filed in the Los Angeles Superior Court, the American Arbitration Association and the state court in Nevada on behalf of groups of individuals who performed as exotic dancers and who provided nude, semi-nude, and/or bikini entertainment for customers at nightclubs in the State of California (and in Nevada for the Nevada state court action) doing business as Spearmint Rhino, Blue Zebra and Rouge (the "Other Lawsuits"). None of these classes in these cases have been certified. The following are the Other Lawsuits: *Victoria Omlor and Jasmine Wright v. The Spearmint Rhino Companies Worldwide, Inc.*, Los Angeles Superior Court, Case No. BC420882; *Michelle Hoisington v. Inland Restaurant Venture I, Inc.*, Los Angeles Superior Court Case No. BC419669; *Michelle Hoisington v. Rouge Gentlemen's Club*, Los Angeles Superior Court Case No. BC419646;

-11-

*Victoria Omlor and Anicia Vintimilla v. The Spearmint Rhino Companies Worldwide, Inc.*, Los
Angeles Superior Court Case No. BC420882; *Stacey Salazar v. Rouge Gentlemen's Clubs, Inc.*,
Case No., Los Angeles Superior Court Case No. BC432102; *Selena D. Pelaez v. Spearmint
Rhino Companies Worldwide, Inc.*, Nevada District Court, County of Clark, Case No. A-10-
613508 -C; *Elizabeth Merritt v. Spearmint Rhino Companies Worldwide, Inc. and Olympic
Avenue Venture, Inc.*, AAA # 11459004900 08; and *Mikayla Hernandez v. Spearmint Rhino
Consulting Worldwide, Inc., et al*, Santa Barbara Superior Court Case No. 1377628. If a
judgment is entered in this Action and it becomes Final, the parties will ask those Courts not to
proceed with those actions.

## XI.   ADDITIONAL INFORMATION

This Amended Class Notice only summarizes the Action, the Settlement and related matters.  For
more information, you may:

(a) Inspect the Court files at the United States District Court, Central District of California,
located at 3470 Twelfth Street, Room 134, Riverside, CA 92501-3000, from 10:00 a.m. to 4:00
p.m. Monday through Friday.

(b) Log on to PACER at https://ecf.cacd.uscourts.gov/cgi-bin/login.pl using the case name and
number listed on page 1 of this notice to examine the pleadings in this action for minimal cost.

(c) Examine the full Settlement Agreement, the First, Second and Third Amendments to the
Settlement Agreement, the notice and the claim form maintained online at
www.gilardi.com/performersettlement.com.

(d) Contact the Settlement Administrator at the address and telephone number noted above; or

(e) Class Counsel can be contacted by writing to Hart Robinovitch at the following address or
calling him at the following toll free number:

Hart L. Robinovitch, Esq.
ZIMMERMAN REED P.L.L.P
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ  85254
1-877-455-9404

### PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS CLASS NOTICE

0038613/028/ 58051v01

# EXHIBIT G

Trauth, et al. v. Oxnard, et al. Settlement Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael CA 94912-8060
Phone: (866) 243-1452

## NOTICE OF CORRECTION

*Tracy Dawn Trauth, et al. v. Oxnard Hospitality Services, LP et al*
United States District Court for the Central District of California
Case No. EDCV09-1316 VAP (DTBx)

Dear «FName» «LName»:

In connection with the above-referenced Action, on May 4, 2011, you were sent Class Notice Documents containing a Notice of Proposed Wage/Hour Class and Collective Action Settlement, Fairness Hearing, and Claims Procedure, a Claim Form and a Request for Exclusion Form. You were informed that you were receiving the Notice because, according to Defendants' records, you performed during the relevant class period at the nightclub doing business as Spearmint Rhino located in Las Vegas, Nevada and were a Nevada Settlement Class Member. You submitted a claim, pursuant to the Class Notice Documents.

Upon further review, it has been discovered that your name was erroneously included on the mailing list, and it has been determined that you are *not* a class member because did not work for the club doing business as Spearmint Rhino located in Las Vegas, Nevada during the relevant time period. Your claim is therefore not valid and you will not receive a Settlement award.

If you believe you have received this Notice of Correction in error, or if you have any questions regarding this Notice of Correction, please contact the Settlement Administrator at the contact information above.

Sincerely,

Settlement Administrator

## PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE

::ODMA\PCDOCS\DOCS2\58067\1

# EXHIBIT H

0030097/001/48461v01

**Trauth, et al. v. Oxnard, et al. Settlement Administrator**
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael CA 94912-8060
Phone: (866) 243-1452

## NOTICE OF STATUS OF SETTLEMENT TO ALL NON-NEVADA SETTLEMENT CLASS CLAIMANTS

*Tracy Dawn Trauth, et al. v. Oxnard Hospitality Services, LP et al*
United States District Court for the Central District of California
Case No. EDCV09-1316 VAP (DTBx)

Dear «FName» «LName»:

This Notice is to inform you of developments in the Settlement of the above-referenced Action.

In connection with the above-referenced Action, on May 4, 2011, you were sent Class Notice Documents containing a Notice of Proposed Wage/Hour Class and Collective Action Settlement, Fairness Hearing, and Claims Procedure, a Claim Form and a Request for Exclusion Form. You were informed that you were receiving the Notice because, according to Defendants' records, you performed during the relevant class period at one or more nightclubs doing business as Spearmint Rhino, Rouge or Blue Zebra located in California, Florida, Idaho, Kentucky, and/or Texas. You are receiving this Notice because you submitted a claim.

The Fairness Hearing was originally scheduled to occur on August 1, 2011. It was postponed due to the discovery of certain errors discovered by Defendants with respect to the identification of the appropriate individuals in the Nevada Settlement Class. No other errors were discovered. Some individuals received Class Notice Documents in May of 2011 for the Nevada Settlement Class that should not have, while others did not receive the Class Notice Documents who should have. Overall there was an increase in the size of the Nevada Settlement Class and of the number of shifts attributable to dancers who performed in the Nevada Settlement Class. As a result, Class Counsel negotiated a proportionate (29.7%) increase in the Gross Settlement Amount. A more detailed description of these changes can be found in the Amended Class Notice Documents that are available on the Settlement Administrator's website-- www.gilardi.com

The Fairness Hearing is now scheduled to occur on _____, 2012. You do not need to do anything and if you submitted a Valid Claim it will be paid pursuant to the terms of the Settlement Agreement, which was summarized in the original Class Notice that you received in May 2011.

If you have any questions regarding this Notice, please contact the Settlement Administrator at the contact information above.


Sincerely,

Settlement Administrator


## PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE