Kim Zeldin, Esq. (SBN: 135780)
    kzeldin@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Peter E. Garrell, Esq. (SBN: 155177)
    pgarrell@garrelllaw.com
GARRELL LAW
1875 Tandem Way
Norco, California 92860
Telephone:  (714) 451-4148
Facsimile: (714) 451-4148

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DAWN TRAUTH, CHRISTEN RIVERA, JENNIFER BLAIR, VICTORIA OMLOR, JASMINE WRIGHT, ANCIA VINTIMILLA, MARSHA ELLINGTON, SELENA DENISE PELAEZ, NICOLE GARCIA, REAH NAVARRO, TAMI SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPEARMINT RHINO COMPANIES WORLDWIDE, INC.; SPEARMINT RHINO CONSULTING WORLDWIDE, INC.; THE OXNARD HOSPITALITY SERVICES, LP; CITY OF INDUSTRY HOSPITALITY VENTURE, INC.; DOWNTOWN LA CLUB VENTURE, INC.; FARMDALE HOSPITALITY SERVICES, INC.; HIGH EXPECTATIONS HOSPITALITY, LLC; INLAND RESTAURANT VENTURE 1, INC.; K-KEL, INC.; KENTUCKY HOSPITALITY VENTURE, LLC, LCM, LLC; MIDNIGHT SUN ENTERPRISES, INC.; OLYMPIC AVENUE VENTURE, INC.; SANTA BARBARA | Case No. EDVC09-1316 VAP (DTBx)<br><br>**DEFENDANTS' NON-OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND MOTION FOR APPROVAL OF CLASS REPRESENTATIVE ENHANCEMENT AND DEFENDANTS' RESPONSE TO THE DECLARATION OF VICTORIA OMLOR FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR INCENTIVE FEE AWARDS**<br><br>[Hon. Virginia A. Phillips]<br><br>Date:          June 18, 2012<br>Time:          2:00 p.m.<br>Courtroom:  2<br><br>Date Action Filed: July 13, 2009 |

| | |
|---|---|
| HOSPITALITY SERVICES, INC.; SANTA MARIA RESTAURANT ENTERPRISES, INC.; WPB HOSPITALITY LLC; RIALTO POCKETS, INC.; and ROUGE GENTLEMEN'S CLUB, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Defendants do not oppose Plaintiffs' Motion for Attorney Fees and Costs (filed June 23, 2011, Document #212), Plaintiffs' Supplement to Motion for Fees and Costs (filed April 18, 2012, Document # 278), or Plaintiffs' Motion for Approval of Class Representative Enhancements (filed August 22, 2001, Document # 248) .[1] The amounts requested in the Motion for Attorney Fees (and the supplement) and the Motion for Approval of Class Representative Enhancement are consistent with the amounts set forth in the Settlement Agreement that was agreed to by Defendants.

However, Defendants believe that there is a statement, relied upon by Plaintiffs to support the Motion for Approval of Class Representative Enhancements, that is false and misleading. These statements are contained in the Declaration of Victoria Omlor in Support of Second Motion for Preliminary Approval of Class Action Settlement (filed on September 17, 2010, Document #169) and the Supplemental Declaration of Victoria Omlor in Support of Preliminary Class Action Settlement (filed on December 29, 2010, Document # 190).

Ms. Omlor contends that the award she seeks is reasonable given that she faced certain adverse employment actions by Defendants as a result of her participation as a Plaintiff and later Class Representative in this action. Specifically, Ms. Omlor supports her motion for an incentive fee award by claiming that, following her filing of her lawsuit in State Court, her name was placed on a "blacklist" preventing her from performing at any nightclub doing business as

---

[1] By filing this non-opposition Defendants are not agreeing to the factual statements and arguments made by Plaintiffs in their motion.

Spearmint Rhino. This is false and Defendants are compelled to bring it to the Court's attention as a result of the unfavorable and unfair light it places on them.

Although Ms. Omlor was banned from entering clubs doing business as Spearmint Rhino, Blue Zebra or Rouge, the reason for being banned had nothing whatsoever to do with either of the lawsuits she filed against Defendants, or any of them. Vercher Decl. ¶ 2. She was banned for causing disruptive behavior in the nightclub. Vercher Decl. ¶ 2. The timing of the events in question belie her contention that there was any causal relationship between her being banned and the filing of her lawsuits -- the former having occurred many months before she even filed the lawsuit. Vercher Decl. ¶¶ 2-4. Moreover, the fact that several other Plaintiffs, Class Representatives, and Objectors worked at (and some continue to work at) clubs doing business as Spearmint Rhino, Rouge or Blue Zebra after they became parties to this action confirms that Defendants do not and did not retaliate against the Plaintiffs for filing or participating in lawsuits against them. Vercher Decl. at ¶ 5.

Ms. Omlor worked regularly at the club located in Van Nuys until October 31, 2008. Vercher Decl. ¶ 2. After Ms. Omlor stopped performing regularly at any nightclub doing business as Spearmint Rhino, Blue Zebra or Rouge she continued to visit the club located in Van Nuys where she would chat with the dancers while they were trying to work and unnecessarily distract them from their performances. Management found her presence to be disruptive to business and asked her to stop this behavior. After she continued to conduct herself in this manner, management chose to ban her from entering clubs doing business as Spearmint Rhino, Rouge and Blue Zebra in late 2008. (Even though she was banned, she was (through the mistake of a manager) allowed to dance an additional shift in December 2008. Vercher Decl. ¶ 3).

It was not until 9 months later that Ms. Omlor filed the first of her lawsuits. She filed two lawsuits in State Court one on July 17, 2009 and the other on

1  September 1, 2009 against some of the Defendants alleging she was improperly
2  classified as an independent contractor.  Vercher Decl. ¶ 4.  Therefore, there is no
3  way that Ms. Omlor's filing of those lawsuits had anything whatsoever to do with her
4  being banned from any Spearmint Rhino club.

5  Moreover, several Plaintiffs, Class Representatives, and/or Objectors
6  continued to dance at the clubs after this action was filed and/or objections made.
7  For example, Stacy Salazar, one of the objectors continued to dance at the nightclub
8  doing business as Spearmint Rhino located in Las Vegas until several months ago,
9  after she filed three lawsuits against various of the Defendants and objected to the
10 Settlement.  Vercher Decl. ¶ 5.  This is clear evidence that Defendants did not
11 retaliate against Plaintiffs for filing lawsuits and is proof that Ms. Omlor's claims
12 lack merit.

13 It should further be noted that during the claims process in this lawsuit, the
14 existing Clubs placed a sign up in the clubs that stated that entertainers should "feel
15 free to complete the legal lawsuit documents…. the club and management will not
16 retaliate against you in any manner."  Vercher Decl. ¶ 6.  After all, without dancers,
17 the clubs do not exist so the clubs have no incentive to retaliate against dancers who
18 comply with appropriate codes of conduct and applicable laws.

19 In sum, Defendants are not opposing Ms. Omlor's requested incentive fee
20 award.  Rather, they are bringing to the Court's attention a false statement that has
21 caused injury to Defendants' reputation in order to "set the record straight," before
22 this Court.

23 Dated: June 1, 2012                              LINER GRODE STEIN YANKELEVITZ
                                                                     SUNSHINE REGENSTREIF & TAYLOR
24                                                                   LLP

25                                                                   GARRELL LAW

26

27                                                                   By:  /s/ *Peter E. Garrell*
                                                                     Peter E. Garrell
28                                                                   Kim Zeldin
                                                                     Attorneys for Defendants

3    Case No.  EDVC09-1316 VAP (DTBx)
DEFENDANTS' NON-OPPOSITION TO PLAINTIFFS' MOTION FOR FEES AND ENHANCEMENT
AWARDS TO CLASS REPRESENTATIVES

0038613/051/ 55966v03