Kim Zeldin, Esq. (SBN: 135780)
    kzeldin@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile: (310) 500-3501

Peter E. Garrell, Esq. (SBN: 155177)
    pgarrell@garrelllaw.com
GARRELL LAW
1875 Tandem Way
Norco, California 92860
Telephone:  (714) 451-4148
Facsimile: (714) 451-4148

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TRACY DAWN TRAUTH, CHRISTEEN )
RIVERA, JENNIFER BLAIR, )
VICTORIA OMLOR, JASMINE )
WRIGHT, ANICIA VINTIMILLA, )
MARSHA ELLINGTON, SELENA )
DENISE PELAEZ, NICOLE GARCIA, )
REAH NAVARRO, TAMI SANCHEZ, )
individually and on behalf of all others )
similarly situated, )
                                          )
                          Plaintiffs, )
          vs. )
                                          )
SPEARMINT RHINO COMPANIES )
WORLDWIDE, INC.; SPEARMINT )
RHINO CONSULTING WORLDWIDE, )
INC.; THE OXNARD HOSPITALITY )
SERVICES, LP; CITY OF INDUSTRY )
HOSPITALITY VENTURE, INC.; )
DOWNTOWN LA CLUB VENTURE, )
INC.; FARMDALE HOSPITALITY )
SERVICES, INC.; HIGH )
EXPECTATIONS HOSPITALITY, LLC; )
INLAND RESTAURANT VENTURE 1, )
INC.; K-KEL, INC.; KENTUCKY )
HOSPITALITY VENTURE, LLC, LCM, )
LLC; MIDNIGHT SUN ENTERPRISES, )
INC.; OLYMPIC AVENUE VENTURE, )
INC.; SANTA BARBARA )
HOSPITALITY SERVICES, INC.; )

Case No. EDCV09-1316 VAP (DTBx)

**DEFENDANTS' RESPONSE TO
MIKAYLA HERNANDEZ'S AND
WALNETTA JONES'
OBJECTION TO CLASS ACTION
SETTLEMENT**

[Hon. Virginia A. Phillips]

Date:            June 18, 2012
Time:            2:00 p.m.
Courtroom:       2

Date Action Filed: July 13, 2009

DEFENDANTS' RESPONSE TO MIKAYLA HERNANDEZ'S AND WALNETTA JONES' OBJECTION TO
CLASS ACTION SETTLEMENT
0038613/051/ 56151v04

1  SANTA MARIA RESTAURANT
   ENTERPRISES, INC.; WPB
2  HOSPITALITY LLC; RIALTO
   POCKETS, INC.; and ROUGE
3  GENTLEMEN'S CLUB, INC.,

4                    Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................... 1

II.   BACKGROUND .......................................................................................... 2

III.  MS. JONES DOES NOT HAVE STANDING TO OBJECT TO
      THE SETTLEMENT................................................................................... 3

IV.   DEFENDANTS' RESPONSES TO THE HERNANDEZ
      OBJECTION ................................................................................................ 4

      A.    The Overtime And Meal/Rest Break Claims Were
            Contained In The Operative Fifth Amended Complaint ...................... 4

      B.    Even If The Overtime And Meal/Rest Break Claims Were
            Not Part Of The *Trauth* Action (Which They Are), The
            Scope Of The Release Is Proper ......................................................... 5

      C.    Contrary To The Hernandez Objectors' Contention, There
            Do Not Have To Be Particular Payments Earmarked As
            Compensation For Alleged Overtime And/Or Meal And
            Rest Break Violations ......................................................................... 8

      D.    The Late-Requested Discovery Request Made In The
            "Alternative" Should Be Denied........................................................ 9

V.    CONCLUSION ......................................................................................... 11

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

*Anderson v. Nextel Retail Stores, LLC*
   Nos. CV07-44890 SVW (FFMx), CV07-6362 SVW (FFMx), CV07-6576
   SVW (FFMx), 2010 WL 8591002 (C.D. Cal. Apr. 12, 2010) ................6, 7, 8, 9

*Class Plaintiffs v. City of Seattle*
   955 F.2d 1268 (9th Cir. 1992) .........................................................................5, 6

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ..............................................................................7

*Hemphill v. San Diego Ass'n of Realtors*
   225 F.R.D. 616 (S.D. Cal. 2005) ........................................................................ 10

*In re General Am. Life Ins. Sales Practices Litig.*
   357 F.3d 800 (8th Cir. 2004) ................................................................................7

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*
   261 F.3d 355 (3d Cir. 2001) .................................................................................7

*In re Vitamins Antitrust Class Actions*
   215 F.3d 26 (D.C. Cir. 2000).............................................................................3, 4

*In re Wachovia Corp. "Pick-A-Payment" Mortgage Mktg. & Sales Practices*
   *Litig.*
   No. 5:09-MD-02015-JF, 2011 WL 1877630 (N.D. Cal. May 17, 2011) .............3

*Lobatz v. U.S. W. Cellular, Inc.*
   222 F.3d 1142 (9th Cir. 2000) .......................................................................... 10

*McGowan Investors LP v. Keefe Bruyette & Woods, Inc.*
   540 F. Supp. 2d 571 (E.D. Pa. 2008).....................................................................8

*Officers for Justice v. Civil Serv. Comm'n*
   668 F.2d 615 (9th Cir. 1982) ...........................................................................6, 7

*Olson v. Citibank (New York)*
   No. 10–2992 , 2012 WL 1231787 (D. Minn. 2002)………………………….. ......4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO MIKAYLA HERNANDEZ'S AND WALNETTA JONES' OBJECTION TO
CLASS ACTION SETTLEMENT
0038613/051/ 56151v04

1

## <u>TABLE OF AUTHORITIES (cont.)</u>

2

**Page(s)**

3
*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*

4
   442 F.3d 741 (9th Cir. 2006) ................................................................. 6

5
*TBK Partners, Ltd. v. Western Union Corp.*

6
   675 F.2d 456 (2d Cir. 1982) .................................................................. 5

7
*Trew v. Volvo Cars of N. Am., LLC*

   No. S-05-1379, 2007 WL 2239210 (E.D. Cal. July 31, 2007) ............................ 3

8

9
*True v. American Honda Motor Co.*

   749 F. Supp. 2d 1052 (C.D. Cal. 2010) ............................................... 10

10

11
*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*

   396 F.3d 96 (2d Cir. 2005) ............................................................. 7, 8

12
**OTHER AUTHORITIES**

13
4 ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS, § 12:9

14
   (4th Ed. 2002) ......................................................................... 8

15
MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.924 ........................................ 10

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.   INTRODUCTION

Defendants hereby respond to objectors Mikayla Hernandez and Walnetta Jones's (the "Hernandez Objectors") Notice of Re-Filing of Objection to Class Action Settlement And Notice of Intention to Appear at Hearing (the "Hernandez Objection").[1]

Ms. Hernandez and another exotic dancer, Ms. Jones (who opted out of the Settlement[2] and, as noted below, is precluded from objecting to the Settlement) (the "Hernandez Objectors") base their primary objection to the Settlement on a mistake of fact.  They argue that the Settlement's release improperly includes claims for unpaid overtime wages and unpaid meal and rest breaks that are not contained in the operative complaint, *i.e.*, the Fifth Amended Complaint.  But, the Fifth Amended Complaint does in fact contain these claims.  Therefore, there is no factual basis for the Hernandez Objection.  Even if the *Trauth* complaint did not include allegations relating to meal/rest break and overtime claims, class actions may release claims, even if not pled, when such claims arise out of the same factual predicate as the settled class claims.

The Hernandez Objectors also complain that there is no specific dollar allocation in the settlement attributable to meal/rest break and overtime claims.  However, there is no requirement that a settlement apportion compensation among the claims or causes of action being settled.

In addition, the Hernandez Objectors complain that the Settlement does not prevent the Defendants from continuing their "illegal" conduct with "impunity."

---

[1]  Defendants disagree with the "facts" set forth in the Hernandez Objections.  However, Defendants do not respond on a point-by-point basis to the "facts" set forth in the Hernandez Objections because they are based only upon the unverified complaint Ms. Hernandez filed in state court and not evidence before this Court.

[2]  Unless otherwise defined herein, all words that are initially capitalized have the same definitions as those in the Stipulation and Settlement Agreement entered into in the above-captioned action and which is located on the docket as Document No. 160.1, as amended by Document Numbers 195-1, 262-1 and 266-1.

1 Hernandez Objection, p. 3:20.  However, this clearly ignores the fact that the
2 Settlement provides for injunctive relief, requiring Defendants to treat the dancers as
3 employees or owners and therefore to require meal and rest breaks and overtime, as
4 appropriate.

5          Finally, the Hernandez Objectors' late request that the Court allow them to
6 conduct discovery relating to the Settlement meal/rest break and overtime claims
7 should be denied and is disingenuous.  The Hernandez Objectors fail to articulate
8 what they hope to ascertain from discovery that they do not already know.  Despite
9 regular communication with defense counsel, since shortly after they filed the case
10 over a year ago, the Hernandez Objectors and their counsel never asked for any
11 information or even the discovery exchanged or taken in the Action or participated in
12 any of the six (6) depositions taken in the past several months, to which counsel for
13 Objectors were invited.  Declaration of Peter E. Garrell filed herewith ("Garrell
14 Decl.") ¶ 2.

15 **II.    BACKGROUND**

16          The above-captioned action is one of the first of several almost identical
17 putative class wage and hour actions filed against Defendants (or some of them)
18 alleging exotic dancers are employees and not independent contractors.  In total there
19 are or have been 11 putative class actions filed against some or all of these entities.
20 Garrell Decl. ¶ 3.  All of the complaints include allegations that the exotic dancers at
21 clubs doing business as Spearmint Rhino, Blue Zebra and/or Rouge should not have
22 been compensated as independent contractors, but rather employees and were
23 therefore entitled to minimum wage.  Garrell Decl. ¶ 3.  Some of the complaints
24 include allegations that the dancers should have been paid for meal/rest breaks and
25 overtime.  Garrell Decl. ¶ 3.  On November 9, 2010, the Plaintiffs in the above-
26 captioned action filed their Fifth Amended Complaint, which included allegations
27 that Defendants were legally required to, but had had failed to, compensate the
28 dancers for meal/rest break and overtime.  Garrell Decl. ¶ 4.

DEFENDANTS' RESPONSE TO MIKAYLA HERNANDEZ'S AND WALNETTA JONES' OBJECTION TO
CLASS ACTION SETTLEMENT
0038613/051/ 56151v04

On April 8, 2011, objector Mikayla Hernandez filed the last of the putative class actions in Santa Barbara Superior Court -- nearly a year and a half after the *Trauth* action was filed and ***five months*** after the filing of the Fifth Amended Complaint, five months after the execution of the Settlement Agreement and its filing within this Court in the instant action and four days after the Court granted preliminary approval of the Settlement.  Garrell Decl. ¶ 5.  Ms. Hernandez's complaint, the last to be filed, was a copycat of those dancers that had filed similar complaints before her.[3]  A class was not certified in the Hernandez action, no discovery took place; the case was stayed pending the outcome of this action soon after it was filed.  Garrell Decl. ¶ 5.

## III.   MS. JONES DOES NOT HAVE STANDING TO OBJECT TO THE SETTLEMENT

Ms. Jones submitted an opt-out executed on July 7, 2011 (Garrell Decl. Ex. 1) and therefore cannot, under the terms of the Settlement Agreement and the law submit an objection to the Settlement.  Once the potential class member submits an opt-out form, she is no longer part of the Settlement and is not bound by its terms and cannot submit an objection.  Settlement Agreement (Document No. 186) § 5.8.3; *In re Wachovia Corp. "Pick-A-Payment" Mortgage Mktg. & Sales Practices Litig.*, No. 5:09-MD-02015-JF, 2011 WL 1877630, at *4 n.3 (N.D. Cal. May 17, 2011) ("Class members who opt out lack standing to object to a settlement."); *Trew v. Volvo Cars of N. Am., LLC*, No. S-05-1379, 2007 WL 2239210 at *3 (E.D. Cal. July 31, 2007) ("Two objectors . . . opted out of the agreement, eliminating their standing to challenge it."); *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 28-29 (D.C.

[3] Although her counsel alleges they and their client were unaware of the instant action when they filed their complaint (Hernandez Objection, p. 4:17-19), this is surprising given the ease with which one can search electronically for cases today and the necessity for good plaintiffs' counsel to do so before filing a class action.  Therefore, even if Hernandez and her counsel were not aware of the *Trauth* action, there is no excuse why they did not conduct the simple search before filing and refrain from filing a duplicative lawsuit.

Cir. 2000) (same); *Olson v. Citibank (New York)*, No. 10-2992, 2012 WL 1231787 at *3 (D. Minn. 2002) ("Any class member who successfully opts out of the settlement shall be deemed to have waived any rights or benefits under the Settlement and will have no standing to object to the Settlement").

**IV.    DEFENDANTS' RESPONSES TO THE HERNANDEZ OBJECTION**

**A.    The Overtime And Meal/Rest Break Claims Were Contained In The Operative Fifth Amended Complaint**

The Hernandez Objection is based upon a fundamental mistake of fact.  They object that the overtime and meal/rest break claims were not contained in the *Trauth* operative complaint, "including the Fifth Amended Complaint."  Hernandez Objection at p. 3:7-9.  However, paragraph 125 of the Fifth Amended Complaint alleges claims for meal and rest break violations and paragraphs 127, 170, and 177 contain allegations that Defendants failed to pay overtime.[4]  Document No. 186.

Furthermore, the history of the negotiations of the Settlement reveals that meal/rest break and overtime claims were always an integral part of the settlement negotiations.  This Settlement occurred after the termination of an earlier settlement of a similarly filed putative class action complaint filed in Los Angeles Superior Court by Victoria Omlor and Jasmine Wright (two of the Class Representatives in the instant action), represented by Stephen Harris and Robert Starr (two of the Class Counsel in the instant action) (hereinafter the "Omlor Action").  Garrell Decl. ¶ 7.  Meal/rest break and overtime claims were included in the complaint filed in that Omlor Action.  Garrell Decl. Ex. 2.  The Omlor Action settlement was reached following two mediation sessions with Eugene C. Moscovitch, Esq., formerly of ADR Services, Inc.  Garrell Decl. ¶ 7.  The Omlor settlement was terminated and later Messrs. Harris and Starr joined their efforts as plaintiffs' counsel with the

---

[4] In addition, paragraphs 103 and 107 of the Fifth Amended Complaint allege violations of the federal statute requiring overtime compensation.

original counsel in the *Trauth* action and collectively prosecuted the claims against Defendants and negotiated a new settlement, which provided additional financial compensation to the members of the settlement class and added the injunctive relief component.  Garrell Decl. ¶ 8.  Therefore, the very foundation of this Settlement Agreement involved resolution of a complaint that included the overtime and meal/rest break claims.  The foundation for the terms and conditions of the Trauth settlement was built on the initial settlement negotiations in the Omlor Action.  Indeed, the Omlor Action settlement document was used as the starting place for drafting the later Trauth settlement.  Garrell Decl. ¶ 9.  The meal/rest break and overtime claims were therefore not simply added as an afterthought as the Hernandez Objectors allege, but were an integral part of the settlement negotiations between Defense Counsel and Class Counsel from the beginning of their discussions.  The record in this case clearly sets forth these events.

**B.** **Even If The Overtime And Meal/Rest Break Claims Were Not Part Of The *Trauth* Action (Which They Are), The Scope Of The Release Is Proper**

It is well settled, including in the Ninth Circuit, that the scope of the release in a class action settlement need not be limited to the claims asserted in the complaint.  In *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992), the Ninth Circuit found that the "weight of authority holds that a federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented *and might not have been presentable in the class action*.*"  *Id.* at 1287 (quotation marks omitted) (*quoting TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982)).  As the Court explained, "where a particular type of relief potentially available to the class members is compromised in the settlement process, *it is mainly irrelevant whether or not that relief was specifically requested in the complaint*.  The breadth of negotiations is not

1   necessarily strictly confined by the pleadings." *Id*. at 1288 (quotation marks omitted)

2   (quoting *Officers for Justice v. Civil Serv. Comm'n*, 668 F.2d 615, 632 n.18 (9th Cir.

3   1982)).  In *Class Plaintiffs*, the Ninth Circuit determined that the claims asserted in a

4   related state court action arose from "the same common nucleus of operative fact." as

5   the claims in the ongoing federal action.  *Id*. at 1288.  The claims in both actions

6   arose out of the sale of bonds for the construction of nuclear power plants, and

7   included numerous securities fraud and common law claims.  *Id*. at 1273-74, 1287.

8   Plaintiff members of both classes appealed the judgment approving the settlement

9   agreement on the ground that the federal district court lacked jurisdiction to approve

10  the settlement of the state law claims.  *Id*. at 1286.  The appeal presented

11  "fundamental questions of first impression involving the extent to which a plaintiff

12  class in a federal action can settle claims that have not been alleged in the complaint

13  and that are pending in state court as part of a certified class action."  *Id*. at 1287.

14  The Court held the district court had authority to release the related claims, without

15  exercising subject matter jurisdiction.  *Id.*; s*ee also Reyn's Pasta Bella, LLC v. Visa*

16  *USA, Inc.*, 442 F.3d 741, 747 (9th Cir. 2006) (applying the "identical factual

17  predicate" test in context of issue preclusion, holding a subsequent antitrust suit

18  precluded by prior class action settlement even though different legal theories for

19  recovery were asserted).

20          This Court has applied the "identical factual predicate" as part of the

21  "fairness" inquiry for approving a class action settlement.  In *Anderson v. Nextel*

22  *Retail Stores, LLC*, Nos. CV07-44890 SVW (FFMx), CV07-6362 SVW (FFMx),

23  CV07-6576 SVW (FFMx), 2010 WL 8591002 (C.D. Cal. Apr. 12, 2010), this Court

24  overruled objections raised by one of the class members and granted settlement

25  approval, relying on the "identical factual predicate test."  The objection was that the

26  commission-based claims released by the settlement were not alleged in the wage

27  and hour class actions.  The Court found that the "chargebacks to wages" allegations

28  in the complaint were sufficiently factually related to the release of class members'

Case No.  EDCV09-1316 VAP (DTBx)

DEFENDANTS' RESPONSE TO MIKAYLA HERNANDEZ'S AND WALNETTA JONES' OBJECTION TO CLASS ACTION SETTLEMENT

0038613/051/ 56151v04

claims for "deductions from or failure to make (or to timely make) commission

payments." *Id.* at *6.  Specifically, the complaint alleged that the class members

were subject to chargebacks to their wages if a customer to whom they sold a

wireless product subsequently cancelled their phone plan or returned a wireless

product.  The objector also argued that the release was too broad because it released

all commission-based claims.  In approving the settlement and overruling the

objections, this Court noted that "the released claims need not be exactly factually

and legally identical to the allegations in the complaint; rather they need only share a

common factual predicate." *Id.*[5]  The factual predicate of both the *Trauth* and

*Hernandez* actions concern the exact same issue:  whether exotic dancers are

independent contractors or employees and subject to the wage and hour laws and

therefore have to be paid minimum wage, overtime and be provided with meal and

rest periods.

Broad class action releases are consistent with the Ninth Circuit's recognition

of the valuable role of private settlement in class action litigation.  *Officers for

Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("[V]oluntary

conciliation and settlement are the preferred means of dispute resolution.  This is

especially true in complex class action litigation . . . ."); *In re Prudential Ins. Co. of

Am. Sales Practice Litig.,* 261 F.3d 355, 366 (3d Cir. 2001) (noting that

comprehensive settlements serve an important policy interest of judicial economy).

Thus, the court's intrusion upon what is otherwise a private consensual agreement

negotiated between the parties to a lawsuit must be limited to the extent necessary to

reach a reasoned judgment that the agreement is not the product of fraud or

_____

[5] Courts in other jurisdictions similarly have held that the release in a class action settlement need
not be limited to the claims asserted in the complaint.  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96, 106 (2d Cir. 2005) ("Plaintiffs in a class action may release claims that were or could
have been pled in exchange for settlement relief."); *In re General Am. Life Ins. Sales Practices
Litig.*, 357 F.3d 800, 805 (8th Cir. 2004) ("There is no impropriety in including in a settlement a
description of claims that is somewhat broader than those that have been specifically pleaded.  In
fact, most settling defendants insist on this.").

overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (quotation marks omitted).

Releases that encompass more than what is pled in the original complaint are also consistent with the fact that, "[p]ractically speaking, class action settlements simply will not occur if the parties cannot set definitive limits on defendants' liability." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 106 (2d Cir. 2005) (quotation marks omitted); *McGowan Investors LP v. Keefe Bruyette & Woods, Inc.*, 540 F. Supp. 2d 571, 578 (E.D. Pa. 2008) ("Broad language in a settlement order indicates a clear intent to leave nothing open and unsettled between the parties."). Otherwise, defendants would "face nearly limitless liability from related lawsuits in jurisdictions throughout the country." *Wal-Mart Stores, Inc.*, 396 F.3d at 106.

**C.     Contrary To The Hernandez Objectors' Contention, There Do Not Have To Be Particular Payments Earmarked As Compensation For Alleged Overtime And/Or Meal And Rest Break Violations**

The Hernandez Objectors contend that the lack of specific line-item provisions allocating particular compensation for meal/rest break and overtime claims in the Settlement Agreement means there was no compensation for those claims. However, "[i]t is unnecessary to apportion a settlement fund among the different causes of action asserted in a single complaint." 4 ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS, § 12:9, at 297-98 (4th ed. 2002); accord, *Anderson*, 2010 WL at *10. The Hernandez Objectors' counsel, Mr. Tetalman, is aware of this because at least one of the settlements where he was class counsel involved a wage and hour settlement involving minimum wage, overtime and meal and rest breaks claims wherein the payments to class members was based on weeks worked and there were no line items designating payment for the particular claims. Garrell Decl.

1  Ex. 3 (the *Edward Baird v. J.C. Penney Corporation, Inc.* Settlement (Ventura

2  County Superior Court, Case No. 230226)).

3          Notably, the Hernandez Objectors fail to identify any specific facts showing

4  that the Settlement's "shift-based" compensation methodology does not adequately

5  compensate class members for the meal/rest break and overtime claims.  From a

6  settlement-administration perspective, it is reasonable to use shifts worked as a

7  simple proxy when calculating unpaid wages.  Instead of requiring each class

8  member to submit detailed records regarding the meal and rest breaks and overtime

9  worked, it is reasonable to use the shifts as an approximation.  *See Anderson*, *supra*,

10  2010 WL at *10 ("From a settlement administration perspective, it is reasonable to

11  use hours worked as a simple proxy when calculating unpaid amounts due to

12  employees for both 'hourly wages' and commission based wages.")  The Hernandez

13  Objectors fail to "submit any evidence or cite any case law that refutes this

14  commonsense observation."  *See Id.*[6]

15  **D.    The Late-Requested Discovery Request Made In The "Alternative"**

16  **Should Be Denied**

17          The Hernandez Objectors ask the Court, in the alternative, to allow them to

18  serve discovery regarding:  (a) the decision not to attribute any specific monetary

19  value for the overtime and meal/rest break claims in the settlement; (b) the "precise

20  methodology for sampling and review of employment records"; and (c) "how

21  individual mean damage assessments were quantified."  Hernandez Objection, p.

22  9:15-18.  This request should be denied for three reasons as set forth below.

23

24

25  [6] Indeed, the Hernandez Objectors do not cite any relevant case law to support any of their legal

26  positions.  While they cite inapplicable California state cases for general principles involving the standard state courts apply in approving settlements (Hernandez Objection, pp. 6:28 - 8:21), none

27  of the cases support the particular objections asserted.

28

DEFENDANTS' RESPONSE TO MIKAYLA HERNANDEZ'S AND WALNETTA JONES' OBJECTION TO CLASS ACTION SETTLEMENT
0038613/051/ 56151v04

First, other than the objections (filed on August 1, 2011 and May 14, 2012)[7] the Hernandez Objectors and their counsel have never requested any discovery. Garrell Decl. ¶ 12.  Notably, although repeatedly invited to participate in the six (6) depositions regarding the class data, the Hernandez Objectors' counsel did not attend any of the depositions or even request copies of the transcripts.  Garrell Decl. ¶ 13.  It is unduly prejudicial to the parties and the class to delay the Final Approval hearing for a request that certainly could have been made months ago.

Second, objectors are not generally permitted discovery, particularly where some of these requests would include Class Counsel's conduct during settlement negotiations.  *See Hemphill v. San Diego Ass'n of Realtors*, 225 F.R.D. 616, 619-20 (S.D. Cal. 2005).  Here, Plaintiffs have already produced sufficient evidence for the Court to evaluate the value of the relief for class members in the proposed settlement, and thus further discovery is unnecessary.

Moreover, to the extent the requests contemplated by the Hernandez Objectors are requests for discovery about Class Counsel's conduct during settlement negotiations, they are evaluated under an even stricter standard.  An objector is only entitled to discovery of settlement negotiations if he or she "lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive."  *Lobatz v. U.S. W. Cellular, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000); *Hemphill*, 225 F.R.D. at 620; *True v. American Honda Motor Co.*, 749 F. Supp. 2d 1052, 1081 (C.D. Cal. 2010) (Phillips, J.).  Furthermore, to obtain discovery, objectors must show that they represent "a large and potentially discrete group whose interests were not accommodated in settlement."  MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.924.  Here, Ms. Hernandez is but one objector.

---

[7] The Hernandez Objectors erroneously state they re-filed their objections on March 5, 2012. (Hernandez Objection p. 2:9)

DEFENDANTS' RESPONSE TO MIKAYLA HERNANDEZ'S AND WALNETTA JONES' OBJECTION TO CLASS ACTION SETTLEMENT
0038613/051/ 56151v04

1    Third, the specific requests sought here make no sense.  There are no
2    documents or information responsive to the Hernandez Objectors' first request.  As
3    noted above, the parties did not attribute particular dollar values to any of the
4    particular wage and hour violations individually in this settlement.

5         The documents and information considered in arriving at the settlement values
6    were specified to this Court's satisfaction by Plaintiffs at the time of preliminary
7    approval.  The Hernandez Objectors fail to specify what they hope to obtain from
8    information regarding the "precise" methodology for sampling and review of
9    employment records.  All the relevant data regarding the class members was
10   provided to the Court and is available to the Hernandez Objectors on the Court's
11   docket.  Finally, the Hernandez Objectors' contemplated request for "mean damage
12   assessments" is nonsensical as phrased and to the extent it is understandable at all, it
13   appears to be unrelated to the nature of the Objections made.

14   **V.    CONCLUSION**

15        For the reasons set forth above, Defendants respectfully request that the Court
16   overrule the Hernandez Objections.

17

18   Dated:  June 1, 2012                    LINER GRODE STEIN YANKELEVITZ
                                             SUNSHINE REGENSTREIF & TAYLOR
19                                           LLP

20                                           GARRELL LAW

21

22                                           By:  /s/ *Peter E. Garrell*
                                                  Peter E. Garrell
23                                                Kim Zeldin
                                                  Attorneys for Defendants
24

25

26

27

28

DEFENDANTS' RESPONSE TO MIKAYLA HERNANDEZ'S AND WALNETTA JONES' OBJECTION TO
CLASS ACTION SETTLEMENT
0038613/051/ 56151v04