1  Kim Zeldin, Esq. (SBN: 135780)
       kzeldin@linerlaw.com
2  LINER GRODE STEIN YANKELEVITZ
   SUNSHINE REGENSTREIF & TAYLOR LLP
3  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
4  Telephone:  (310) 500-3500
   Facsimile: (310) 500-3501

5
   Peter E. Garrell, Esq. (SBN: 155177)
6      pgarrell@garrelllaw.com
   GARRELL LAW
7  1875 Tandem Way
   Norco, California 92860
8  Telephone: (714) 451-4148
   Facsimile: (714) 451-4148

9
   Attorneys for Defendants
10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13

14  TRACY DAWN TRAUTH, CHRISTEEN )   Case No. EDCV09-1316 VAP (DTBx)
    RIVERA, JENNIFER BLAIR,                     )
15  VICTORIA OMLOR, JASMINE             )   **DECLARATION OF PETER E.**
    WRIGHT, ANICIA VINTIMILLA,         )   **GARRELL IN SUPPORT OF**
16  MARSHA ELLINGTON, SELENA          )   **DEFENDANTS' RESPONSE TO**
    DENISE PELAEZ, NICOLE GARCIA,    )   **MIKAYLA HERNANDEZ'S AND**
17  REAH NAVARRO, TAMI SANCHEZ,    )   **WALNETTA JONES'**
    individually and on behalf of all others   )   **OBJECTION TO CLASS ACTION**
18  similarly situated,                             )   **SETTLEMENT**
                                                           )
19                              Plaintiffs,        )   [Hon. Virginia A. Phillips]
                                                           )
20            vs.                                        )   Date:            June 18, 2012
                                                           )   Time:            2:00 p.m.
21  SPEARMINT RHINO COMPANIES    )   Courtroom:    2
    WORLDWIDE, INC.; SPEARMINT       )
22  RHINO CONSULTING WORLDWIDE, )   Date Action Filed: July 13, 2009
    INC.; THE OXNARD HOSPITALITY     )
23  SERVICES, LP; CITY OF INDUSTRY    )
    HOSPITALITY VENTURE, INC.;          )
24  DOWNTOWN LA CLUB VENTURE,     )
    INC.; FARMDALE HOSPITALITY         )
25  SERVICES, INC.; HIGH                       )
    EXPECTATIONS HOSPITALITY, LLC; )
26  INLAND RESTAURANT VENTURE 1,  )
    INC.; K-KEL, INC.; KENTUCKY          )
27  HOSPITALITY VENTURE, LLC, LCM, )
    LLC; MIDNIGHT SUN ENTERPRISES, )
28  INC.; OLYMPIC AVENUE VENTURE,  )
    INC.; SANTA BARBARA                     )
    HOSPITALITY SERVICES, INC.;         )

0038613/051/ 504865v03

1  SANTA MARIA RESTAURANT )
   ENTERPRISES, INC.; WPB )
2  HOSPITALITY LLC; RIALTO )
   POCKETS, INC.; and ROUGE )
3  GENTLEMEN'S CLUB, INC., )
                             )
4              Defendants. )
                             )

DECLARATION OF PETER E. GARRELL IN SUPPORT OF DEFENDANTS' RESPONSE TO MIKAYLA HERNANDEZ'S AND WALNETTA JONES' OBJECTION TO CLASS ACTION SETTLEMENT

0038613/051/ 504865v03

## DECLARATION OF PETER E. GARRELL

I, Peter E. Garrell, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court.  I am co-counsel of record for Defendants in this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      I have been in regular contact for the past year (since the Hernandez complaint was served shortly after it was filed on April 8, 2011) with counsel for Mikayla Hernandez and Walnetta Jones.  They have never requested any information from me or from my office, not even the discovery exchanged or taken in this action.

3.      This action was the first of 11 almost-identical putative class wage-and-hour actions filed against Defendants (or some of them), all alleging that exotic dancers are employees and not independent contractors.  All of the complaints include allegations that the exotic dancers at clubs doing business as Spearmint Rhino, Blue Zebra, and/or Rouge should have been compensated as employees rather than being classified as independent contractors, and accordingly, were entitled to minimum wage.  Some of the complaints include allegations that the putative class members should have been paid for meal and rest breaks and for overtime.

4.      On November 9, 2010, Plaintiffs in this action filed their Fifth Amended Complaint in this action (Doc. # 186).  The Fifth Amended Complaint includes allegations that Defendants were legally required to, but had failed to, compensate putative class members for meal and rest breaks and for overtime.  See ¶¶ 125, 127, 170, and 171.

5.      On April 8, 2011, Ms. Hernandez filed in Santa Barbara County Superior Court the last of the 11 putative class actions referenced above.  This was five months after the Settlement Agreement in this action was executed and filed with the Court, and 4 days after preliminary approval had been granted by this Court.  Ms. Hernandez's Complaint, the last to be filed, was a copycat of the other actions

referenced above. No class was certified in Ms. Hernandez's action and no discovery took place there.  Instead, the case was stayed soon after it was filed, pending the outcome of this action.

6.   Attached hereto as Exhibit 1 is a true and correct copy (with personal information redacted) of a document executed by Walnetta Jones opting out of the class settlement in this action.

7.   The settlement of this action followed the termination of the settlement of a putative class action filed in Los Angeles County Superior Court as Case No. BC 418020 by Victoria Omlor and Jasmine Wright (the "Omlor Action").  Ms. Omlor and Ms. Wright were represented by co-Class Counsel Stephen Harris and Robert Starr.  The Complaint in the Omlor Action alleged claims for compensation for meal and rest breaks and for overtime.  The settlement of the Omlor Action was reached following two mediation sessions with Eugene C. Moscovitch, Esq., formerly of ADR Services, Inc.  Attached hereto as Exhibit 2 is a true and correct copy of the Complaint in the Omlor Action.

8.   After the proposed settlement of the Omlor Action was terminated, Mr. Harris and Mr. Starr joined this action as co-counsel for the class and prosecuted the action collectively with Lead Class Counsel.  Counsel negotiated a new settlement, which provided additional financial compensation to members of the settlement class and added a component for injunctive relief.

9.   The foundation for the terms and conditions of this settlement rested upon the initial settlement negotiations in the Omlor Action.  Indeed, the Omlor Action's settlement document was used as the starting place for drafting this settlement.

10.   Attached hereto as Exhibit 3 is a true and correct copy of a Notice of Class Settlement bearing the name of Objectors' counsel, Garry Tetalman.  It can be found on the Internet at http://dmaclassaction.com/Active/JCPenney/JCPenneyGenericNotice.pdf.

11.     The Hernandez Objectors never requested any discovery, including the discovery they seek in their objection.

12.     I repeatedly invited the Hernandez Objectors' counsel to participate in the depositions regarding the class data that took place pursuant to the Second Amendment to the Settlement Agreement.  Attached hereto as Exhibit 4 are emails that I sent to Class Counsel, and counsel for all Objectors, including Messrs. Tetalman and Ludden inviting all the attorneys to attend the depositions.  However, notwithstanding being notified of each of the six (6) depositions, they neither attended any of these depositions nor contacted me to obtain copies or court reporter information in order that they could order copies directly.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of June, 2012 at Norco, California.


/s/ *Peter E. Garrell*
Peter E. Garrell